Michael Mogan (S.B.N. 304107)
4803 N. Milwaukee Ave
Suite B, Unit #244
Chicago, IL 60630
Telephone: (949) 424-5237
Facsimile: (949)630-0477
mm@michaelmogan.com
*Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

|  |  |
|---|---|
| Michael Mogan<br><br>Plaintiff<br><br>v.<br><br>State Bar Of California<br><br>Defendant | **)** Case No. 2:23−cv−00930−MWF−PD<br>**)**<br>**)** Judge: Hon. Michael W. Fitzgerald<br>**)**<br>**) FIRST AMENDED COMPLAINT FOR**<br>**) DAMAGES AND INJUNCTIVE**<br>**) RELIEF:**<br>**)** 1. Title II of The Americans with<br>**)**   Disabilities Act of 1990, as amended<br>**)** 2. Unruh Civil Rights Act ("Unruh Act"),<br>**)**   California Civil Code§ 51, et seq.<br>**)** 3. 42 U.S.C. Section 1983 And The<br>**)**   Fourteenth Amendment To The<br>**)**   United States Constitution<br>**)**<br>**)** **Demand For Jury Trial.** |

1

Plaintiff Michael Mogan brings this action against the State Bar of California ("State Bar") for violations of the Americans with Disabilities Act of 1990 as Amended ("ADA")), 42 U.S.C. § 12101, et seq., the Unruh Civil Rights Act ("Unruh Act"), California Civil Code§ 51, et seq. and 42 U.S.C. Section 1983 and the Fourteenth Amendment of the Constitution and alleges as follows:

## PARTIES

1.      Plaintiff Michael Mogan is an attorney licensed in the State Of California and adult over the age of 18 years old and resident of the state of Illinois residing in the City of Chicago in Cook County.

2.  The State Bar of California regulates the practice of law in California by establishing eligibility criteria for receiving a license to practice law in the state, evaluating applications for admission to the Bar, maintaining records of California attorneys, and in conducting disciplinary proceedings.

## JURISDICTION

3.      This is an action for injunctive relief brought pursuant to the Americans with Disabilities Act, as amended, Title II, 42 U.S.C. §§ 12101, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the complaint alleges compensatory, nominal and other damages pursuant to 42 U.S.C. § 1983, for Defendant's "deprivation of [Plaintiff's] rights, privileges, or immunities secured by the Constitution and [federal laws]."

4.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's pendent claim arising under the Unruh Civil Rights Act, Cal. Civ. Code§§ 51, et seq.

## VENUE

5.      Pursuant to 28 U.S.C. §§ 139l(b)(2) and 139l(c), venue is proper in the District in which this Complaint is filed because Defendant's conduct and discriminatory activities occurred within the Central District of California and

because a substantial part of the events and omissions giving rise to this claim have occurred and are occurring within the Central District of California by Defendant.

## BACKGROUND

6.      Plaintiff has an episodic neurological disability which is a disability recognized by the American with Disabilities Act of 1990, as amended.  Plaintiff is an individual with a disability as recognized under the ADA. 42 U.S.C. §12102. His disability substantially limits one or more major life activities, including  but not limited to sleeping, communicating, concentration, thinking, and interacting with others.

7.      Qualified individuals with disabilities such as Plaintiff, including mental health disabilities, have valuable contributions to make to the legal profession and to their communities. Such diagnosis should not hinder or prevent Plaintiff from doing so. Though bar licensing entities have the important responsibility of ensuring that all licensed attorneys are fit to practice law, licensing entities must discharge this responsibility in a manner that is consistent with Civil Rights laws.

8.      Plaintiff and Defendant are involved in a dispute primarily over whether a debt included by Plaintiff on his Chapter 11 bankruptcy petition which is still pending overrides an order from a state court judge to pay such debt under the United States Bankruptcy Code and federal law.

