ELLIN DAVTYAN (238608)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
BRADY R. DEWAR (252776)
Assistant General Counsel
Email: brady.dewar@calbar.ca.gov
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2309; Fax: (415) 538-2321

Attorneys for Defendant State Bar of California

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOGAN,<br><br>     Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA,<br><br>     Defendant. | Case No. 2:23–cv–00930–MWF–PD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATE BAR OF CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; DECLARATION OF BRADY R. DEWAR IN SUPPORT THEREOF**<br><br>DATE: May 8, 2022<br>TIME: 10:00 a.m.<br>ROOM: Courtroom 5A<br>JUDGE: Hon. Michael W. Fitzgerald |

**TO PLAINTIFF IN PRO PER AND ALL PARTIES:**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Evidence 201, defendant State Bar of California ("State Bar") hereby requests that this Court take judicial notice of the following documents in connection with the State Bar's Motion to Dismiss Plaintiff Michael Mogan's First Amended Complaint:

1. A Notice of Disciplinary Charges against Plaintiff Michael Mogan, filed in the State Bar Court of California ("State Bar Court") Hearing Department on February 6, 2023 in Case No. SBC-23-O-30096, a true and correct copy of which is attached hereto as <u>Exhibit 1</u>.

2. A printout of the online docket, as of March 29, 2023, of State Bar Court Case No. SBC-23-O-30096, indicating the case's current status is "Hearing - Open – Pretrial, a true and correct copy of which is attached hereto as <u>Exhibit 2</u>.

Rule 201 of the Federal Rules of Evidence authorizes a court to take judicial notice of a fact that is not subject to reasonable dispute because the fact "is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A trial court may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999).

Specifically, court records are proper subjects of judicial notice, *see United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018), including "[m]aterials from a proceeding in another tribunal," *Biggs v. Terhune*, 334 F.3d 910, 916 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). Indeed, courts may take judicial notice of information "made publicly available by government entities," including on their websites. *Daniels-Hall v. Natl. Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Because all of the materials listed above and attached hereto are court records and records of a public agency made publicly available via its website

(through the "Search for a Case" function at https://www.statebarcourt.ca.gov/), they are all proper subjects of judicial notice. The State Bar seek judicial notice of the fact that these documents and the State Bar Court proceedings they are a part of exist, not for the truth of other facts alleged in the documents.

The documents are relevant to this case and to the pending motion because they indicate that public disciplinary proceedings against Plaintiff Michael Mogan were initiated in the State Bar Court on February 6, 2023, and remain ongoing.

Judicial notice of all of the aforementioned records is therefore appropriate.

Dated: March 29, 2023

Respectfully submitted,

ELLIN DAVTYAN
General Counsel
ROBERT G. RETANA
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By: /s/ *Brady R. Dewar*
   Brady R. Dewar
   Assistant General Counsel

Attorneys for Defendant State Bar of California

## **DECLARATION OF BRADY R. DEWAR**

1. I am employed by the State Bar of California ("State Bar") in the Office of General Counsel as an Assistant General Counsel and am the attorney of record for the State Bar. I make this declaration in support of the State Bar's Request for Judicial Notice in Support of its Motion to Dismiss Plaintiff Michael Mogan's First Amended Complaint.

2. All statements made herein are based on my personal knowledge. If called to testify regarding the contents of those statements made herein, I could and would completely testify.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Notice of Disciplinary Charges against Plaintiff Michael Mogan, filed in the State Bar Court of California ("State Bar Court") Hearing Department on February 6, 2023 in Case No. SBC-23-O-30096. The Notice of Disciplinary Charges is also available through the "Search for a Case" function at https://www.statebarcourt.ca.gov/.

4. Attached hereto as Exhibit 2 is a true and correct copy of the online docket in State Bar Court Case No. SBC-23-O-30096, as it appeared on March 29, 2023. The online docket is also available through the "Search for a Case" function at https://www.statebarcourt.ca.gov/.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 29th day of March, 2023, in Oakland, California.