9.      After Plaintiff offered proof to the State Bar that the debt was the result of unlawful acts and false testimony by a California attorney misleading a state court judge, which misconduct also included submitting false documents to the state court by such attorney and further attempts to conceal such unlawful conduct over a number of years, a State Bar investigator informed Plaintiff the California State Bar generally does not seek discipline against attorneys who are victims of fraud by other attorneys. Despite this before Plaintiff filed a bankruptcy petition he stated he would begin to make installments on such debt as he was able

to and began to however Plaintiff's health took a turn for the worst in April 2022 and Plaintiff was rushed to the emergency room which events Plaintiff informed State Bar employees about. Later in 2022 the State Bar changed its mind and began threatening Plaintiff with disciplinary action based on such outstanding debt even though the judgment was procured by fraud and despite the fact Bankruptcy proceedings were still pending.

10.   Plaintiff subsequently made a request in writing and orally for reasonable accommodations from the State Bar ADA Coordinator in part so that Defendant provide Plaintiff with a 180-day extension to investigate the possible nature of the charges identified in State Bar correspondence to enable Plaintiff to spend necessary time to work with outside counsel or prepare to proceed pro se in any disciplinary proceeding in an effort to resolve any dispute and such request was denied and the State Bar refused to discuss the matter any further as part of the interactive process required under the ADA Title II requests for reasonable accommodations.

11.   In November 2022 Plaintiff forwarded written correspondence to Defendant's ADA Coordinator Justice Israel, which correspondence was previously sent to Defendant's trial counsel Andres Rico which he failed to respond to, so Justice Israel could review such documentation and Plaintiff requested as a reasonable accommodation under the ADA during his conversation with Justice Israel that he as the ADA coordinator look into the unlawful conduct in multiple attorneys misleading a California Judge and Justice Israel refused to respond to such requests just as Andres Rico did.

12.   When Justice Israel spoke with Plaintiff on or about November 18, 2022 , Mr. Israel informed Plaintiff in part the State Bar does not inquire into the exact disability licensed attorneys have been diagnosed with when attorneys make ADA requests for reasonable accommodations from the State Bar. Justice Israel claimed to Plaintiff towards the end of the conversation that Plaintiff would be

4

unlikely to prove he had any present mental impairment despite the fact Plaintiff had stated he was disabled and was under medical care for such disability.

13. Justice Israel subsequently sent Plaintiff a letter claiming Plaintiff stated he had not been diagnosed with a disability but Plaintiff immediately responded and said that was not true and offered to obtain confirmation of such diagnosis from his doctor if needed. Justice Israel did not respond or otherwise engage in any further interactive process discussing any of Plaintiff's requests for reasonable accommodations but instead demanded Plaintiff elect to enter an Early Neutral Evaluation conference within ten days or face disciplinary charges.

14. When Justice Israel sent Plaintiff such email correspondence Justice Israel copied multiple State Bar employees who on information and belief did not work in the State Bar's ADA Coordinator's office thus Plaintiff's private medical history was disclosed to other employees outside the State Bar ADA coordinator's office without Plaintiff's consent.

15. Plaintiff later made multiple requests for reasonable accommodations from the State Bar to continue the ENEC conference out of concern for his health and inability to prepare for such conference without disrupting his health and present medical treatment which requests for reasonable accommodations were denied. Plaintiff stated in part that requiring him to respond earlier on short notice and prepare any brief and attend such conference remotely would disrupt his work schedule, sleep patterns and create an undue hardship on Plaintiff and his health. Plaintiff further stated forcing him to comply with such demand pro se on such a short time frame would also further cause Plaintiff to experience tense and anxiety-provoking and severe adverse reactions to his health based on his disability and the Defendant's refusal to continue the conference beyond early February 2023 resulted in further injuries to Plaintiff including severe head trauma.

16. Plaintiff also made a request for reasonable accommodation to have Defendant investigate unlawful conduct by multiple attorneys in misleading a

California judge with filing false documents including affidavits that included false testimony  and Defendant refused to investigate such matter despite Plaintiff's repeated requests over the telephone and via email to a State Bar investigator and State Bar trial counsel Andres Rico.