By: /s/ *BRADY R. DEWAR*
　　　BRADY R. DEWAR

# EXHIBIT 1

Exhibit 1
Page 4

Public Matter

FILED
2/6/2023

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

1  STATE BAR OF CALIFORNIA
   OFFICE OF CHIEF TRIAL COUNSEL
2  GEORGE S. CARDONA, No. 135439
   CHIEF TRIAL COUNSEL
3  CHRISTOPHER G. JAGARD, No. 191147
   DEPUTY CHIEF TRIAL COUNSEL
4  KEVIN TAYLOR, No. 151715
   ASSISTANT CHIEF TRIAL COUNSEL
5  CINDY CHAN, No. 247495
   SUPERVISING ATTORNEY
6  ANDRES RICO, No. 240457
   TRIAL COUNSEL
7  andres.rico@calbar.ca.gov
   180 Howard Street
8  San Francisco, California 94105-1639
   Telephone: (415) 538-2385

9

10                           THE STATE BAR COURT

11                       HEARING DEPARTMENT - LOS ANGELES

12

13  In the Matter of:                    )  Case No. SBC-23-O-30096
                                         )
14  MICHAEL MOGAN,                       )  NOTICE OF DISCIPLINARY CHARGES
    State Bar No. 304107,                )
15                                       )  (OCTC Case No. 19-O-23229)
                                         )
16  An Attorney of the State Bar.        )

17                      **NOTICE - FAILURE TO RESPOND!**

18      IF YOU FAIL TO FILE A WRITTEN ANSWER TO THIS NOTICE
        WITHIN 20 DAYS AFTER SERVICE, OR IF YOU FAIL TO APPEAR AT
19      THE STATE BAR COURT TRIAL:

20      (1)  YOUR DEFAULT WILL BE ENTERED;
        (2)  YOUR STATUS WILL BE CHANGED TO INACTIVE AND YOU
21           WILL NOT BE PERMITTED TO PRACTICE LAW;
        (3)  YOU WILL NOT BE PERMITTED TO PARTICIPATE FURTHER IN
22           THESE PROCEEDINGS UNLESS YOU MAKE A TIMELY MOTION
             AND THE DEFAULT IS SET ASIDE, AND;
23      (4)  YOU SHALL BE SUBJECT TO ADDITIONAL DISCIPLINE.
             SPECIFICALLY, IF YOU FAIL TO TIMELY MOVE TO SET ASIDE
24           OR VACATE YOUR DEFAULT, THIS COURT WILL ENTER AN
             ORDER RECOMMENDING YOUR DISBARMENT AND MAY
25           RECOMMEND THE IMPOSITION OF MONETARY SANCTIONS
             WITHOUT FURTHER HEARING OR PROCEEDING. (SEE RULES
26           PROC. OF STATE BAR, RULES 5.80 ET SEQ. & 5.137.)

27      The State Bar of California alleges:

28

Exhibit 1 Page 5     -1-

# JURISDICTION

1. Michael Mogan ("respondent") was admitted to the practice of law in the State of California on June 6, 2015. Respondent was a licensed attorney at all times pertinent to these charges, and is currently a licensed attorney of the State Bar of California.

## COUNT ONE

Case No. 19-O-23229
Business and Professions Code section 6103
[Failure to Obey a Court Order]

2. Respondent disobeyed or violated an order of the court requiring respondent to do or forbear an act connected with or in the course of respondent's profession, which respondent knew was final and binding and which respondent ought in good faith to do or forbear, by failing to pay monetary sanctions in the amount of $22,159.50 to opposing counsel as ordered by the court in the case entitled *Veronica Mccluskey vs. Jeff Henry, Dave Willner and Sanaz Ebrahini*, Case No. CGC-18-567741 in its September 11, 2019 Order in willful violation of Business and Professions Code section 6103.

## COUNT TWO

Case No. 19-O-23229
Business and Professions Code section 6068(c)
[Maintaining an Unjust Action]

3. Respondent represented the plaintiff, Veronica McCluskey, in the matter of *McCluskey v. Jeff Henry, Dave Willner and Sanaz Ebrahimi*, filed in San Francisco County Superior Court, case no. CGC-18-567741. In the first amended complaint, filed on August 27, 2018, Ms. McCluskey sought damages for the disabling of her Superhost profile with Airbnb, Inc. premised upon one cause of action for intentional infliction of emotional distress.

4. On November 7, 2018 the trial court compelled the matter to arbitration and stayed litigation, finding that defendants were, at all relevant times, acting exclusively within the course and scope of their employment with Airbnb.

5. In February, 2019, Ms. McCluskey filed a claim for arbitration with the American Arbitration Association (AAA) and AAA set initial deadlines for each party to pay filing fees. Ms. McClusky paid her fee and AAA acknowledged receipt. Airbnb sent defendants' fee by wire

Exhibit 1 Page 6   -2-

1  transfer but due to a clerical error, defendants' payment was not processed by AAA, and in April
2  2019, AAA informed counsel for the parties that it had administratively closed the arbitration
3  matter.

4        6.      On or about May 1, 2019, AAA emailed counsel for all parties, including
5  respondent, informing them that defendants' payment had been received and requested
6  confirmation from all parties that the arbitration matter be reopened.  Respondent received this
7  email but did not provide a response thereto.  After receiving no response from respondent, on
8  May 9, 2019, AAA sent another email to respondent requesting confirmation by May 16, 2019
9  whether he would like the matter reopened. Respondent received this email but did not provide a
10 response thereto.