17.    Plaintiff later requested State Bar trial counsel Andres Rico postpone the ENEC for at least 90 days so Plaintiff could continue to receive treatment for his disability and further recover from his injuries and Andres Rico unlawfully requested Plaintiff's private medical information via a letter from Plaintiff's doctor during a telephone conference with Plaintiff.  When Andres Rico was later provided a letter from Plaintiff's doctor from the State Bar Court without Plaintiff's consent that confirmed Plaintiff's diagnosis of his disability and the critical health risks Plaintiff was presently facing, Andres Rico stated the letter changed nothing and then requested Plaintiff's medical records. Andres RICO also stated in part there was no need for any continuance because there was no cure for Plaintiff's disability.

18.    The State Bar website states in part that their mission is to protect the public. Although Plaintiff is an attorney he is also a member of the public. On information and belief, the State Bar does not inquire whether any requests for reasonable accommodations are needed to assist with the online complaint process for complaints made against attorneys on their website.

19.    Plaintiff filed an online complaint on the State Bar's website against a California attorney from a large national law firm who threatened Plaintiff with disbarment during a phone call with an arbitrator in violation of the California Rules of Professional conduct. Despite the fact Plaintiff is disabled when he was threatened, no state bar employee contacted Plaintiff about such complaint to discuss and investigate the matter and the complaint was quickly closed. On information and belief, no state bar employee contacted the arbitrator to investigate

Plaintiff's complaint although Defendant knows Plaintiff was disabled and was unlawfully threatened in violation of Federal and state laws.

20.     Plaintiff filed an online complaint on the State Bar's website against attorneys at a law firm who served Plaintiff with but did not file a frivolous fee motion in an attempt to vex and harass Plaintiff. The attorneys even went so far as asking a California judge to impose such fees upon Plaintiff although the motion was never filed for the Judge to review and the Judge quickly disposed of the matter and denied such fee request. Despite the fact Plaintiff is disabled, no state bar employee contacted Plaintiff about such complaint to discuss and investigate the matter and the complaint was quickly closed.

21.     Plaintiff filed an online complaint on the State Bar's website against attorneys involved in filing a frivolous request seeking injunctive relief against Plaintiff to vex and harass Plaintiff which request for injunctive relief was quickly denied by the Judge.  Despite the fact Plaintiff is disabled, no state bar employee contacted Plaintiff about such complaint to discuss and investigate the matter and this complaint was also quickly closed.

## ANTI-DISCRIMINATION LAWS

22. Qualifying individuals with disabilities are protected from disability Discrimination by the ADA. In enacting the ADA, Congress found that "[i]ndividuals with disabilities continually encounter various forms of discrimination, including…including outright intentional exclusion, the discriminatory effects of…..communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 U.S.C. § 12101(a)(5) (2008).

23.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of disability, be excluded from participation in or be

denied the benefits of services, programs, or activities of a public entity or be subjected to discrimination by such entity." 42 U.S.C. § 12132 (1990).

24.  Regulations implementing Title II of the ADA provide: "[a] public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d) (2010) Further, "[t]he most integrated setting appropriate to the needs of a qualified individual with a disability means a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible." 28 C.F.R. pt. 35, App. A, (2010).

25.   Regulations implementing Title II of the ADA provide: "A public entity may not, directly or through contractual or other arrangements, utilize criteria or other methods of administration: (i) that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; [or] (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the entity's program with respect to individuals with disabilities…" 28 C.F.R. § 35.130(b)(3) (2010); 28 C.F.R. § 41.51(b)(3)(I) (1982); 45 C.F.R. § 84.4(b)(4) (2005).

26. ADA regulations further provide: "[a] public entity shall not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered." 28 C.F.R. § 35.130(b)(8) (2010).

27. As set forth in federal regulations: "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R.

§ 35.130(b)(7) (2010).

28.      Unlike Title I, entities covered by Title II are not broadly authorized to require medical information.

29.      A public entity may not make unnecessary inquiries into the existence of a disability. Title II Technical Assistance Manual: II-3.5300. Defendant made unnecessary inquiries into the existence of Plaintiff's disability.

30.      Defendant was entitled to disability info for Plaintiff's accommodation issues, but Defendant only needed to know the required accommodation, not the diagnosis.