11       7.      Instead of responding to AAA's email to reopen on the arbitration matter, on or
12 about May 10, 2019, respondent filed a motion to lift the stay in the civil proceeding, asssering
13 that defendants had failed to pay the filing fee for arbitration resulting in the closing of the
14 arbitration matter and that they were in default and in breach of the arbitration agreement.
15 Respondent was aware or should have been aware that defendants had in fact paid the filing fee
16 and that there was no basis for lifting the stay in the civil proceeding.

17       8.      The defendants opposed respondent's motion and on or about August 8, 2019, the
18 court denied the motion to lift stay indicating that, "contrary to Plaintiff's contention, Defendants
19 are not in 'default' in the arbitration proceedings," and the court "will not allow Plaintiff to take
20 advantage of the AAA's clerical error and her own lengthy delays in order to evade her
21 contractual obligation to arbitrate her claims, if she wishes to pursue them."

22       9.      The defendants thereafter moved for sanctions, seeking the attorney fees it
23 incurred in responding to respondent's motion to lift stay.  On September 11, 2019, the court
24 issued an order grainting the defendants' motion and ordered respondent to pay $22,159.50 in
25 monetary sanctions to defendants.  In its order, the court found the respondent's motion to be
26 both factually and legally frivolous.
27 ///
28 ///

Exhibit 1 Page 7   -3-

10. Respondent appealed the sanctions order and on November 11, 2020, the Court of Appeal affirmed the sanctions order and indicated that close to all of respondent's 19 arguments in the appeal were equally frivolous.

11. By filing a frivolous motion to lift stay in the above-referenced proceeding and therafter appealing the trial court's denial of said motion on equally frivolous grounds, respondent failed to counsel or maintain such action, proceedings, or defenses only as they appear to be legal or just in willful violation of Business and Professions Code section 6068(c).

### NOTICE – INACTIVE ENROLLMENT!

**YOU ARE HEREBY FURTHER NOTIFIED THAT IF THE STATE BAR COURT FINDS, PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6007©, THAT YOUR CONDUCT POSES A SUBSTANTIAL THREAT OF HARM TO THE INTERESTS OF YOUR CLIENTS OR TO THE PUBLIC, YOU MAY BE INVOLUNTARILY ENROLLED AS AN INACTIVE ATTORNEY OF THE STATE BAR.  YOUR INACTIVE ENROLLMENT WOULD BE IN ADDITION TO ANY DISCIPLINE RECOMMENDED BY THE COURT.**

### NOTICE – COST ASSESSMENT!

**IN THE EVENT THESE PROCEDURES RESULT IN PUBLIC DISCIPLINE, YOU MAY BE SUBJECT TO THE PAYMENT OF COSTS INCURRED BY THE STATE BAR IN THE INVESTIGATION, HEARING AND REVIEW OF THIS MATTER PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6086.10.**

### NOTICE – MONETARY SANCTION!

**IN THE EVENT THIS MATTER RESULTS IN ACTUAL SUSPENSION, DISBARMENT, OR RESIGNATION WITH CHARGES PENDING, YOU MAY BE SUBJECT TO THE PAYMENT OF A MONETARY SANCTION NOT TO EXCEED $5,000 FOR EACH VIOLATION, TO A MAXIMUM OF $50,000 PER DISCIPLINARY ORDER, PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6086.13. SEE RULE 5.137, RULES OF PROCEDURE OF THE STATE BAR OF CALIFORNIA.**

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL

DATED:  February 6, 2023

By: _____
Andres Rico
Trial Counsel

Exhibit 1
Page 8

-4-

# DECLARATION OF SERVICE

**CASE NUMBER(s):** 19-O-23229

I, the undersigned, am over the age of eighteen (18) years and not a party to the within action, whose business address and place of employment is the State Bar of California, 845 South Figueroa Street, Los Angeles, California 90017, declare that:

- on the date shown below, I caused to be served a true copy of the within document described as follows:

## NOTICE OF DISCIPLINARY CHARGES

☒ **By U.S. First-Class Mail:** (CCP §§ 1013 and 1013(a))

☒ **By U.S. Certified Mail:** (CCP §§ 1013 and 1013(a))
- in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles.

☐ **By Overnight Delivery:** (CCP §§ 1013(c) and 1013(d))
- I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for overnight delivery by the United Parcel Service ('UPS').

☐ **By Fax Transmission:** (CCP §§ 1013(e) and 1013(f))
Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed herein below. No error was reported by the fax machine that I used. The original record of the fax transmission is retained on file and available upon request.