31.      Confidentiality under ADA Title II and the Fourteenth Amendment of the United States Constitution's applies to all medical information, including information related to reasonable accommodation requests. Information obtained by Defendant regarding Plaintiff's medical condition  or history must be collected and maintained in separate medical files and treated as a confidential medical record and the ADA limits internal access to this information to those with a legitimate need to know.

32.      The identity of the applicant in all oral or written communications, including all files and documents submitted by an applicant as part of the request for accommodation process, must remain confidential unless voluntarily disclosed by the applicant or otherwise required by law.

33.      A public entity must reasonably modify its policies, practices, or procedures if needed to make the public entity's programs, services, or activities accessible for a person with a disability.

34.      Despite such requirements, Plaintiff's confidential medical information was shared by the State Bar's ADA coordinator office with other State Bar employees who did not have a legitimate need to know such confidential medical information and Plaintiff suffered shame, embarrassment, physical and

9

mental anguish and depression because of the unlawful sharing of his confidential medical information.

35.     Plaintiff requested a reasonable accommodation in writing for a stay of proceedings in large part so Plaintiff may focus on his health and the State Bar Court would not consider such request unless it was made on a state approved form despite the fact the ADA allows informal written requests for reasonable accommodations. Such request was later summarily denied without explanation and no interactive process occurred.

36.     After the State Bar Court would not respond to Plaintiff's request for reasonable accommodations Plaintiff feared for his health, safety and well being and Plaintiff shared a private medical record with State Bar Court to confirm his diagnosis and grave health risks Plaintiff was facing daily and the State Bar Court shared such document with State Bar trial counsel without Plaintiff's consent. It was not required that the State Bar trial counsel be informed of Plaintiff's specific medical condition or limitations in order for the State Bar Court to provide Plaintiff with any of his requests for reasonable accommodations.

37.     The State Bar Court also allows email filings of all pleadings, motions and related filings. As with many state and Federal courts, electronic files submitted must not exceed file limits to facilitate successful electronic submission of such documents however the State Bar Court mandates that every pleading and motion be included in one single electronic file if submitted electronically no matter the the size of the electronic file.

38.     Plaintiff sent a lengthy filing to the State Bar Court and spent a significant amount of time splitting the filing amongst multiple PDF files so it could be successfully electronically transmitted to the State Bar Court and on information and belief such filing was successfully submitted to the State Bar Court. The State Bar Court subsequently rejected such filing because it was not all in one PDF which was impossible due to size limits of such files. Plaintiff

requested as a reasonable accommodation orally from a State Bar Court employee orally and in writing that the State Bar accept such filing as is or that Plaintiff be able to submit the file electronically via an alternative method to avoid the inordinate time and expense from Plaintiff having to print and mail such documents and the State Bar Court declined this request as well.

## FIRST CAUSE OF ACTION
## Claim for Violation of Title II of the Americans with Disabilities Act
### (Against The State Bar Of California)

39.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 though 38 as though fully set forth herein.

40.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

41.     According to the regulations promulgated under Title II, "a public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, discriminate against individuals with disabilities." 28 C.F.R. § 35.130(b)(1).

42.     The State Bar of California is a public entity and the establishes eligibility criteria for receiving a license to practice law in the state, evaluating applications for admission to the Bar, maintaining records of California attorneys, and conducting disciplinary proceedings which are programs and activities of a public entity for purposes of the statute.

43.      The regulations provide further that a public entity "shall take appropriate steps to ensure that communications" with persons with disabilities "are as effective as communications with others." 28 C.F.R. § 35.160(a).

44.     Where necessary, a public entity such as the State Bar "shall furnish appropriate auxiliary aids and services... to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or

activity conducted by a public entity." 28 C.F.R. § 35.160(b)(l).  In doing so, the regulations compel a public entity to "give primary consideration to the requests of the individual with disabilities." 28 24 C.F.R. § 35.160(b)(2).

45.     The State Bar discriminated against Plaintiff as an individual with a disability by: (1) making discriminatory inquiries regarding his mental health diagnoses and treatment; (2) subjecting Plaintiff to burdensome supplemental investigations triggered by his mental health status or treatment as revealed during investigative processes; (3) making discriminatory insults to Plaintiff questioning his diagnosis based on stereotypes of persons with neurological disabilities; (4) by imposing additional financial burdens on Plaintiff as an individual with a disability; (5) failing to provide adequate confidentiality protections during the process of addressing Plaintiff's ADA requests for reasonable accommodations; and (6) implementing burdensome, intrusive, and unnecessary conditions on Plaintiff improperly based on his mental health diagnoses and treatment.