☐ **By Electronic Service:** (CCP § 1010.6 and Rules of Proc. of State Bar, rule 5.26.2)
Based on rule 5.26.2, a court order, or an agreement of the parties to accept service by electronic transmission, I caused the above-named document(s) to be transmitted by electronic means to the person(s) at the electronic address(es) listed below. If there is a signature on the document(s), I am the signer of the document(s), I am the agent of, or I am serving the document(s) at the direction of, the signer of the document(s). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ *(for U.S. First-Class Mail)* in a sealed envelope placed for collection and mailing at Los Angeles, addressed to: *(see below)*

☒ *(for Certified Mail)* in a sealed envelope placed for collection and mailing as certified mail, return receipt requested,
Article No.: **9414 7266 9904 2199 6909 75** at Los Angeles, addressed to: *(see below)*

☐ *(for Overnight Delivery)* together with a copy of this declaration, in an envelope, or package designated by UPS,
Tracking No.: _____ addressed to: *(see below)*

| Person Served | Business Address | Fax Number | Courtesy Copy to (First Class Mail): |
|---|---|---|---|
| Michael S. Mogan | 1439 N. Highland Ave., Pmb 1116 Los Angeles, CA  90028-7622 | Electronic Address | 1439 N. Highland Ave., Pmb 1116 Los Angeles, CA  90028-7622 |

☐ via inter-office mail regularly processed and maintained by the State Bar of California addressed to:

**N/A**

I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service, and overnight delivery by the United Parcel Service ('UPS'). In the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day, and for overnight delivery, deposited with delivery fees paid or provided for, with UPS that same day.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED:  February 6, 2023            SIGNED:  *Kelli P. Lopez Beighle*
                                              KELLI P. LOPEZ BEIGHLE
                                              Declarant

Exhibit 1
Page 9
State Bar of California
DECLARATION OF SERVICE

# EXHIBIT 2

Exhibit 2
Page 10

## Case Information

SBC-23-O-30096 | Mogan, Michael S.

Case Number               Court                    Judicial Officer
SBC-23-O-30096            Los Angeles              Valenzuela, Cynthia

File Date                 Case Type                Case Status
02/06/2023                Original Discipline      Hearing - Open - Pretrial

## Party

Respondent
Mogan, Michael S.

DOB
XX/XX/XXXX

State ID
CA 304107

Active Attorneys ▾
 Pro Se

Prosecutor
Office of Chief Trial Counsel

Active Attorneys ▾
Lead Attorney
Rico, Andres

## Events and Hearings

Exhibit 2
Page 11

### 02/06/2023 Notice of Disciplinary Charges ▾

**Notice of Disciplinary Charges**

   Judicial Officer
   Valenzuela, Cynthia

### 02/07/2023 Notice of Assignment and Initial Status Conference ▾

**Notice of Assignment and Initial Status Conference**

   Judicial Officer
   Valenzuela, Cynthia

### 02/27/2023 Response ▾

**Response**

| Judicial Officer | Comment |
|---|---|
| Valenzuela, Cynthia | Respondent Michael Mogan's Response to Notice of Disciplinary Charges |

### 03/20/2023 Status Conference ▾

**Original Type**
Status Conference

**Judicial Officer**
Valenzuela, Cynthia

**Hearing Time**
10:00 AM

**Result**
Held - Ordered to VSC

**Parties Present** ▴
  Prosecutor: Office of Chief Trial Counsel
    Deputy Trial Counsel: Rico, Andres

  Respondent: Mogan, Michael S.

### 03/21/2023 Order Setting Trial and Pretrial Dates ▾

**Order Setting Trial and Pretrial Dates**

   Judicial Officer
   Valenzuela, Cynthia

### 03/28/2023 Notice re Remote or In-Person Appearance ▾

**Notice re Remote or In-Person Appearance**

   Judicial Officer
   Valenzuela, Cynthia

Exhibit 2
Page 12

04/25/2023 Voluntary Settlement Conference ▼

Judicial Officer
Roland, Yvette D

Hearing Time
11:00 AM

06/05/2023 Pre-Trial Conference ▼

Judicial Officer
Valenzuela, Cynthia

Hearing Time
10:00 AM

06/08/2023 Hearing / Formal (Disciplinary/Regulatory) ▼

Judicial Officer
Valenzuela, Cynthia

Hearing Time
10:00 AM

## Documents

Notice of Disciplinary Charges

Notice of Assignment and Initial Status Conference

Response

Rejection Letter

E-Mail Re Rejection Letter

Order Setting Trial and Pretrial Dates

Notice re Remote or In-Person Appearance

Exhibit 2
Page 13