46.     Defendant's conduct constitutes ongoing and continuous violations of the ADA and its supporting regulations. Unless restrained from doing so, Defendant will continue to violate the ADA. Unless enjoined, Defendant's conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

47.     Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1)-(2).

48.     Due to his past neurological episodic events and Defendant's perception that Plaintiff suffered from a neurological disorder, Defendant was also put on notice that Plaintiff was a perceived "qualified individual with a disability" as defined in 42 U.S.C. § 12132 before Defendant was later put on actual notice when Plaintiff was coerced by Defendant to unlawfully disclose Plaintiff's

confidential medical information when Plaintiff's doctor confirmed he had a disability.

49.     The ADA and its implementing regulations require that no qualified individual be subjected to discrimination by any public entity. 29 C.F.R. § 1630.2(h).

50.     Defendant intentionally discriminated against Plaintiff by using his history of episodic neurological events as well as a perceived mental health impairment, as grounds to deny and then severely and unnecessarily restrict Plaintiff's rights and his liberty interest in pursuing her career free from discrimination.

51.     By maintaining and implementing State Bar services that authorize discrimination against persons with any mental health condition, Defendant intentionally discriminated against Plaintiff.

52.     Defendant at all times knew or should have known Plaintiff was an individual with a disability who needed reasonable modifications.

53.     Through the acts and omissions described above, Defendant is violating the ADA, 42 U.S.C. § 12132, and its implementing regulations, 28 C.F.R. Pt. 35, including by:

a. Failing to make reasonable modifications to policies, practices, and procedures to avoid discrimination by the State Bar against Plaintiff;

b. Utilizing methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of Defendant's programs with respect to Plaintiff, including using inadequate investigative services to review bar complaints to enforce ethical rules involving unlawful conduct;

c. Denying Plaintiff the opportunity to participate in and benefit from service and protections of The State Bar that are equal and afforded to other members of the public.

d. Failing to take appropriate steps to ensure that communications with persons with disabilities such as Plaintiff are as effective as communications with others.

54. Defendant has demonstrated a deliberate indifference that harm to Plaintiff's federally protected rights under the ADA was substantially likely, and Defendant failed to act upon that likelihood.

55. Defendant has failed to provide services in the most integrated setting appropriate to meet the needs of Plaintiff as a qualified individual with a disability in violation of federal and state law.

56. The needs of qualified individuals with disabilities such as Plaintiff can be reasonably accommodated by Defendant in a number of ways such as: communicating over the telephone with Plaintiff when he makes a complaint to the State Bar about licensed attorneys engaged in unlawful conduct; forwarding any complaints that involve illegal conduct to law enforcement and/or others who are trained to deal with unlawful acts against disabled individuals such as Plaintiff.

57. Defendant had the option to administer State Bar services so as not to create a bias towards Plaintiff. Instead, Defendant has chosen to administer State Bar services in such a way as to discriminate against qualified individuals with disabilities such as Plaintiff, and to place him at risk with life threatening consequences.

52. The acts and omissions of Defendant has caused and will continue to cause Plaintiff to suffer irreparable harm, and he has no adequate remedy at law.

53. The actions and conduct of Defendant are the direct and proximate cause of injuries to Plaintiff. This injury includes, but is not limited to, lost income and impaired employment prospects.

54. Under the ADA, Plaintiff is entitled to attorneys' fees and costs as appropriate and permitted by law, pursuant to 42 U.S.C. § 12205.

55.  As relief, Plaintiff seeks a declaratory judgment that Defendant's actions violated Plaintiff's rights under the Americans with Disabilities Act, compensatory damages in an amount of at least $50,000, reasonable attorneys' fees pursuant to 42 U.S.C. § 12132 and 29 U.S.C. § 794a(b), and any other relief including, but not limited to lost income resulting from Defendants' actions causing impaired employment prospects, and an award of costs as the Court deems appropriate.

56.     The State Bar is a government entity subject to Title II of the ADA. 42 USC §§ 12131(1)(A) and (B) (1990).

57.     Defendant is obligated under the ADA to administer its programs in a manner that enables qualified individuals with disabilities such as Plaintiff  to live in the most integrated setting appropriate to their needs. Defendant's denial and reduction of adequate and necessary services, and failure to provide Plaintiff as a qualified individual with a disability, has denied him the services he needs to remain safe in his community.

58.     Defendant has discriminated against Plaintiff as a qualified individual with disability in a way that includes arbitrarily investigating ethics complaints, thus denying Plaintiff the services of the State Bar that would otherwise be available for non-disabled individuals.

59.     Defendant has discriminated against qualified individuals with disabilities such as Plaintiff by failing to provide reasonable modifications to programs and services in ways that include: failing  enable Plaintiff to receive adequate and necessary services offered non-disabled individuals; and failing to create and implement an exception process at a level adequate to meet Plaintiff's needs; and failing to postpone the ENEC and other further demands upon Plaintiff by Defendant.

60.     By denying Plaintiff adequate and necessary State Bar services commensurate with Plaintiff's actual needs, as opposed to arbitrary service limitations, Defendant has imposed eligibility requirements which unlawfully

15

screen Plaintiff out from fully and equally enjoying State Bar services, and from receiving adequate protections offered non-disabled individuals.

61.    Defendant has utilized criteria and methods of administration that subjected Plaintiff as a disabled individual to discrimination on the basis of his disability, including risk of unnecessary harm and life threatening consequences.

62.    Unless the requested relief is granted, Plaintiff will suffer irreparable harm and life threatening consequences in that he will be discriminated against and denied equal access to the services of the California Bar, and be unlawfully burdened in seeking continued licensure as an attorney in the state of California.

63.    The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities. 42 U.S.C. § 1 2 1 88(a)(l ).

64.    Plaintiff is entitled to injunctive relief, as well as reasonable attorney's fees and costs.

65.    Defendant's actions are in violation of Title II of the ADA. Pursuant to 42 U.S.C. § 12133 (1990), Plaintiff is entitled to injunctive relief, as well as reasonable attorneys' fees and costs incurred in bringing this action.

## SECOND CAUSE OF ACTION
## Claim for Violation of California Civil Code § 51
(Against The State Bar Of California)

66.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 though 65 as though fully set forth herein.

67.    The Unruh Civil Rights Act, California Civil Code §§ 51, et seq., guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges and services of all business establishments of any kind whatsoever.

68.    Plaintiff is disabled and has a neurological disability and is recognized as a person with a disability under California Government Code § 12926 and California Civil Code §51.

16

69.     The State Bar is a business establishment as that term is used in California Civil Code § 51(b), and the eligibility criteria for receiving a license to practice law in the state, evaluating applications for admission to the Bar, maintaining records of California attorneys, and conducting disciplinary proceedings and investigations and investigating ethics complaints is an accommodation, advantage, facility, privilege, and service offered by Defendant in California.

70.     Defendant's conduct alleged herein violates the Unruh Act, including California Civil Code § 51(b), by denying Plaintiff full and equal access to Defendant's accommodations, advantages, facilities, privileges, and/or services in California.

71.     Defendant violated the Unruh Act intentionally and/or with deliberate indifference to the likelihood that Defendant was violating the rights of a disabled people and/or Defendants violations are so intuitive or obvious that noncompliance could not be other than intentional.

72.     In addition, a violation of the right of any individual under the ADA also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). Defendant has violated the Unruh Act through their violation of the ADA.

73.     As a result of Defendants' violation of the Unruh Act, Plaintiff is entitled to injunctive relief, declaratory relief, and to attorneys' fees and costs. Cal. Civ. Code § 52(a).

### THIRD CAUSE OF ACTION
### Civil Rights Act Confidentiality and Constitutional Right To Privacy Claim Under  42 U.S.C. § 1983 And The Fourteenth Amendment To The United States Constitution
(Against The State Bar Of California)

74.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 though 73  as though fully set forth herein.

75.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.

76.   Section 1983 allows Defendant to be found liable when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. §1983.

77.   There exists in the United States Constitution a right to privacy protecting 'the individual interest in avoiding disclosure of personal matters yet Defendant required Plaintiff to disclose personal matters about his disability and his medical history and nature of his exact disability.

78.   Plaintiff's civil rights were violated by Defendant under §1983 and the Fourteenth Amendment to the United States Constitution, as the disclosure was not voluntary. Such disclosure of Plaintiff's disability and medical history to Defendant was in response to Defendant's unlawful medical inquiries.

79.   Defendant committed a confidentiality violation under §1983 as Plaintiff's Fourteenth Amendment right to privacy in health information entitled him to confidentiality with regard to his disability and such right to privacy was violated.

80.   There are few matters that are quite so personal as the status of one's health, and few matters the dissemination of which one would prefer to maintain greater control over. Stigmatization and discrimination exist for individuals such as Plaintiff with such a neurological disability.

81.   Defendant's coerced public disclosure of his disability exposed him to discrimination, hostility, and intolerance by Defendant. Plaintiff suffered shame, embarrassment, physical harm and depression because of unlawful sharing of his confidential medical information and nature of his disability.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court order the following relief and remedies on behalf of himself and all others similarly situated:

A. Assume jurisdiction over this action and maintain continuing jurisdiction until Defendants are in full compliance with every order of this Court;

B. Declare that Defendants' imposition of arbitrary policies and procedures which deny qualified individuals with disabilities such as Plaintiff sufficient services to meet his undisputed medical needs, and Defendant's policies, practices, acts and omissions as set forth above violate the Americans with Disabilities Act ("ADA") and implementing regulations.

C. Grant a permanent injunction enjoining Defendant, their officers, agents, employees, attorneys, successors, and all persons who are in active concert or participation with them from discriminating against qualified individuals with disabilities such as Plaintiff including placing him at risk by:

i. Failing to offer reasonable modifications to their programs and policies to enable Plaintiff  to fully and equally enjoying State Bar services;

ii. Imposing eligibility requirements which unlawfully  prevent disabled individuals such as Plaintiff from fully and equally enjoying State Bar services;

iii. Utilizing criteria and methods of administration that subjects Plaintiff to discrimination;

D. Issue an order requiring Defendant to:

i.  Enable Plaintiff to receive medically necessary State Bar services commensurate with his needs;

ii. Amend their policies and procedures consistent with the injunction above, and to require the State Bar provide disabled individuals such as Plaintiff with his assessed needs,

E. Retain jurisdiction over the Defendant until such time as the Court is

satisfied that Defendant's unlawful policies, practices, and acts complained of herein cannot recur.

F. Award Plaintiff the costs of this action and reasonable attorneys' fees pursuant to 20 U.S.C. § 794a (2014); 42 U.S.C. §§ 12133 (1990), 12205 (1990); California Code of Civil Procedure section 1021.5 (1993); and as otherwise may be allowed by law.

G. Compensatory damages for Plaintiff's out-of-pocket losses including *but* not limited to impairment of his reputation, personal humiliation; lost and diminished earnings; and financial, psychological, and physical injuries caused by Defendant's wrongful conduct.

H. Nominal damages;

I. Grant such other relief as the Court deems to be just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial om such issues triable.

Respectfully Submitted

Dated: March 7, 2023

By: *Michael Mogan*

Michael Mogan

Plaintiff

## CERTIFICATE OF SERVICE

I am over 18 years old. My business address is 4803 N. Milwaukee Ave., Suite B, Unit #244, Chicago, IL 60630. I hereby certify that on March 7, 2023 I have caused the foregoing:

## First Amended Complaint

to be filed and served upon counsel of record through the Court's electronic service system (ECF/CM) [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system and Plaintiff served the following person(s):

Brady R. Dewar
Assistant General Counsel
Office of General Counsel
The State Bar of California
180 Howard Street
San Francisco, CA 94105
brady.dewar@calbar.ca.gov

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March 7, 2023

/s/ Michael Mogan
Michael Mogan
Plaintiff
