Michael Mogan (S.B.N. 304107)
4803 N. Milwaukee Ave
Suite B, Unit #244
Chicago, IL 60630
Telephone: (949) 424-5237
Facsimile: (949)630-0477
mm@michaelmogan.com
*Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

|  |  |
|---|---|
| | **Case No. 2:23–cv–00930–MWF–PD** |
| (1) Michael Mogan | Judge: Honorable Michael W. Fitzgerald |
| Plaintiff | **PLAINTIFF'S SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES:** |
| v. | 1. Equal Protection Claim under 42 U.S.C. §1983; |
| (2) State Bar Of California; | 2. First Amendment Claim under 42 U.S.C. §1983; |
| (3) George Cardona, in his official capacity as Chief Trial Counsel For the State Bar of California, and in his individual capacity; | 3. First and Fourteenth Amendment Claim Under The U.S. Constitution To Free Association and Free Speech; |
| (4) Christopher Jagard, in his official capacity as Deputy Chief Trial Counsel for the Office of the Chief Trial Counsel and in his individual capacity; | 4. First and Fourteenth Amendment Claim Under The U.S. Constitution To Free Association and Free Speech; |
| (5) Kevin Taylor, in his in his official capacity as Assistant Chief Trial Counsel for the Office of the Chief Trial Counsel and in his individual capacity; | 5. First and Fourteenth Amendment Claim Under The U.S. Constitution; |
| | 6. Claim For Violations of Section 2 of the Sherman Act, 15 U.S.C. §2; |
| | 7. Title II of The Americans with Disabilities Act of 1990, as amended; |
| (6) Elizabeth Stine, in her official capacity as Supervising Attorney and for the Office of the Chief | 8. Violation of §504 of the Rehabilitation Act of 1973, 29 U.S.C. 794 |

Trial Counsel and in his individual
capacity;

(7) Leah T. Wilson, in her official
capacity as the executive director
for the State Bar Of California
and in her individual capacity;

(8) Ruben Duran, in his official
capacity as a member of the
State Bar of California Board
of Trustees and in his individual
capacity;

(9) Brandon Stallings,in his official
capacity as a member of the
State Bar of California Board
of Trustees and in his individual
capacity;

(10) Mark Broughton, in his official
capacity as a member of the
State Bar of California Board
of Trustees and in his individual
capacity;

(11) Raymond Buenaventura, in his
Official capacity as a member of
the State Bar of California Board
of Trustees and in his individual
capacity;

(12) Hailyn Chen, in her official
capacity as a member of the
State Bar of California Board
of Trustees and in her individual
capacity;

(13) Jose Cisneros, in his official
capacity as a member of
the State Bar of California Board
of Trustees and in his individual
capacity;

(14) Sarah Good, in her official
capacity as a member of the

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

State Bar of California Board
of Trustees and in his individual
capacity;

(15) Gregory Knoll, in his official
capacity as a member of
the State Bar of California Board
of Trustees and in his individual
capacity;

(16) Melanie M. Shelby, in her official
capacity as a member of the
State Bar of California Board
of Trustees and in his individual
capacity;

(17) Arnold Sowell Jr., in his official
capacity as a member of
the State Bar of California Board
of Trustees and in his individual
capacity;

(18) Mark W. Toney, in his official
capacity as a member of
the State Bar of California Board
of Trustees and in his individual
capacity;

(19) Genaro Trejo, in his official
capacity as a member of
the State Bar of California Board
of Trustees and in his individual
capacity;

(20) Patricia Guerrero, Chief Justice of
the California Supreme Court;

(21) Carol A. Corrigan, Associate
Justice of the California Supreme
Court;

(22) Goodwin H. Liu, Associate Justice
of the California Supreme Court;

(23) Leondra R. Kruger, Associate
Justice of the California Supreme
Court;

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

(24) Joshua P. Groban, Associate
      Justice of the California
      Supreme Court;
(25) Martin J. Jenkins, Associate
      Justice of the California Supreme
      Court;
(26) Kelli Eva, Associate Justice
      of the California Supreme Court.

**Demand For Jury Trial.**

COMES NOW, Michael Mogan ("Plaintiff), and files this Second Amended Complaint for injunctive relief and damages. Plaintiff amended the complaint to remove the Unruh Civil Rights Act claim pursuant to California Civil Code§ 51, et and the 42 U.S.C. Section 1983 and Fourteenth Amendment To The United States Constitution claim seeking money damages pursuant to the District Court's July 7, 2023 order and he added additional claims including different 42 U.S.C. §1983 claims seeking prospective injunctive relief for ongoing First and Fourteenth amendment violations by Defendants and other claims. Plaintiff alleges as follows:

## I. PARTIES

1.     Plaintiff Michael Mogan is an individual who is a U.S. citizen over the age of 18 years old and who resides and intends to permanently reside in Cook County, in Chicago, Illinois. He is a licensed attorney in Illinois and California.

2.     Defendant State Bar of California is an entity with offices in Los Angeles, California.

3.     Defendant George Cardona, in his official capacity as the Chief Disciplinary Counsel for the State Bar of California and in his individual capacity, on information and belief is an individual who resides in Los Angeles County, California.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

4.      Defendant  Christopher G. Jagard, in his official capacity as Deputy Chief Trial Counsel for the State Bar of California and in his individual capacity, on information and belief is an individual who resides in Contra Costa County, California.

5.      Defendant Kevin Taylor, in his official capacity as Assistant Chief Trial Counsel for the State Bar of California and in his individual capacity, on information and belief is an individual who resides in San Francisco County, California.

6.      Defendant Elizabeth Stine, in her official capacity as Supervising Attorney for the State Bar of California and in her individual capacity, on information and belief is an individual who resides in San Francisco County, California.

7.      Defendant Leah T. Wilson, in her official capacity as the Executive Director for the State Bar Of California and in her individual capacity, on information and belief is an individual who resides in San Francisco County, California.

8.      Defendant Ruben Duran is a member of the State Bar of California Board of Trustee and Chair and in his individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

9.      Defendant Brandon Stallings is a member of the State Bar of California Board of Trustee and in his individual capacity, on information and belief is an individual who resides in Los Angeles County, California.

10.      Defendant Mark Broughton is a member of the State Bar of California Board of Trustee and in his individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

11.     Defendant Raymond Buenaventura is a member of the State Bar of California Board of Trustee and in his individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

12.     Defendant Hailyn Chen is a member of the State Bar of California Board of Trustee and in her individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

13.     Defendant, Jose Cisneros is a member of the State Bar of California Board of Trustee and in his individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

14.     Defendant Sarah Good is a member of the State Bar of California Board of Trustee  and in her individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

15.     Defendant Gregory Knoll is a member of the State Bar of California Board of Trustee and in his individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

16.     Defendant Melanie M. Shelby is a member of the State Bar of California Board of Trustee and in her individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

17.     Defendant Arnold Sowell Jr.  is a member of the State Bar of California Board of Trustee and in his individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

18.     Defendant Mark W. Toney is a member of the State Bar of California Board of Trustee  and in his individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

19.     Defendant Genaro Trejo is a member of the State Bar of California Board of Trustee and in his individual capacity, and on information and belief is an individual who resides in Los Angeles County, California.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

20.     Defendant Patricia Guerrero is the Honorable Chief Justice of the California Supreme Court.

21.     Defendant Carol A. Corrigan is an Honorable Associate Justice of the California Supreme Court.

22.     Defendant Goodwin H. Liu is an Honorable Associate Justice of the California Supreme Court.

23.     Defendant Leondra R. Kruger is an Honorable Associate Justice of the California Supreme Court.

24.     Defendant Joshua P. Groban is an Honorable Associate Justice of the California Supreme Court.

25.     Defendant Martin J. Jenkins is an Honorable Associate Justice of the California Supreme Court.

26.     Defendant Kelli Evais is an Honorable Associate Justice of the California Supreme Court.

## II. JURISDICTION AND VENUE

27.     This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343 because the claims asserted in this First Amended Complaint arise under the Constitution and the laws of the United States. Specifically, Plaintiff is suing Defendants for violations of the Equal Protection and First Amendment provisions of the Constitution under 42 U.S.C. §1983 and also 42 U.S.C. §1988. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§1336, and 1337 and 15 U.S.C. §§15(a) and 26.

28.     This is also an action for injunctive relief brought pursuant to the Americans with Disabilities Act, as amended, Title II, 42 U.S.C. §§12101, et seq. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. This Court has subject matter jurisdiction over Plaintiff's claims under the American With Disabilities Act of 1990, As Amended and Section 504

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

action under 28 U.S.C. §§ 1331 and 1345. The Court may grant the relief sought in this action pursuant to 42 U.S.C. §12133, 29 U.S.C. §794a.

29.     This Court has authority to grant declaratory and other relief under 28 U.S.C. §§2201 and 2202.

30.     Plaintiff also brings this lawsuit against Defendants seeking monetary and injunctive remedies for the Defendants' violations of Section 2 of the Sherman Act, 15 U.S.C. §2.

31.     Venue is proper 28 U.S.C. §1391(b)(2) in the Central District of California because many Defendants either resides in Los Angeles County or have their principal office located there. In addition, Los Angeles, California is where most of the underlying events took place, and Los Angeles, California is located within the Central District of California.

### III. FACTUAL BACKGROUND

32.     Defendants Ruben Duran, Brandon Stallings, Mark Broughton, Raymond Buenaventura, Hailyn Chen, Jose Cisneros, Sarah Good, Gregory Knoll, Melanie M. Shelby, Arnold Sowell Jr., Mark W. Toney, Genaro Trejo (collectively hereafter "Defendant State Bar Board") as members of the State Bar Board of Trustees, who have responsibility for the implementation and enforcement of statutes and policies challenged herein. The State Bar Board Defendants are sued in their official capacities.  The Defendant State Bar Board were, at all relevant times, acting under color of state law in implementing the statutes and policies challenged herein.

33.     Defendants George Cardona, Christopher G. Jagard, Kevin Taylor, Elizabeth Stine, and Leah T. Wilson (collectively "State Bar Defendants") are sued in their official capacity and were at all relevant times, acting under color of state law in implementing the statutes and policies challenged herein.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

34.     After Plaintiff filed a motion to lift an arbitration stay in San Francisco Superior Court in May 2019 on behalf of one of his clients, California attorney Jacqueline Young of Sacks Ricketts and Case LLP called Plaintiff and threatened to file a sanctions motion after her firm and her clients, who were Airbnb Inc. employees at the time, Dave Willner, Jeff Henry and Sanaz Ebrahini, failed to pay their arbitration filing fees which arbitration proceedings were closed by the American Arbitration Association (hereafter "AAA") after Sacks Ricketts and Case LLP and their clients failed to pay the filing fee despite the fact the AAA gave them three separate opportunities to pay.

35.     On information and belief, Plaintiff was one of the first lawyers in a Federal or State Court to seek relief under the Federal Arbitration Act against lawyers hired by Airbnb Inc. for failure to timely pay arbitration filing fees. In the year 2020, Airbnb Inc. was subsequently sued in a proposed class action for this same reason after state legislation similar to Federal legal precedent was passed by the California legislature. On information and belief, Plaintiff was also one of the first lawyers to defeat Airbnb Inc. in summary judgment proceedings in arbitration when Plaintiff raised the relevance of the undisputed fact Airbnb Inc. does not hold a valid real estate property manager license in California like all other property managers are required to which warranted any arbitration agreement Plaintiff's client executed with Airbnb Inc. void and unenforceable.

36.     Jacqueline Young and Michele Floyd of Sacks Ricketts and Case LLP served Plaintiff over email and personal service false and baseless pleadings threatening an inordinate amount of Cal. Civ. Pro. §128.7 sanctions if Plaintiff did not withdraw his motion but this was just a hollow threat as the undisputed evidence in such motion only proved the AAA closed the proceedings for non-payment. Jacqueline Young and Michele Floyd also sent Plaintiff a threatening letter addressed to Plaintiff with the motion, and the motion also contained a fake

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

invoice from Airbnb Inc, and a declaration with false testimony from Jacqueline Young with false statements about what transpired with the AAA in a desperate attempt to harass Plaintiff and intimidate Plaintiff from representing his client in state proceedings. Airbnb Inc.'s legal department encouraged and participated in such unlawful conduct of Sacks Ricketts and Case LLP in attempting to get the AAA to misrepresent what happened. Sacks Ricketts and Case LLP even sought attorney fees in the sanctions for pending legal proceedings in other jurisdictions for which their clients had no standing wjich argument also had no legal or factual basis.

37.    Sacks Ricketts and Case LLP never filed the frivolous motion in San Francisco Superior Court yet in subsequent pleadings signed by Michele Floyd, Sacks Ricketts and Case LLP still sought attorney fees from Plaintiff for the amount claimed in such unfiled motion in a San Francisco Court in September 2019 which attempts failed. Plaintiff complained about Michele Floyd and Jacqueline Young's conduct first to a State Bar investigator over the phone and email and Plaintiff later filed a grievance with the State Bar based on Jacqueline Young and Michele Floyd's unethical conduct and Plaintiff also provided the State Bar written evidence of Michele Floyd and Jacqueline Young's attempts to cover up such conduct in subsequent arbitration proceedings. However the Defendant California State Bar quickly closed such grievances without ever speaking to Plaintiff. On information and belief, the Defendant California State Bar Defendants never sent either Jacqueline Young nor Michele Floyd correspondence inquiring into the matter and did not ask them to explain why their conduct did not violate California's Rules of Professional Conduct.

38.    Sacks Ricketts and Case LLP also filed a separate Section 128.7 motion against Plaintiff and sought over $70,000 in fees from Plaintiff and his client which motion was denied in its entirety against Plaintiff's client and granted

for a portion of such fees but such fees were granted primarily because Michele Floyd gave false testimony in a declaration she filed on July 25, 2019 and a separate declaration filed August 8, 2019 in state court proceedings. Sacks Ricketts and Case LLP also misled the state Court Judge about what transpired in arbitration proceedings in signed pleadings filed in the state court and filed a fake Airbnb invoice with the Court that Plaintiff had previously been served.

39.    After multiple communications with the State Bar about Michele Floyd and Jacqueline Young's conduct, on information and belief Plaintiff convinced State Bar employees that Michele Floyd and attorneys at Sacks Ricketts and Case LLP misled a state court judge with false testimony, false documents and false statements in pleadings signed by Michele Floyd. Thus the State Bar did not pursue any disciplinary violations against Plaintiff and the State Bar asked that he agree to pay any amount included in the September 2019 San Francisco Court judgment over a reasonable period of time.

40.    Airbnb Inc. and Dave Willner, Sanaz Ebrahini and Jeff Henry later terminated Sacks Ricketts and Case LLP in state and arbitration proceedings Plaintiff was opposing counsel in and Airbnb Inc. hired O'Melveny and Myers LLP to represent Airbnb Inc. in a personal injury lawsuit that Plaintiff had filed against Airbnb Inc., Dave Willner, Sanaz Ebrahini and Jeff Henry and other defendants in the Northern District of California that included civil RICO claims against Airbnb Inc. who then filed the first ever Rule 11 motion against Plaintiff in any Federal Court. O'Melveny and Myers LLP also served Plaintiff a frivolous vexatious litigant motion (while also seeking sanctions in the motions not permitted under Federal or California law) to vex and harass Plaintiff despite the fact Plaintiff had only filed one civil lawsuit in California in over 48 years where Plaintiff only sought declaratory relief and neither Airbnb Inc. or any of its employees were opposing parties.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

41.     The vexatious litigant motion was denied and Rule 11 motion was granted however attorneys O'Melveny and Myers LLP also misrepresented to the Magistrate Judge what had transpired in prior arbitration proceedings in the Rule 11 motion and used some of the same declarations with false testimony from Michele Floyd, and pleadings from Sacks Ricketts and Case LLP that were drafted to mislead the state court judge thus now it was O'Melveny and Myers LLP misleading a Federal Magistrate judge in seeking to declare Plaintiff a vexatious litigant. O'Melveny and Myers LLP and members of Airbnb Inc.'s legal department also intentionally misled the Federal court about what happened in prior arbitration proceedings both before September 2019 as well as after.

42.     On information and belief, since the State Bar Defendants had already concluded attorneys at Sacks Ricketts and Case LLP misled a state court judge in pleadings filed in state court, the State Bar Defendants also were aware attorneys at O'Melveny and Myers LLP and Airbnb Inc. had now misled a Federal magistrate judge in proceedings in Federal court. Furthermore, throughout such Federal proceedings, O'Melveny and Myers LLP also misled the Federal Judge that RICO claims were barred by the litigation privilege which multiplied such proceedings extensively.

43.     Soonafter, Plaintiff filed a complaint with the State Bar of California against O'Melveny and Myers LLP partners Damali Taylor and Dawn Sestito violations of the California Rules of Professional Conduct primarily for filing the vexatious litigant motion and also for misleading the Federal judge about Sacks Ricketts and Case LLP and Michele Floyd and Jacqueline Young's unlawful conduct. The State Bar Defendants quickly summarily closed such proceedings against Dawn Sestito and Damali Taylor without ever speaking to Plaintiff about his written grievances. On information and belief, the State Bar never sent either Damali Taylor nor Dawn Sestito correspondence inquiring into Plaintiff's

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

grievances and the State Bar Defendants did not ask either Damali Taylor nor Dawn Sestito to explain why their conduct did not violate California's Rules of Professional Conduct.

44.    The improper conduct of O'Melveny and Myers LLP and Damali Taylor's continued when Damali Taylor later threatened to get Plaintiff disbarred during a telephone conference held with Plaintiff, an arbitrator and Damali Taylor thus Plaintiff filed a separate grievance with the State Bar Defendants based on Damali Taylor's improper conduct. On information and belief, the State Bar never sent Damali Taylor correspondence inquiring into Plaintiff's grievance and the State Bar did not ask Damali Taylor to explain why her conduct did not violate California's Rules of Professional Conduct. Plaintiff later spoke to State Bar employee Andres Rico to check the status of such grievance against Damali Taylor based upon her egregious conduct and Andres Rico refused to acknowledge Plaintiff ever filed a grievance against Damali Taylor.

45.    Plaintiff had also filed a complaint with the State Bar against California attorneys Kathrin Wanner and Kirsten Miller in part because they misled a state court judge during a civil trial in Los Angeles Superior Court about the inordinate annual income earned by their client William Hendricks. Although it was William Hendricks who offered such false testimony in state civil proceedings, it was clear Kirsten Miler and Kathrin Wanner knew William Hendricks offered false testimony during such proceedings since Kirsten Miller and Kathrin Wanner had filed a copy of his bi-weekly earnings statement with the state court before trial which indicated William Hendricks made approximately $150,000 in annual salary before any trial had commenced. Kirsten Miller also misled the state court judge in her opening and closing statement about such underlying facts. On information and belief, the State Bar never sent either Kathrin Wanner nor Kirsten Miller correspondence inquiring into Plaintiff's grievances and

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES

did not ask them to explain why their conduct did not violate California's Rules of Professional Conduct in misleading a California Judge.

46.     However under the direction of Michele Floyd, the State Bar Defendants conducted a telephone interview with Kathrin Wanner where on information and belief, Kathrin Wanner made multiple false statements about Plaintiff. The State Bar soonafter went on an additional fishing expedition of and concerning Plaintiff which on information and belief were based on Kathrin Wanner, Michele Floyd and Jacqueline Young's misrepresentations to a State Bar investigator.  Kathrin Wanner and her law firm Miller Wanner LLP had also filed five sanctions motions against Plaintiff in Federal and state courts all five of which were denied as they had no basis under the facts and the law and on information and the belief, the State Bar Defendants did not question Kathrin Wanner nor Kirsten Miller for such harassing conduct nor ask them to explain themselves.

47.     Then suddenly almost three and a half years after the State Bar failed to seek any disciplinary proceedings against Plaintiff for the September 2019 judgment issued in San Francisco Superior Court which Sack Ricketts and Case LLP procured based on fraud, the State Bar changed course and filed a disciplinary action against plaintiff to discredit Plaintiff for the grievances he had filed with the California State Bar. On information and belief, Plaintiff is the only attorney in California ever to be charged in many years or possible never under Business and Professions Code section 6068(c) because a state court issued a fee award under §128.7 otherwise there would dozens of such disciplinary proceedings filed each year anytime an attorney fee award under §128.7 or even fees under Fed. Rule Civ. Pro. 11 or even when discovery sanctions are awarded in Federal or State Court.

48.     On information and belief, the State Bar Defendants were treating Plaintiff differently in part because he had made multiple complaints in writing, over email and over the telephone to a State Bar investigator and Andres Rico

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

about unlawful conduct by attorneys at O'Melveny and Myers LLP, Sacks Ricketts and Case LLP, Miller Wanner LLP and Airbnb's legal department among others in misleading Federal and State Court judges and/or offering false documents and false testimony in judicial proceedings.

## A. The California Attorney Disciplinary Process

49.    Plaintiff 's claims concern the State Bar Defendants' abuses of the California attorney disciplinary process and selective prosecution for violations of the California Rules of Professional Conduct ("CRPC"). Accordingly, a brief explanation of the first step of California's attorney disciplinary process is necessary. The disciplinary process begins when a grievance is filed with the State Bar. Upon receipt, the State Bar must determine whether the grievance, on its face, alleges professional misconduct. If the State Bar determines that the grievance alleges professional misconduct, it is escalated and treated as an actionable complaint. Once the grievance is upgraded, it is eventually sent to the respondent-attorney for a response and if warranted a notice of disciplinary charges are filed by the Office of Chief Trial Counsel. If a grievance fails to allege a violation of the CRPC, then the grievance is treated  as an inquiry and dismissed, and such determination may be appealed by the complainant.

## B. Plaintiff's Grievances

50.    Plaintiff submitted grievances to the State Bar concerning unethical conduct by Michele Floyd, Jacqueline Young, Dawn Sestito, Kathrin Wanner, Kirsten Miller and two separate grievances against Damali Taylor in writing and Plaintiff also made complaints over the phone to a state bar investigator and Andres Rico via email. The State Bar Defendants summarily closed the grievances Plaintiff submitted through the State Bar website without ever speaking to Plaintiff about his complaints and the State Bar Defendants refused to respond to Plaintiff

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

grievances made over email and over the telephone to the State Bar investigator or Andres Rico.

51.    The State Bar Defendants and Defendant State Bar Board do not enforce the California Rules of Professional Conduct equally amongst attorneys charged with unethical conduct. Rather, upon information and belief, the State Bar Defendants and the Defendant State Bar Board use the California's grievance process as a tool to prosecute certain lawyers and protect others. As a result of the State Bar Defendants' and Defendant State Bar Board selective prosecution, Plaintiff has been unfairly denied relief and his constitutionally protected speech against certain well-connected lawyers and corporations including Airbnb Inc. has been chilled. Moreover, if the State Bar Defendants and Defendant State Bar Board are permitted to continue such clear abuses of California's grievance process, the entire system of self-governance enjoyed by California attorneys will suffer and potentially fail. The State Bar Defendants' and Defendant State Bar Board actions will likely cause lawyers at small law firms, solo practitioners, and members of the public to have their free speech chilled when speaking out about the alleged actions of attorneys and large corporations. Members of the public, including clients, will see the State Bar Defendants' and Defendant State Bar Board selective enforcement as a tool for well-connected lawyers and corporations such as Airbnb Inc. use to insulate themselves from accountability while accumulating more wealth and power. The public will be dissuaded from seeking redress through the California State Bar, which will eventually result in the loss of the ability of California lawyers to engage in self-governance. But regardless of whether the California legislature intervenes to change this structure in the future, the U.S. Constitution prohibits state governments from denying equal protection of law and from denying the First Amendment right to free speech and expression.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

52.     Plaintiff attempted many avenues with the California State Bar Defendants to make his voice heard and to give the State Bar Defendants the opportunity to remedy their failure to enforce the law equally. Airbnb Inc's lawyers at Sacks Rickets and Case LLP and O'Melveny and Myers LLP and also William Hendrick's attorneys Kathrin Wanner and Kirsten Miller performed multiple acts of misconduct, including making false claims in public pleadings about Plaintiff and/or misleading judicial officers. Unfortunately, California courts have previously decided that behavior like this is protected by the judicial-proceedings privilege and attorney immunity if it occurs within the context of litigation. But the courts ruled in this way with the expectation that recipients of such misconduct would have a remedy through the disciplinary proceedings of the State Bar of California. What remedy is left when the State Bar Defendants and Defendant State Bar Board refuses to act on unethical behavior where the offending attorney has immunity? What remedy is left, if there is no legal cause of action and/or the State Bar Defendants and Defendant State Bar Board refuses to act, when an attorney threatens to pursue a baseless investigation, or submits altered evidence to a court or tribunal, or refuses to correct allegations claiming Plaintiff is a vexatious litigant or violated Rule 11 of the Federal Rules of Civil Procedure or Cal. Civ. Pro. §128.7 when that attorney knows they are submitting false testimony to Judges, filing false documents in a court of law and making allegations that are patently false and misleading? On information and belief, the California State Bar Defendants did not even investigate Plaintiff's claims, but simply dismissed them without any substantive explanation. It's unlikely that Plaintiff is the first solo practitioner that O'Melveny and Myers LLP, Sacks Ricketts and Case LLP and Airbnb Inc., and counsel from their legal department have treated in this manner. What remedy is left for laypersons or other small businesses if State Bar Defendants and Defendant State Bar Board is not ordered to

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

begin treating everyone involved in the California legal system, regardless of their economic and/or political status, fairly and unbiased?

53.     Moreover, the standard utilized by the California State Bar Defendants and Defendant State Bar Board was devised to set a low bar so that an attorney's behavior and actions would require accountability by the Respondent attorney charged with violating portions of the CRPC. The State Bar Defendants and Defendant State Bar Board, in violating Plaintiffs constitutional protections, arbitrarily decide who will face either a formal investigation, or formal disciplinary charges.

54.     The California State Bar Defendants filed a notice of disciplinary charges against Plaintiff for filing a simple subsidiary motion to lift an arbitration stay after non-payment of  arbitration filing fees permitted under the Federal Arbitration Act and permitted under Cal. Civ. Pro. §1281.98 and 1281.99 yet the State Bar Defendants refused to investigate Dawn Sestito and Damali Taylor for filing a frivolous vexatious litigant motion against Plaintiff while simultaneously misleading a Federal Judge about the underlying facts. The State Bar Defendants also refused to investigate Michele Floyd and Jacqueline Young for seeking sanctions for an unfiled sanctions motion served on Plaintiff.  The State Bar Defendants also refused to investigate Kathrin Wanner and Kirsten Miller for filing five separate sanctions motions against Plaintiff and misleading a state Judge and then allowing their client to testify while he misled a state Judge. These facts simply underscore the arbitrariness of the State Bar Defendants and Defendant State Bar Board decision-making and illegal actions.

## C. California's Mandatory Bar Association Membership and Fees

55.     Under civil rights laws, Plaintiff also seeks to protect the First and Fourteenth Amendment rights of himself and those similarly situated as a disabled California attorney who has been forced to join the California State Bar and to

subsidize political and ideological speech by the California State Bar that he does not wish to support since Plaintiff has been discriminated against because of his disability and treated differently than well connected lawyers at large law firms.

56.     The State of California requires attorneys to join and pay fees to the California State Bar, to be allowed to practice law in the state.

57.     California's requirement for attorneys such as Plaintiff to join the California State Bar violates his First Amendment rights to free speech and association, and is not necessary to regulate the legal profession or improve the quality of legal services in California.

58.     The collection and use of mandatory bar dues to subsidize political and ideological speech without attorneys' affirmative consent violates their First Amendment right to choose what private speech they will and will not support, and is not necessary to regulate the legal profession or improve the quality of legal services in California.

59.     Further, even if one assumes mandatory bar membership and dues are not inherently unconstitutional, the California State Bar fails to provide essential safeguards to ensure that attorneys' dues are not used for activities that are not germane to the California State Bar's purpose of improving the quality of legal services by regulating the legal profession.

60.     This lawsuit therefore asks this Court to declare the California State Bar's membership requirement unconstitutional and order the California Supreme Court, State Bar Defendants and State Bar Board Defendants to stop forcing Plaintiff to subsidize the California State Bar's speech without Plaintiff's affirmative consent, or, alternatively, to order all Defendants named in the first amended complaint to adopt procedures to protect attorneys from being forced to subsidize the California State Bar's speech and activities that are not germane to improving the quality of legal services and regulating the legal profession. Any

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

requirement for Plaintiff to have to pay dues should be suspended until the California Bar's violations of the American With Disabilities Act of 1990, as amended, are remedied as alleged herein as well as the statute was enacted by the United States Congress over 30 years ago.

61. California law compels every attorney licensed in California to be a member of the State Bar in order to practice law in the state.

62. California law also compels attorneys licensed in California to pay annual dues to the California.

63. If an attorney fails to pay mandatory dues, the California Supreme Court shall suspend the attorney's membership, which prohibits the attorney from practicing law in California unless reinstated by the court after paying the dues and a penalty.

64. As a California attorney, Plaintiff is compelled to join the California State Bar and to pay membership dues to the California State Bar as a condition of engaging in his profession.

65. Plaintiff has paid annual dues since 2015.

66. As the members of the California Supreme Court must approve the California State Bar budget, Hon. Chief Justice Patricia Guerrero and Hon. Associate Justice Carol A. Corrigan, Hon. Associate Justice Goodwin H. Liu, Hon. Associate Justice Leondra R. Kruger, Hon. Associate Justice Joshua P. Groban, Hon. Associate Justice Martin J. Jenkins, Hon. Associate Justice Kelli (hereafter "Defendant California Supreme Court Justices" or "California Supreme Court") are sued in their official capacities and acted under color of state law to enforce laws requiring membership in and funding of the California State Bar as a condition of practicing law in the State of California.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

**D. The State Bar's Use of Mandatory Fees for Political and Ideological Speech**

67.    As the members of the Board, the Defendant California State Bar Board withdraws and use mandatory member dues on behalf of the California State Bar, acting under color of state law.

68.    The  Defendant California State Bar Board uses members' mandatory dues to engage in speech, including political and ideological speech.

69.    Plaintiff filed a motion to dismiss in large part pursuant to California's antiSLAPP statute to dismiss the notice of disciplinary charges the State Bar filed against him with the State Bar Court in February 2023. On information and belief, Plaintiff is the first attorney filing such a motion citing California's antiSLAPP statute in disciplinary proceedings in California.

70.    Since the motion to dismiss included numerous exhibits, the State Bar Court would not accept it electronically. Plaintiff then requested the State Bar accept such filing electronically as a reasonable accommodation under the ADA but the State Bar Court denied such request and Plaintiff was forced to file such pleading through the mail which consumed a significant amount of Plaintiff's time and was much more expensive than efling such a filing.

71.    Plaintiff then re-served the office of chief trial counsel such motion to dismiss and submitted the motion to dismiss to the State Bar Court through the United States Postal Service. After Plaintiff served the office of trial counsel such pleading, Andres Rico of the State Bar threatened Plaintiff with additional disciplinary charges thus Plaintiff was threatened for petitioning the State Bar Court under his rights under the First Amendment of the United States Constitution.

72.    On information and belief, the Defendant California State Bar Board maintains a Legislative Program.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

73.    On information and belief, with regard to such goals, the Board of Trustees, or its designee, claims they shall establish legislative priorities and direct positions on legislation. On information and belief, with regard to such matters, the executive director of the State Bar shall establish legislative priorities and direct positions on legislation in consultation with the Board chair and vice-chair.

74.    Before submitting its annual budget to the California Supreme Court, the Defendant California State Bar Board publishes a proposed budget.

75.    The California State Bar's proposed budget for 2023 included a list of categories of expenditures, the amount the California Stare Bar budgeted for each category in 2022, and the amount the State Bar proposed to spend for each category in 2023.

76.    The Defendant California State Bar Board proposed such budget and final budget was adopted by the California Supreme Court but it does not state in sufficient detail whether any past or proposed expenditures of member dues were or are germane to the purpose of improving the quality of legal services and regulating the legal profession.

77.    The Defendant California State Bar Board proposed the 2023 budget and the final budget was adopted but it does not provide Plaintiff with sufficient information to determine whether any past or proposed expenditure of member dues were or are germane to the purpose of improving the quality of legal services and regulating the legal profession.

78.    On information and belief, Defendant George Cardona stated in an interview to the LA Times early after he was appointed to his current position that "One of [his] overriding goals is to kind of restore confidence in the discipline system," and the State Bar Board also supported the newly adopted "snitch rule" to aid the California State Bar in the investigation of misconduct however Plaintiff's grievances made through various channels have been ignored thus the California

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

State bar's selective prosecution of ethics grievances of solo practitioners such as Plaintiff has continued and such misleading statements to the press are not germane to the practice of law.

79.     On information and belief, in July 2022 Defendant George Cardona stated to Law.com media outlet he seeks to eliminate the suggestion that his office is more inclined to pursue cases against solo practitioners, rather than members of large firms, because the investigations are easier to handle yet he has done exactly the opposite before and after June 2022 while targeting Plaintiff while refusing to pursue Plaintiff's grievances against four separate attorneys at large firms. Such misleading statements to the media are not germane to the practice of law.

80.     In recent months, Defendant George Cardona made comments to KTLA 5 about disciplinary charges the State Bar filed against a California attorney who allegedly made social media posts purportedly directed towards demonstrators protesting the death of George Floyd thus the State Bar is now actively using funds from Plaintiff's annual dues in enforcement activities of the Office Of Chief Trial counsel to prosecute California attorneys exercise of the First Amendment rights to free speech.

81.     In recent months, the State Bar Defendants also issued a press release to the media that they also brought disciplinary charges against another California attorney and some of the charges incorporated the attorneys public comments on Bannon's War Room show and a January 6th 2021 speech after the 2020 presidential election, thus the California Bar Defendants are extending their reach outside the heavily regulated space of the courtroom Plaintiff and similarly situated attorneys are accustomed to and here the State Bar Defendants were again treading closer to the line of protected First Amendment speech in using Plaintiff's annual dues for reasons not germane to the practice of law.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

82.     Plaintiff also filed written grievances about O'Melveny and Myers LLP and Sacks Ricketts and Case LLP which involve much more serious ethical violations than social media posts or interviews with the media, however the State Bar Defendants ignored Plaintiff's grievances. Thus on information and belief, the State Bar Defendants professional and political relationship with Airbnb Inc., O'Melveny and Myers LLP and Sacks Ricketts and Case LLP is one of the main reasons Plaintiff's grievances were ignored thus in the State Bar Defendants prosecuting Plaintiff and treating him in a discriminatory manner but not attorneys for O'Melveny and Myers LLP and Sacks Ricketts and Case LLP, the Defendant State Board is using a portion of Plaintiff's dues for non-germane purposes unrelated to the practice of law. Plaintiff was also threatened with discipline for petitioning the State Bar Court for seeking protections under California's antiSLAPP statute when on information and belief similarly situated attorneys without disabilities are not threatened with discipline for similar conduct which conduct by the State Bar Defendants is not germane to the practice of law.

83.     Plaintiff opposes the Defendant California State Bar Board be able to use of any amount of his mandatory dues to fund any amount of political or ideological speech, regardless of its viewpoint, and Plaintiff also objects that any portion of his dues be used to discriminate against any protected class including the disabled community of the California Bar including but not limited to the examples set forth above, but Plaintiff has been without effective means to prevent such continued discrimination without effective recourse.

84.     Any requirement that all attorneys join the California State Bar injures Plaintiff because he does not wish to associate with the State Bar or its political and ideological speech or fund the State Bar's discriminatory conduct against protected civil rights groups including the disabled community which makes up a

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

significant portion of the State Bar. But for the requirement, Plaintiff would not be a member.

85.    California's requirement that all attorneys pay dues to the California State Bar injures Plaintiff because he does not wish to fund the Defendant California State Bar Board political and ideological speech and other activities and in particular discriminating against Plaintiff and similarly situated individuals as a member of the disabled community which is a violation of Plaintiff's civil rights. But for the requirement, he would not do so.

86.    The Defendant California State Bar Board lack of safeguards to ensure that members are not required to pay for political and ideological speech and other activities not germane to regulating the legal profession or improving the quality of legal services injures Plaintiff because he does not want to fund such activities in any amount as all attorneys should be treated equally regardless of the political party an attorney supports or because of their status as being disabled or non-disabled.

### E. General Antitrust Allegations

87.    The State Bar began an investigation of Plaintiff all the way back in September 2019. Plaintiff fully cooperated with this sporadic investigation, but over three years later, the Bar's investigation continued with no end in sight. Plaintiff and an investigator exchanged correspondence during such period and Plaintiff offered proof Airbnb's former outside counsel Jacqueline Young and Michele Young first threatened Plaintiff with baseless pleadings and then Michele Floyd filed separate pleadings in San Francisco state court while misleading a California state judge and then Michele Floyd and Jacqueline Young compounded this misconduct in trying to conceal such conduct in the years that followed in arbitration proceedings.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

88.     During the course of the Bar's interminable investigation, Michele Floyd misled the State Bar Defendants claiming that Plaintiff did something wrong when it was her clients who failed to pay their arbitration fees despite the fact Michele Floyd and multiple attorneys at Sacks Ricketts and Case LLP mislead a California judge that resulted in a judgment against Plaintiff procured on fraud which is unlawful.  On information and brief, Michele Floyd and Jacqueline Young also made false statements during a 2022 telephone conversation with a State Bar investigator about Plaintiff in misleading a state bar investigator about their misconduct in state court proceedings and thereafter.  Michele Floyd also made false statements to a State Bar investigator about Plaintiff after Sacks Ricketts and Case LLP lost a summary judgment hearing in arbitration proceedings against Plaintiff as opposing counsel when Michele Floyd and Jacqueline Young then desperately tried to call Plaintiff as a witness to attempt to get Plaintiff to withdraw as counsel of record so that no final arbitration hearing occurred. After Plaintiff offered proof to the State Bar that Michele Floyd and Jacqueline Young mislead the State Bar investigator the California Bar about this additional misconduct, the State Bar Defendants refused to investigate them for this grievance as well.

89.     The State Bar is engaged in anticompetitive actions that violate the Sherman Antitrust Act. Their acts, deliberate silences, and threats have been effective in eliminating competition. The State Bar is conspiring in restraint of trade.

90.     The State Bar is reducing competition, and causing Plaintiff substantial economic harm with their open ended investigations and refusal to investigate egregious misconduct by other California attorneys such as Dawn Sestito, Damali Taylor, Michele Floyd, Jacqueline Young, Kathrin Wanner and Kirsten Miller. Plaintiff seeks to obtain injunctive relief preventing further

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

anticompetitive actions and to recover treble damages of at least $100,000 under federal law.

91.     The California State Bar is an organization whose membership is comprised of all persons admitted by the Supreme Court of California to practice law in the state.

92.     The California State Bar is governed and administered by a Board of Trustees.

93.     Only members in good standing are eligible to hold any elective office in The California Bar.

94.     While the California State Bar is described as an arm of the Supreme Court of California, the California Supreme Court does not actively supervise the Board or the Bar's investigations, enforcement activities, or other actions or statements about the practice of law unless an action is filed with the Supreme Court.

95.     The California Supreme Court has a tremendous amount of responsibility overseeing approximately 190,000 active lawyers in California while simultaneously balancing their obligations for civil, criminal and other proceedings in the state. Thus this is not a result of the California Supreme Court refusing to act but the California Supreme Court does not actively supervise the State Bar's counsel as on information and belief, the California Supreme Court has only modified disciplinary charges recommended by the State Bar Court once in approximately thirty years.

96.     On information and belief, the California Supreme Court has essentially delegated the disciplinary process from an initial complaint until discipline is recommended by the State Bar Court with any final decision on discipline made by the California Supreme Court and on information and belief

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

does not have enough resources to monitor every single act of the the Office Of Chief Trial Counsel.

97.     The Office Of Chief trial counsel is authorized to close cases, to settle cases and file notice of disciplinary charges and when this process is used as an anticompetitive and politically biased manner, Plaintiff and similar situated individuals will be injured by such misconduct.

### i. The California Bar is not immune from federal antitrust liability

98.     In recent years, the United States Supreme Court issued a landmark antitrust ruling in *North Carolina State Board of Dental Examiners v. Federal Trade Commission*, 135 S. Ct. 1101 (2015) ("Dental Examiners"). In *Dental Examiners*, the Supreme Court held that state agencies which are controlled by persons who participate in the occupation the agency regulates are subject to antitrust liability, unless the agency's acts are actively supervised by politically accountable state officials and are taken pursuant to a clearly articulated state policy intended to restrict competition. Id. at 1114. The Supreme Court observed, quite logically, that "[w]hen a state empowers a group of market participants to decide who can participate in its market, and on what terms, the need for supervision is manifest." Id.

99.     Like the North Carolina dental board that was held to be not immune from antitrust liability, The California State Bar is composed of licensed professionals who participate actively in the market the California State Bar regulates.

100.   The Supreme Court held that the North Carolina dental board was not immune from federal antitrust laws, and that its anticompetitive conduct which had effectively excluded teeth whiteners from the North Carolina market violated the Sherman Antitrust Act. *Dental Examiners*, 135 S. Ct. at 1114-15.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

101.   Subsequently, some state bar associations took action in an effort to reduce their legal exposure under Dental Examiners. The Washington State Bar Association suspended issuing advisory opinions that could be interpreted as having anticompetitive effects in the legal services market. The North Carolina State Bar sponsored legislation requiring the state attorney general to actively supervise its actions taken against perceived competitors alleged to be engaged in the unauthorized practice of law. The legislation did not pass, and the North Carolina State Bar promptly faced a $10.5 million lawsuit for illegally excluding LegalZoom's legal service contracts from sale in North Carolina.

102.   Plaintiff brings this action under the federal antitrust laws to challenge and seek redress from certain anticompetitive, exclusionary, and monopolistic conduct by the California State Bar Defendants and Defendant State Board, and other actors. Given the clear absence of state-action immunity, the State Bar Defendants' and Defendant State Board acts described below violate the Sherman Antitrust Act, 15 U.S.C. §2.

### ii.  The Defendants conspiracy in restraint of trade

103.   Michele Floyd and Jacqueline Young of Sacks Ricketts and Case LLP served Plaintiff with a sanctions motion that was objectively baseless and after Plaintiff complained to the State Bar Defendants they summarily dismissed his grievances. Michele Floyd and Jacqueline Young's threats were aimed at harassing Plaintiff, interfering with his business relationships, and eliminating competition and Plaintiff had to respond to a number of baseless investigations and inquiries by the State Bar Defendants ever since.

104.   Attorneys at Sacks Ricketts and Case LLP file a forged document and used false testimony to mislead a California judge about what transpired in arbitration proceedings and after Michele Floyd files a complaint against Plaintiff the State Bar opens an investigation that was open for approximately three and a

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

half years. On information and belief, Michele Floyd and Jacqueline Young also made additional complaints to the State Bar over email and the telephone with a Bar investigator however when Plaintiff makes a grievance about such attorneys at a large firm no action by the State Bar Defendants follows. The intent and effect of these ethics complaints by Michele Floyd and Sacks Ricketts and Case LLP was to sow doubt and fear among Plaintiff so he would cease representing clients in California, and stop competing with Sacks Ricketts and Case LLP.

105.    After Sacks Ricketts and Case LLP own client Airbnb Inc. terminated their law firm in civil proceedings with Plaintiff as opposing counsel, OMelveny and Myers LLP then filed two baseless sanctions motions against Plaintiff without regard to the merits of its claims and in each case misled a Federal judge in such pleadings while seeking an inordinate amount of attorney fees. On information and belief, Airbnb Inc. had no intention of ever paying the fees claimed by OMelveny and Myers LLP in either motion and such amounts were sought to vex and annoy Plaintiff. Plaintiff complained to the State Bar about such conduct about Dawn Sestito and Damali Taylor and Airbnb Inc. once again the State Bar refused to open a preliminary investigation into O'Melveny and Myers LLP and Airbnb's legal department.

106.    Plaintiff was forced to respond to each of these baseless motions including the motion to declare Plaintiff a vexatious litigant although he had only filed one lawsuit in California in over 48 years by late 2021 and Airbnb Inc, was not a party thus it was clear the motion had no factual or legal basis.

**iii. The California Bar continued their campaign against Plaintiff**

107.    By late 2021 the State Bar had indicated it would not proceed with any type of disciplinary charges against Plaintiff and the State Bar suggested in part Plaintiff try to pay any judgment due over a period of time.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

108.   However Airbnb lawyers Michele Floyd and Jacqueline Young continued to make false statements to a state bar investigator about Plaintiff. As before, these complaints were an anticompetitive weapon aimed at coercing Plaintiff to stop competing with Sacks Ricketts and Case LLP and OMelveny and Myers LLP. On information and belief, former Airbnb Inc. lawyer Michele Floyd is the only California attorney to ever file a written grievance about Plaintiff with the California State Bar thus one grievance was filed in over eight years.

109.   The California Bar Defendants then went on yet another fishing expedition concerning Plaintiff based in part on Michele Floyd, Jacqueline Young and Kathrin Wanner encouraging the State Bar to do so despite the fact all had been involved in egregious conduct misleading judicial officers and/or offering false testimony in judicial proceedings.

110.   The State Bar Defendant's renewed investigation of Plaintiff was not supervised by the California Supreme Court nor was it issued pursuant to a clearly articulated state policy.

111.   The conduct of the State Bar Defendants and Defendant State Board was part of a concerted action to exclude Plaintiff from the relevant market first on a temporary basis and then on a longer basis.

112.   On behalf of Airbnb Inc., O'Melveny and Myers LLP continued such conduct and Plaintiff accordingly complained to the State Bar Defendants about such unprofessional conduct. Omelveny and Myers LLP partner Damali Taylor even threated to get Plaintiff disbarred during a telephone call with Plaintiff and an arbitrator in order to obtain an advantage in civil proceedings.

113.   Plaintiff immediately filed a grievance with the State Bar Defendants based upon such egregious violation of the California Rules of Professional Responsibility and the State Bar Defendants ignored this grievance as well.

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES

114.    Fed up with Airbnb Inc., Sacks, Ricketts and Case LLP, OMelveny and Meyers LLP smear campaign based on the State Bar Defendants open ended investigation on Plaintiff while refusing to investigate multiple attorneys misconduct misleading a Federal and State Judge, Plaintiff requested the State Bar Defendants refer the matter to the California district attorneys office and the State Bar Defendants refused to without explanation and instead referred Plaintiff to the State Bar public liaison. Plaintiff's request to refer the matter to the district attorney was reasonable and directed towards ending the anticompetitive actions of and the State Bar Defendant's, the Defendant State Board and Airbnb Inc's legal department and outside counsel while the State Bar Defendants never ending investigation continued into Plaintiff's conduct.

115.    Plaintiff also encouraged the State Bar Defendants to contact the American Arbitration Association to further confirm attorneys at both Sacks Ricketts and Case LLP and O'Melveny and Myers LLP misled a state and Federal judge as well and on information and belief the State Bar Defendants refused to because this would only confirm the unlawful conduct by attorneys at Sacks Ricketts and Case LLP and O'Melveny and Myers LLP.

116.    The State Bar Defendants and California State Bar continue their conspiracy in restraint of trade to exclude Plaintiff from the market.

117.    By refusing to investigate the ethical violations described in grievances Plaintiff filed against attorneys at Sacks Ricketts and Case LLP, O'Melveny and Myers LLP and Miller Wanner LLP, the State Bar Defendants and Defendant State Board knowingly facilitated their anticompetitive conduct.

118.    The State Bar Defendants and Defendant State Board's anticompetitive conduct has dramatically impacted Plaintiff's business.

119.    Additional individuals, firms, and other entities not named as Defendants in this Complaint also conspired with the State Bar Defendants and

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

Defendant State Board by aiding, abetting, and performing acts in furtherance of this conspiracy. The State Bar Defendants and Defendant State Board are liable for the acts committed by their co-conspirators.

120.   The State Bar Defendants' activities and the conduct of the Defendant State Board and their co-conspirators occurred in and/or affected a substantial portion of interstate commerce, including trade and commerce to, from, and within this District. The State Bar Defendants and Defendant State Board horizontal agreements to exclude Plaintiff from the legal market has had a market-wide impact affecting interstate commerce. Plaintiff's competing services are provided to both residents and non-residents of California, and their services generate revenues from out-of-state sources.

121.   For purposes of Plaintiff's claims below, the relevant market in which to evaluate the State Bar Defendants and Defendant State Board conduct is the provision of access to legal services in California (the "Relevant Market").

122.   The State Bar Defendants and Defendant State Board, through its agents, engaged in a concerted effort to exclude Plaintiff from the Relevant Market by enabling and reinforcing Sacks Ricketts and Case LLP's, OMelveny and Myers LLP's and Miller Wnner LLP's anticompetitive propaganda campaign. Because The California Bar is, itself, controlled by attorneys, and is therefore composed of market participants in the Relevant Market and competitors of Plaintiff, The State Bar Defendants and Defendant State Board engaged in concerted action separate, apart, and in addition to its direct coordination and conspiracy with Sacks Ricketts and Case LLP's, OMelveny and Myers LLP and Miller Wanner LLP. Further, the California Bar's reinforcement of anticompetitive message plainly exceeds the California Bar's narrow authority to investigate alleged violations of the California Rules of Professional Responsibility of law and file notices of disciplinary charges.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

## F. Additional Factual Background For Plaintiff's ADA Claims

123.    Plaintiff has an episodic neurological disability which is a disability recognized by the American with Disabilities Act of 1990, as amended.  Plaintiff is an individual with a disability as recognized under the ADA. 42 U.S.C. §12102. His disability substantially limits one or more major life activities, including sleeping, communicating, concentration, thinking, and interacting with others.

124.    Qualified individuals with disabilities such as Plaintiff, including mental health disabilities, have valuable contributions to make to the legal profession and to their communities. Such diagnosis should not hinder or prevent Plaintiff from doing so. Though bar licensing entities have the important responsibility of ensuring that all licensed attorneys are fit to practice law, licensing entities must discharge this responsibility in a manner that is consistent with Civil Rights laws.

125.    Plaintiff and the California State Bar are involved in a dispute primarily over whether a debt included by Plaintiff on his Chapter 11 bankruptcy petition which is still pending overrides an order from a state court judge to pay such debt under the United States Bankruptcy Code and federal law.

126.    After Plaintiff offered proof to the State Bar that the debt was the result of unlawful acts and false testimony by a California attorney misleading a state court judge, which misconduct also included submitting false documents to the state court by such attorney and attempting to conceal such unlawful conduct for over a number of years, a State Bar investigator informed Plaintiff the California State Bar generally does not seek discipline against attorneys who are victims of fraud by other attorneys. Plaintiff's health took a turn for the worst in April 2022 and Plaintiff was rushed to the emergency room  which events Plaintiff informed State Bar employees about. Later in 2022 the State Bar changed its mind and began threatening Plaintiff with disciplinary action based on such outstanding

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

debt even though the judgment was procured by fraud and despite the fact
Bankruptcy proceedings were still pending.

127.   Plaintiff then made a request in writing and orally for reasonable
accommodations from the State Bar ADA Coordinator in part so that the State Bar
Defendants  provide Plaintiff with a 180-day extension to investigate the possible
nature of the charges identified in State Bar correspondence to enable Plaintiff to
spend necessary time to work with outside counsel or prepare to proceed pro se in
any disciplinary proceeding in an effort to resolve any dispute and such request
was denied and the State Bar Defendants refused to discuss the matter any further
as part of the interactive process required under the ADA Title II requests for
reasonable accommodations.

128.   In November 2022 Plaintiff forwarded written correspondence to the
California State Bar's ADA Coordinator Justice Israel, which correspondence was
previously sent to the California Bar trial counsel Andres Rico which he failed to
respond to, so Justice Israel could review such documentation and Plaintiff
requested as a reasonable accommodation under the ADA during his conversation
with Justice Israel that he as the ADA coordinator look into the unlawful conduct
in multiple attorneys misleading a California Judge and Justice Israel refused to
respond to such requests just as Andres Rico did.

129.   When Justice Israel spoke with Plaintiff on or about November 18,
2022, Mr. Israel informed Plaintiff in part the State Bar does not inquire into the
exact disability licensed attorneys have been diagnosed with when attorneys make
ADA requests for reasonable accommodations from the State Bar. Justice Israel
claimed to Plaintiff towards the end of the conversation that Plaintiff would be
unlikely to prove he had any present mental impairment despite the fact Plaintiff
had stated he was disabled and was under medical care for such disability.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

130.    Justice Israel subsequently sent Plaintiff a letter claiming Plaintiff stated he had not been diagnosed with a disability but Plaintiff immediately responded and said that was not true and offered to obtain confirmation of such diagnosis from his doctor if needed. Justice Israel did not respond or otherwise engage in any further interactive process discussing any of Plaintiff's requests for reasonable accommodations but instead demanded Plaintiff elect to enter an Early Neutral Evaluation conference within ten days or face disciplinary charges.

131.   When Justice Israel sent Plaintiff such email correspondence Justice Israel copied multiple State Bar employees who on information and belief, did not work in the State Bar's ADA Coordinator's office thus Plaintiff's private medical history was disclosed to other employees outside the California State Bar ADA coordinator's office.

132.   Plaintiff later made multiple requests for reasonable accommodations from the State Bar to continue an early neutral evaluation conference out of concern for his health and inability to prepare for such conference without disrupting his health and present medical treatment which requests for reasonable accommodations were denied. Plaintiff stated in part that requiring him to respond earlier on short notice and prepare any brief and attend such conference remotely would disrupt his work schedule, sleep patterns and create an undue hardship on Plaintiff and his health. Plaintiff further stated forcing him to comply with such demand pro se on such a short time frame would also further cause Plaintiff to experience tense and anxiety-provoking and severe adverse reactions to his health based on his disability and the Defendant's refusal to continue the conference beyond early February 2023 resulted in further injuries to Plaintiff including severe head trauma.

133.   Plaintiff also made a reasonable accommodation to have Defendant investigate unlawful conduct by multiple attorneys in misleading a California

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

judge with filing false documents including affidavits that included false testimony and Defendant refused to investigate such matter despite Plaintiff's repeated requests over the telephone and via email to a State Bar investigator and State Bar trial counsel Andres Rico.

134.    Plaintiff later requested State Bar trial counsel Andres Rico postpone the ENEC for at least 90 days so Plaintiff could continue to receive treatment for his disability and further recover from his injuries and Andres Rico unlawfully requested Plaintiff's private medical information via a letter from Plaintiff's doctor during a telephone conference with Plaintiff.  When Andres Rico was provided a letter from Plaintiff's doctor confirming Plaintiff's diagnosis of his disability and the critical health risks Plaintiff was presently facing, Andres Rico stated the letter changed nothing and then requested Plaintiff's medical records. Andres RICO also stated there was no need for a continuance because there was no cure for Plaintiff's disability.

135.    The State Bar website states in part that their mission is to protect the public. Although Plaintiff is an attorney he is also a member of the public.

136.    Plaintiff filed an online complaint on the State Bar's website against a California attorney Damali Taylor from a large national law firm OMelveny and Myers LLP who threatened Plaintiff with disbarment during a phone call with an arbitrator in violation of the California Rules of Professional conduct. Despite the fact Plaintiff is disabled when he was threatened, no state bar employee contacted Plaintiff about such complaint to discuss and investigate the matter and the complaint was quickly closed. On information and belief, no state bar employee contacted the arbitrator to investigate Plaintiff's complaint although Defendant knows Plaintiff was disabled and was unlawfully threatened in violation of Federal and state laws.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

137.   Plaintiff filed an online complaint on the State Bar's website against attorneys at a law firm who served Plaintiff with but did not file a frivolous fee motion in an attempt to vex and harass Plaintiff. The attorneys even went so far as asking a California judge to impose such fees upon Plaintiff although the motion was never filed for the Judge to review and the judge quickly disposed of the matter and denied such fee request. Despite the fact Plaintiff is disabled, no state bar employee contacted Plaintiff about such complaint to discuss and investigate the matter and the complaint was quickly closed.

138.   Plaintiff filed an online complaint on the State Bar's website against attorneys involved in filing a frivolous request seeking injunctive relief against Plaintiff to vex and harass Plaintiff which request for injunctive relief was quickly denied by the Judge.  Despite the fact Plaintiff is disabled, no state bar employee contacted Plaintiff about such complaint to discuss and investigate the matter and this complaint was also quickly closed.

### a. Anti-Discrimination Laws

139.   Qualifying individuals with disabilities are protected from disability Discrimination by the ADA. In enacting the ADA, Congress found that "[i]ndividuals with disabilities continually encounter various forms of discrimination, including…including outright intentional exclusion, the discriminatory effects of…..communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 U.S.C. § 12101(a)(5) (2008).

140.   Title II of the ADA provides that "no qualified individual with a disability shall, by reason of disability, be excluded from participation in or be

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

denied the benefits of services, programs, or activities of a public entity or be subjected to discrimination by such entity." 42 U.S.C. § 12132 (1990).

141.    Regulations implementing Title II of the ADA provide: "[a] public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d) (2010) Further, "[t]he most integrated setting appropriate to the needs of a qualified individual with a disability means a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible." 28 C.F.R. pt. 35, App. A, (2010).

142.    Regulations implementing Title II of the ADA provide: "A public entity may not, directly or through contractual or other arrangements, utilize criteria or other methods of administration: (i) that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; [or] (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the entity's program with respect to individuals with disabilities…" 28 C.F.R. § 35.130(b)(3) (2010); 28 C.F.R. § 41.51(b)(3)(I) (1982); 45 C.F.R. § 84.4(b)(4) (2005).

143.    ADA regulations further provide: "[a] public entity shall not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered." 28 C.F.R. §35.130(b)(8) (2010).

144.    As set forth in federal regulations: "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7) (2010).

145.   Unlike Title I, entities covered by Titles II are not broadly authorized to require medical information.

146.   A public entity may not make unnecessary inquiries into the  existence of a disability. Title II Technical Assistance Manual: II-3.5300. Defendant made unnecessary inquiries into the existence of Plaintiff's disability.

147.   The State Bar Defendants were entitled to disability info for Plaintiff's accommodation issues, but Defendant only needed to know the required accommodation, not the diagnosis.

148.   Confidentiality under ADA Title II and the Fourteenth Amendment of the United States Constitution's applies to all medical information, including information related to reasonable accommodation requests. Information obtained by Defendant regarding Plaintiff's medical condition or history must be collected and maintained in separate medical files and treated as a confidential medical record and the ADA limits internal access to this information to those with a legitimate need to know.

149.   Despite such requirements, Plaintiff's confidential medical information was shared by the State Bar's ADA coordinator office with other State Bar employees who did not have a legitimate need to know such confidential medical information and Plaintiff suffered shame, embarrassment, physical and mental anguish and depression because of the unlawful sharing of his confidential medical information.

150.   Plaintiff is seeking to remedy the State Bar Defendants failure to provide people such as Plaintiff equal access to California State Bar services. Plaintiff seeks declaratory, injunctive, and compensatory relief for this violation of Title II of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

12131-12165, and its implementing regulations, 28 C.F.R. Part 35, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §794, and its implementing regulations for recipients of federal funding  to address homelessness.

151.   The State Bar Defendants failure to provide reasonable accommodations endangers people such as Plaintiff who are disabled by depriving him equal access to state bar services that the California State Bar provides to non-disabled citizens. This is unlawful discrimination under the ADA and Section 504.

152.   The Defendant California State Bar is a "public entity" within the meaning of Title II of the ADA, and a recipient of federal funds, including funds from the United States federal government to address homelessness, making it subject to the accessibility requirements of Section 504.

153.   Congress enacted the ADA in 1990 to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities. 42 U.S.C. § 12101(b)(l). In enacting the ADA, Congress found that "discrimination against individuals with disabilities persists in such critical areas as ... transportation, communication, recreation ... and access to public services[,]" and that the forms of discrimination encountered by individuals with disabilities include "the discriminatory effects of architectural ... and communication barriers," "failure to make modifications to existing facilities and practices," and "relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[.]" Id. § 12101(a)(3), (5).

154.   Title II of the ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; see also 28 C.F.R. §35.130(a).

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

155. The services offered by the California State Bar constitute a service, program, or activity under the ADA. See 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

156. Plaintiff as a licensed attorney in California and also a citizen who has filed grievances with the California State Bar against other California attorneys and Plaintiff is a qualified individuals with disabilities under the ADA. See 42 U.S.C. § 12131(2); 28 C.F.R. §§ 35.104, 35.108.

**b. Section 504 and the California State Bar's Receipt of Federal Funds**

157. Section 504 of the Rehabilitation Act prohibits a "qualified individual with a disability," solely by reason of her or his disability, from being "denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

158. The California State Bar is a recipient of federal funds which on information and belief such $20 million grant came from the U.S. Department of Housing and Urban Development to address homelessness.

159. As a result of the California State Bar's failure to provide an interactive process to individuals who file ethics complaints, people who are disabled with communication disabilities are denied benefits and services provided to non-disabled individuals and face risks and burdens not experienced by non-disabled individuals. These added delays and expenses in addressing ethics complaints are not experienced by non-disabled individuals. The State Bar Defendant's conduct has led to anxiety, frustration, and embarrassment, and decreased independence by Plaintiff, when attempting to navigate the State Bar's complaint process.

160. In early 2023, when Plaintiff requested the State Bar Court continue the early neutral evaluation conference a second time as a request for reasonable accommodation, the State Bar judicial officer then scheduled and held a

Vesco approximately a day after Plaintiff was given of notice of such hearing thus Plaintiff was not able to adequately prepare for such hearing. Plaintiff's request was then denied. State Bar employee Andres Rico also opposed Plaintiff's request for reasonable accommodation despite the fact neither Federal law nor California Rules Of Court 1.100 permit requests for reasonable accommodations be treated as adversarial proceedings. Furthermore, the Office of Chief Trial Counsel nor Andres Rico are not permitted to object to such requests yet they still did and continue to object to Plaintiff's requests for reasonable accomodations.

161.    42 USC 12203 (a) also provides that no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act. 42 USC 12203 (b) provides that it shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act. 42 USC 12203 (c) provides that the remedies and procedures available under sections 107, 203, and 308 of this Act shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to title I, title II and title III, respectively. Thus Andres Rico as an agent of the California State Bar and State Bar Defendants interfered with Plaintiff's request for reasonable accommodation and any remedies available under Title II are available to Plaintiff for such interference.

162.    Plaintiff later requested the State Bar Court continue his trial as a reasonable accommodation which request was granted by the State Bar Court.

163.    Plaintiff subsequently made another request for reasonable accommodation relating to the pending proceedings.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

164.     The State Bar Defendants then proceeded to request another Vesco hearing be held despite the fact it is only the State Bar Court that schedules such a Vesco hearing on it's own initiative or after a request for reasonable accommodation such a as seeking a continuance by Plaintiff.

165.     After Plaintiff provided some of his medical records at request of the State Bar Court in preparation of the second Vesco hearing, Plaintiff requested a short continuance of such hearing. The State Bar Defendants then proceeded to treat such request as an adversarial proceeding once again and objected to such continuance and falsely accused Plaintiff of misleading the State Bar Court thus the State Bar Defendants discriminatory conduct continues.

## First Cause Of Action

## Equal Protection Claim under 42 U.S.C. §1983

(Against Defendants George Cardona, Christopher Jagard, Kevin Taylor, Elizabeth Stine, Leah T. Wilson, Ruben Duran, Brandon Stallings, Mark Broughton, Raymond Buenaventura, Hailyn Chen, Jose Cisneros, Sarah Good, Gregory Knoll, Melanie M. Shelby, Arnold Sowell Jr., Mark W. Toney, and Genaro Trejo)

166.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1 though 165 as though fully set forth herein.

167.     Congress enacted §1 of the Civil Rights Act of 1871, 17 Stat. 13, the precursor to §1983, shortly after the end of the Civil War "in response to the widespread deprivations of civil rights in the Southern States and the inability or unwillingness of authorities in those States to protect those rights or punish wrongdoers." *Felder v. Casey*, 487 U.S. 131, 147 (1988). Plaintiff has standing to assert these claims under section 1983 because he is the person aggrieved by the State Bar Defendants' and State Bar Board Defendants unwillingness to protect his rights as a Complainant and to punish the wrongdoing of the Respondents in Plaintiff's grievances. The State Bar Defendants' and State Bar Board Defendants, having established and implemented a grievance process to benefit members of the

public who might be harmed by the wrongful actions of attorneys, has in this instance erected barriers that make it more difficult for Complainants like Plaintiff to obtain those benefits on an equal basis with similarly situated persons. Furthermore, the separation of powers doctrine does not deprive Plaintiff of standing because-unlike a crime victim seeking to compel prosecution by the executive branch-the issues in this case occur entirely within the judicial branch. Indeed, the legal profession in California is meant to be a self-governing profession. As a member of the profession, Plaintiff has not only a privilege, but a duty, to raise ethical violations when they occur.

168.    The State Bar Defendants' and State Bar Board Defendants deprived Plaintiff of his right to equal protection of the law afforded to him by the Fourteenth Amendment of the United States Constitution insofar as the State Bar Defendants' and State Bar Board Defendants' treatment of Plaintiff's Grievances when compared to the State Bar Defendants' and State Bar Board Defendants treatment of what appears now to be politically motivated inaction for grievances Plaintiff filed against Attorneys Dawn Sestito, Damali Taylor, Michele Floyd, Jacqueline Young, Kathrin Wanner and Kirsten Miller. Ultimately, State Bar Defendants' and State Bar Board Defendants arbitrarily and capriciously treated these similar situations in a manner that has resulted in Plaintiff being discriminated against, and did so because of prejudice in favor of politically popular parties or because of State Bar Defendants' and State Bar Board Defendants conflict of interest causing them to discriminate against Plaintiff. As a result, the State Bar Defendants' and State Bar Board Defendants acted arbitrarily and with discriminatory intent in dismissing Plaintiff's Grievances with the intent to chill his speech and inhibit his equal right to file a Grievance and have it heard.

169.    The United States Constitution requires courts to grant equal protection of its laws. The Fourteenth Amendment states in pertinent part, "No

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

State ... shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV, § 1. Yet, the State Bar Defendants' and State Bar Board Defendants chose to treat Plaintiff differently. More specifically, Plaintiff filed Grievances against Dawn Sestito, Damali Taylor, Michele Floyd, Jacqueline Young, Kathrin Wanner and Kirsten Miller as outlined above, for filing pleadings against Plaintiff that asserted false information and/or false testimony such attorneys knew to be false and Damali Taylor also threatened to get Plaintiff disbarred. Plaintiff also filed grievances against Kathrin Wanner and Kirsten Miller in part for misleading a California State Judge and suborning false testimony from William Hendricks. Despite this misconduct, State Bar Defendants' and State Bar Board Defendants dismissed Plaintiff's Grievances.

170.     Specifically, State Bar Defendants' and State Bar Board Defendants in their individual capacities, intentionally or recklessly deprived Plaintiff of his Equal Protection Rights when they determined that just cause did not exist and dismissed his grievances against the other aforementioned attorneys. By determining that just cause did not exist for Plaintiff's Grievances, while finding just cause to bring the disciplinary charges against Plaintiff, Plaintiff was intentionally or recklessly treated differently from others similarly situated when there was no rational basis for the difference in treatment.

171.     In summary, the State Bar Defendants' and State Bar Board Defendants dismissed Plaintiff' s Grievances against Dawn Sestito, Damali Taylor, Michele Floyd and Jacqueline Young on the purported ground that Plaintiff failed to articulate professional misconduct, but Plaintiff's complaints were in part for the exact same alleged conduct-maintaining an unjust action in violation of Business and Professions Code section 6068(c) [Maintaining an Unjust Action]. As such, according to State Bar Defendants' and State Bar Board Defendants, two separate parties can commit the exact same conduct, but who the party is will determine

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES

whether it is professional misconduct or even worthy of passing the inquiry stage of the California State Bar's grievance process.

172.     Ultimately, the State Bar Defendants' and State Bar Board Defendants do not enforce the California Rules Of Professional Conduct equally amongst attorneys. Instead, State Bar Defendants' and State Bar Board Defendants use the California Rules Of Professional Conduct and the grievance process as tools to prosecute certain lawyers and protect others, unequally. The State Bar Defendants' and State Bar Board Defendants arbitrarily denied Plaintiff's Grievance filings because of who he is and who his Grievances were filed against. Plaintiff is an attorney and Dawn Sestito and Damali Taylor are attorneys for large firm OMelveny and Myers LLP who represented a large business-Airbnb Inc, as did Michele Floyd and Jacqueline Young who were attorneys for a regional law firm Sacks Ricketts and Case LLP. Because of Plaintiff's political affiliation as a sole practitioner attorney, i.e., his politically unpopular and unpowerful state, and Dawn Sestito, Damali Taylor, Michele Floyd and Jacqueline Young's political affiliation as attorneys for a large law firm representing a large business Airbnb Inc., State Bar Defendants' and State Bar Board Defendants dismissed Plaintiff's Grievances and gave a free pass to attorneys in more politically popular roles. In the end, the State Bar Defendants' and State Bar Board Defendants discriminated against Plaintiff and arbitrarily chose not to further examine and discipline Dawn Sestito, Damali Taylor, Michele Floyd and Jacqueline Young for the exact same professional misconduct State Bar Defendants' and State Bar Board Defendants have filed claims in the notice of disciplinary charges to punish Plaintiff and treat him unfairly. As a result of State Bar Defendants' and State Bar Board Defendants unequal treatment of similarly situated attorneys, Plaintiff has been deprived of his Equal Protection rights in violation of the Fourteenth Amendment of the Constitution and 42 U.S.C. §1983.

173.     Plaintiff has a clearly established constitutional right to be free from deprivation, by persons acting under color of state law, of his right to equal protection of the law under the Fourteenth Amendment.

174.     A person acting under color of law is not entitled to qualified immunity when no reasonable public official could reasonably have believed that treating Plaintiff's grievances differently from any grievance filed against Plaintiff was not a violation of Plaintiff's rights.

175.     Furthermore, State Bar Defendants' and State Bar Board Defendants are not entitled to absolute immunity as "quasi-judicial" agency officials because they do not perform functions similar to those of judges or prosecutors in a setting similar to that of a court. Specifically, as set out above, the State Bar Defendants' and State Bar Board Defendants doe not afford Complainants the type of safeguards necessary to control unconstitutional conduct and insulate the decisionmakers from political influence, and the determination of just cause is not made in an adversary process, nor is it correctable on an appeal in which a Complainant may participate.

176.     As a direct result of State Bar Defendants' and State Bar Board Defendants intentional and deliberate conduct and actions, Plaintiff was deprived of his constitutional rights, causing injury and damages.

## **Second Cause of Action**

### **First Amendment Claim under 42 U.S.C. § 1983**

(Against Defendants George Cardona, Christopher Jagard, Kevin Taylor, Elizabeth Stine, Leah T. Wilson, Ruben Duran, Brandon Stallings, Mark Broughton, Raymond Buenaventura, Hailyn Chen, Jose Cisneros, Sarah Good, Gregory Knoll, Melanie M. Shelby, Arnold Sowell Jr., Mark W. Toney, and Genaro Trejo)

177.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1 though 176 as though fully set forth herein.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

178.     The State Bar Defendants' and State Bar Board Defendants have retaliated against Plaintiff for exercising free expression.

179.     The State Bar Defendants' and State Bar Board Defendants deliberately and intentionally deprived Plaintiff of the rights afforded to him under the First Amendment of the United States Constitution. State Bar Defendants' and State Bar Board Defendants deprived Plaintiff of his right to freedom of speech insofar as Defendants' actions caused Plaintiff to suffer an injury that would chill the speech of a person of ordinary firmness from continuing to engage in filing grievances under the California State Bar grievance process. State Bar Defendants' and State Bar Board Defendants intentional actions have chilled the speech of Plaintiff in pursuing Grievances against Michele Floyd, Jacqueline Young, Michele Floyd, Dawn Sestito, Kathrin Wanner, Kirsten Miller and two separate grievances against Damali Taylor.

180.     Plaintiff engaged in protected activity when he spoke up as a concerned citizen on matters of public concern-i.e., false representations, filing of false documents in state court proceedings, misleading Judicial officers, unlawful threats, and other misconduct in the practice of law as outlined above-and filed grievances with the State Bar Defendants' and State Bar Board Defendants. However, the State Bar Defendants' and State Bar Board Defendants sought to silence Plaintiff by dismissing his Grievances without any adequate justification. As mentioned above, the State Bar Defendants' and State Bar Board Defendants pick and choose who to investigate grievances against, or pursue their own actions against, based on prominence, popularity, political affiliation, and professional association. State Bar Defendants' and State Bar Board Defendants selective prosecution leads to inconsistent results and unequal treatment. Some attorneys have complaints filed against them by the State Bar Defendants' and State Bar Board Defendants for the exact same conduct that the State Bar Defendants' and

State Bar Board Defendants have dismissed at the inquiry stage. This case is an example of just that illegal and perplexing dual standard.

181.     The State Bar Defendants' and State Bar Board Defendants selective enforcement of the law injured Plaintiff's freedom of expression and damaged him by preventing him from having his professional conduct Complaints heard. The State Bar Defendants' and State Bar Board Defendants selective prosecution has chilled Plaintiff speech by preventing him from being heard in the California State Bar grievance process and silencing his complaints for professional misconduct. Plaintiff has brought forth multiple Grievances showing, on their face, violations of the California Rules of Professional Conduct by Michele Floyd, Jacqueline Young, Michele Floyd, Dawn Sestito and Damali Taylor for misrepresenting the truth and being dishonest in their pleadings served upon Plaintiff and/or filed with a court while also misleading Judges.  Michele Floyd and separately Kathrin Wanner and Kirsten Miller also misled a state court judge and suborned and allowed William Hendricks to offer false testimony under oath in state court proceedings. The State Bar Defendants' and State Bar Board Defendants have curtailed Plaintiff's right to speak by dismissing these grievances without any investigation nor further examination of their conduct, and by preventing Plaintiff from discussing his grievances with State Bar employees as all Plaintiff's grievances were summary closed.

182.     This injury would chill the speech of a person of ordinary firmness from bringing other Grievances under the California State Bar's grievance process. Without the assurance that the State Bar Defendants' and State Bar Board Defendants will treat claimants equally, and prosecute each grievance according to the letter of the law, members of the public are discouraged from pursuing grievances against California attorneys. The State Bar Defendants' and State Bar Board Defendants engage in selective enforcement of the law and dismiss

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

politically unpopular-yet valid-grievances. Ultimately, the State Bar Defendants' and State Bar Board Defendants unequal treatment of attorneys based on their popularity, prominence, political affiliation, and professional association, will lead to the destruction of the entire self-regulation system California attorneys currently enjoy. Ordinary members of the public, both lawyers and clients, will be dissuaded from seeking to resolve grievances through the State Bar of California as they recognize that State Bar Defendants' and State Bar Board Defendants play politics with the attorney disciplinary system and quietly bury unpopular speech by disposing of politically disfavored Grievances through summary disposition and by concealing any rationale for Defendants' actions as "confidential" even from the Complainant who filed the Grievance. State Bar Defendants' and State Bar Board Defendants brazenness in treating participants, like Plaintiff in this matter, differently based on political association and based on the contents of the expression will chill the speech of ordinary members of the public seeking to hold lawyers accountable.

183. The State Bar Defendants' and State Bar Board Defendants were motivated to silence Plaintiff by dismissing his Grievances without any investigation based on Plaintiff's political/professional association as a sole practitioner and based on the contents of his grievances, which targeted politically well-connected attorneys who represented a very large and prominent business, Airbnb Inc. The State Bar Defendants' and State Bar Board Defendants dismissed Plaintiff's Grievances at the inquiry stage without any investigation. By contrast, the State Bar Defendants filed disciplinary charges against Plaintiff. Thus, by dismissing Plaintiff's Grievances founded on clear alleged violations of ethical rules at the inquiry stage-the very first stage, without any investigation and without allowing any further discussion from Plaintiff-coupled with the State Bar Defendants' and State Bar Board Defendants own actions showing that State Bar

Defendants' and State Bar Board Defendants believe that allegations of the very same conduct constitute a violation of the California Rules of Professional Conduct, State Bar Defendants' and State Bar Board Defendants have shown that the motivation for their arbitrary dismissal of Plaintiff's grievances was based on the content of Plaintiff's speech calling out politically powerful lawyers for professional misconduct. The State Bar Defendants' and State Bar Board Defendants arbitrary and capricious treatment of Plaintiff's speech punishes the exercise of important public expression about the legal profession and chills members of the public from speaking out against lawyers and corporations who will be perceived as above the law as a result of the State Bar Defendants' and State Bar Board Defendants actions.

184.     In addition, the State Bar Defendants' and State Bar Board Defendants dismissal of Plaintiff's grievances caused a chilling effect on Plaintiff's speech. State Bar Defendants' and State Bar Board Defendants actions were motivated by his desire to protect Damali Taylor, Dawn Sestito, Michele Floyd and Jacqueline Young and more importantly, OMelveny and Myers LLP and Airbnb Inc., and State Bar Defendants' and State Bar Board Defendants desire to prohibit Plaintiff from speaking further on the subject matter of his grievances. State Bar Defendants' and State Bar Board Defendants actions did suppress Plaintiff's speech, at least in part, and were motivated by the desire to stop Plaintiff from continuing to pursue his grievances. Plaintiff is not required to show that his speech was completely suppressed, rather he only needs to show that the State Bar Defendants' and State Bar Board Defendants actions had a chilling effect on his speech, or in other words, that his speech was adversely affected by the State Bar Defendants' actions. By way of example, Plaintiff was now no longer able to present his valid grievances to a State Bar investigator, thereby causing a chilling effect on his speech. Ultimately, the State Bar Defendants' and State Bar Board

Defendants are well aware of the effect of placing a grievance and summarily denying them. Grievances do not survive this first inquiry level.

185.    Plaintiff can further show that the State Bar Defendants' and State Bar Board Defendants actions had a chilling effect because a person of ordinary firmness would have discontinued pursuing his/her grievance once dismissed by the State Bar Defendants' and State Bar Board Defendants and then by summary disposing of such complaints. Even if Plaintiff was an unusually determined complainant, this does not allow the State Bar Defendants' and State Bar Board Defendants to escape liability for attempting to chill Plaintiff's speech.

186.    Furthermore, by treating Plaintiff's grievances as having been previously considered and dismissed, the State Bar Defendants' and State Bar Board Defendants retaliated against Plaintiff for exercising his freedom of speech in the grievances.

187.    Likewise, by refusing to accept Plaintiff's grievances, State Bar Defendants' and State Bar Board Defendants retaliated against Plaintiff for exercising his freedom of speech in his prior grievances.

188.    As a result of the State Bar Defendants' and State Bar Board Defendants' violation of Plaintiff's freedom of speech, Plaintiff has suffered injury.

189.    The State Bar Defendants' and State Bar Board Defendants have enforced the unconstitutional laws and policies challenged here while acting under color of state law.

190.    Despite repeated opportunities and empty promises by the California State Board and State Bar Defendants to cease discriminatory conduct against solo practitioners and they also discriminated against Plaintiff as a member of a protected class and exhibited political favoritism to politically connected law firms and individuals at such law firms as well as favoritism for large companies such as

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

Airbnb Inc. Thus a broad freedom of association challenge to mandatory bar membership in California is warranted since at least some of a state bar's actions are not germane to regulating the legal profession and improving the quality of legal services in California.

<u>**Third Cause Of Action**</u>

**Compelled Membership in the State Bar Violates Attorneys' First and Fourteenth Amendment Rights To Free Association and Free Speech**

(Against Defendants Hon. Patricia Guerrero, Hon.  Carol A. Corrigan, Hon. Goodwin H. Liu, Hon. Leondra R. Kruger, Hon. Joshua P. Groban, Hon. Martin J. Jenkins. Hon.  Kelli Evais, Ruben Duran, Brandon Stallings, Mark Broughton, Raymond Buenaventura, Hailyn Chen, Jose Cisneros, Sarah Good, Gregory Knoll, Melanie M. Shelby, Arnold Sowell Jr., Mark W. Toney, Genaro Trejo)

191.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1 though 190 as though fully set forth herein.

192.    The First and Fourteenth Amendment protect not only the freedom of association but also the freedom not to associate.

193.    The First and Fourteenth Amendment protect the freedom of speech, which includes the right to avoid subsidizing the speech of other private speakers.

194.    By its very nature, a mandatory bar association such as the California State Bar violates these rights.

195.    Mandatory associations, particularly mandatory associations for expressive purposes, are permissible only when they serve a compelling state interest that the government cannot achieve through other means significantly less restrictive of First Amendment freedoms.

196.    The only state interests that a mandatory bar association can plausibly serve are regulating the legal profession and improving the quality of legal services.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

197.     The state of California can readily use means significantly less restrictive of First Amendment freedoms to regulate the legal profession and improve the quality of legal services.

198.     For example, the State of California could regulate the legal profession directly, or through an agency under its jurisdiction, without requiring attorneys to join or pay a bar association, as at least 18 other states do.

199.     By failing to utilize means significantly less restrictive of associational freedoms than a mandatory association, the Defendant California Supreme Court and the Defendant State Board can maintain and actively enforce a set of laws, practices, procedures, and policies that deprive Plaintiff of his rights of free speech and free association in violation of the First and Fourteenth Amendments.

200.     This deprivation of constitutional rights is causing Plaintiff to suffer irreparable injury for which there is no adequate remedy at law. Unless this deprivation of rights is enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

201.     Plaintiff is entitled to declaratory and injunctive relief against Defendants' continued enforcement and maintenance of these unconstitutional laws, practices, procedures, and policies, and is entitled to an award of attorneys' fees. See 28 U.S.C. §§ 2201, 2202; 42 U.S.C. §§ 1983, 1988.

## Fourth Cause of Action

**The collection and use of mandatory bar dues to subsidize the California State Bar's speech, including its political and ideological speech, violates Plaintiff's First and Fourteenth Amendment rights to free speech and association**

(Against Defendants Hon. Patricia Guerrero, Hon.  Carol A. Corrigan, Hon. Goodwin H. Liu, Hon. Leondra R. Kruger, Hon. Joshua P. Groban, Hon. Martin J. Jenkins. Hon.  Kelli Evais, Ruben Duran, Brandon Stallings, Mark Broughton, Raymond Buenaventura, Hailyn Chen, Jose Cisneros, Sarah Good, Gregory Knoll, Melanie M. Shelby, Arnold Sowell Jr., Mark W. Toney, Genaro Trejo)

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

202.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1 though 201 as though fully set forth herein.

203.    The State Bar collects and uses mandatory bar fees to subsidize its speech, including its political and ideological speech as described above, without attorneys affirmative consent.

204.    The State Bar provides no effective way for attorneys to avoid having their dues used to subsidize its speech, including its political and ideological speech.

205.    The State Bar could readily serve its interest in improving the quality of legal services and regulating the legal profession without forcing attorneys to subsidize the State Bar's speech, including its political and ideological speech.

206.    The State Bar could improve the quality of legal services and regulate the legal profession without requiring attorneys to fund a bar association at all. It could adopt measures to improve the quality of legal services and regulate the legal profession directly, or through an agency under its jurisdiction, as at least 18 other states do.

207.    Alternatively, the California State Bar could require that the State Bar use mandatory bar dues only for regulatory activities, as Nebraska has done.

208.    Because the State Bar could readily serve its interest in improving the quality of legal services in ways significantly less restrictive of free speech and association, the State Bar violates the First and Fourteenth Amendments by collecting and using mandatory bar dues to subsidize any of its speech.

209.    Alternatively, the State Bar violates the First and Fourteenth Amendments by collecting and using mandatory bar dues to subsidize its political and ideological speech.

210.    At the very least, the State Bar violates the First and Fourteenth Amendments by collecting and using mandatory bar dues to subsidize its speech

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

and other activities that are not germane to improving the quality of legal services and regulating the legal profession.

211.     Accordingly, to protect members' First Amendment rights, the State Bar must create an "opt-in" system for attorneys such as Plaintiff to subsidize its speech and non-germane activities; it cannot require attorneys to opt out. See *Janus v. AFSCME,* 138 S. Ct. 2448, 2486 (2018). Unless an attorney provides affirmative consent, his or her dues cannot be used to subsidize the State Bar's non-germane activities or its speech, including but not limited to its political and ideological speech.

212.     Under existing law, Defendants maintain and enforce a set of laws, practices, procedures, and policies that are not adequate to ensure that mandatory dues will not be used for the impermissible purposes described above including discriminatory conduct against Plaintiff as a miner of a protected class of the disabled community without affirmative consent.

213.     Accordingly, Defendants are currently maintaining and actively enforcing a set of laws, practices, procedures, and policies that deprive Plaintiff of his rights of free speech and free association in violation of the First and Fourteenth Amendments.

214.     This deprivation of constitutional rights is causing Plaintiff to suffer irreparable injury for which there is no adequate remedy at law. Unless this deprivation of rights is enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

215.     Plaintiff is entitled to declaratory and injunctive relief against Defendants' continued enforcement of these unconstitutional laws, practices, procedures, and policies, and is entitled to an award of attorneys' fees. See 28 U.S.C. §§ 2201, 2202; 42 U.S.C. §§ 1983, 1988.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

### Fifth Cause Of Action

**The California State Bar Violates Plaintiff's First and Fourteenth Amendment rights by Failing To provide Safeguards To Ensure Mandatory Dues Are Not Used For Impermissible Purposes**

(Against Defendants Hon. Patricia Guerrero, Hon.  Carol A. Corrigan, Hon. Goodwin H. Liu, Hon. Leondra R. Kruger, Hon. Joshua P. Groban, Hon. Martin J. Jenkins. Hon.  Kelli Evais, Ruben Duran, Brandon Stallings, Mark Broughton, Raymond Buenaventura, Hailyn Chen, Jose Cisneros, Sarah Good, Gregory Knoll, Melanie M. Shelby, Arnold Sowell Jr., Mark W. Toney, Genaro Trejo)

216.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1 though 215 as though fully set forth herein.

217.    To the extent mandatory bar fees are constitutional at all, the California Supreme Court has required bar associations such as the State Bar to ensure that such fees are used only for activities germane to improving the quality of legal services and regulating the legal profession. See *Keller v. State Bar of Cal.,* 496 U.S. 1, 14 (1990).

218.    To protect the rights of State Bar members and ensure mandatory member fees are used only for chargeable expenditures, *Keller* requires the State Bar to institute safeguards that provide, at a minimum: (1) notice to members, including an adequate explanation of the basis for the dues and calculations of all non-chargeable activities, verified by an independent auditor; (2) a reasonably prompt decision by an impartial decision-maker if a member objects to the way his or her mandatory dues are spent; and (3) an escrow for amounts reasonably in dispute while such objections are pending. *Keller,* 496 U.S. at 14. The State Bar does not satisfy any of these requirements.

219.    In relation to this first requirement in *Keller*,  because the State Bar does not provide Plaintiff notice as a member with sufficient detailed information to determine whether its expenditures are chargeable, including an adequate detailed explanation of the basis for the dues and calculations of all non-chargeable

activities, the State Bar fails to provide an adequate explanation for the basis of member dues as *Keller* requires. As an example, it is impossible for Plaintiff to determine how much in expenditures are used for discriminatory conduct engaged in by the California State Bar to discriminate against the disabled community and to allow violations of the ADA to continue nor how much in expenditures are used to violate Plaintiff's and similarly situated attorneys First Amendment right to free speech all of which activities are not germane to improving the quality of legal services and regulating the legal profession. On information and belief, the California State Bar uses funds to discriminate against attorneys as members of protected classes such as Plaintiff who are solo practitioners in violation of Federal civil rights laws. The State Bar Defendants have also taken an active role in abridging matters outside the courtroom in punishing free speech including such rights of Plaintiff.

220.     Despite the fact the American With Disabilities Act was enacted over thirty years ago, the State Bar Defendants refuse to comply with basic requirements of civil rights legislation thus Plaintiff objects to paying any dues until such unlawful practices continue and the State Bar is required to implement adequate safeguards to enforce compliance with the American With Disabilities Act of 1990, as Amended. The State Bar Defendants discriminatory activities under the ADA as alleged above are not germane to improving the quality of legal services and regulating the legal profession but are instead illegal.

221.     Since Plaintiff is not provided sufficient detail to enable him to raise any objections, the State Bar does not provide Plaintiff an adequate opportunity to object to its past and proposed expenditures to any impartial decision-maker as *Keller* requires despite.

222.     Therefore—even assuming mandatory bar membership and fees are constitutional at all—the State Bar fails to provide Plaintiff minimum safeguards

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

required by the First and Fourteenth Amendments before collecting and expending mandatory member dues.

223.    For these reasons, State Bar Defendants and Defendant State Board maintain and enforce a set of laws, practices, procedures, and policies that deprive Plaintiff of his First and Fourteenth Amendment rights.

224.    This deprivation of constitutional rights is causing Plaintiff to suffer irreparable injury for which there is no adequate remedy at law. Unless this deprivation of rights is enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

225.    Plaintiff is entitled to declaratory and injunctive relief against Defendants' continued enforcement and maintenance of these unconstitutional laws, practices, procedures, and policies, and is entitled to an award of attorneys' fees. See 28 U.S.C. §§ 2201, 2202; 42 U.S.C. §§ 1983, 1988.

### Sixth Cause Of Action

**Monopolization, attempted monopolization, and combination and conspiracy to monopolize in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2**

(Against Defendants State Bar Of California, George Cardona, Christopher Jagard, Kevin Taylor, Elizabeth Stine and Leah T. Wilson)

226.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1 though 225 as though fully set forth herein.

227.    As described above, beginning at least as early as June 2019 and continuing through the filing of this First Amended Complaint, the State Bar Defendants and their co-conspirators have monopolized, through the willful acquisition, maintenance, and/or enhancement of monopoly power; attempted to monopolize; and/or combined and conspired to monopolize the Relevant Market, resulting in harm both to competition generally and to Plaintiff specifically, in violation of Section 2 of the Sherman Act. Furthermore, charging Plaintiff for a

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

violation of Business and Professions Code section 6068(c) was done in bad faith for anticompetitive purposes.

228.     The State Bar of California and State Bar Defendants' unlawful monopolization, attempted monopolization, and/or combination and conspiracy to monopolize both injured competition in the Relevant Market, including by reducing consumer choice, reducing the output of legal services, and raising prices, and resulted in the unlawful exclusion of Plaintiff from the Relevant Market.  The State Bar of California and State Bar Defendants' unlawful monopolization, attempted monopolization, and/or combination and conspiracy to monopolize proximately caused Plaintiff economic loss and damages, which Plaintiff seeks to recover.

229.     The unlawful combination and conspiracy by State Bar of California and State Bar Defendants and their co- conspirators, in which they were seeking to exclude Plaintiff from the Relevant Market, constitutes a boycott, a collective refusal to deal, and the exclusion of competitors from the Relevant Market by market participants with market power, and thus a per se antitrust violation. The unlawful combination and conspiracy by the State Bar of California and State Bar Defendants and their co-conspirators also resulted in an unreasonable restraint of trade.  The State Bar of California and State Bar Defendants misuse of the disciplinary system constitutes an antitrust violation. The conduct of the State Bar of California and State Bar Defendants was not pursuant to previously established procedures which have been fairly and objectively applied to all California attorneys.

230.     The State Bar of California and State Bar Defendants' unlawful combination and conspiracy injured competition in the Relevant Market, including by reducing consumer choice, reducing the output of legal services, and

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

proximately caused Plaintiff's economic loss and damages, which he seeks to recover.

231.     The State Bar of California and State Bar Defendants' illegal and unreasonable anticompetitive and monopolistic conduct, as described above, has caused Plaintiff substantial economic harm. The State Bar of California and State Bar Defendants' and their co- conspirators' illegal conduct has prevented Plaintiff from serving customers while State Bar harassed Plaintiff with unfounded investigations and while refusing to prevent Airbnb Inc's legal department from hiring lawyers to vex and harass Plaintiff while actively misleading Federal and State judicial officers.

232.     Plaintiff's economic success and growth was severely and directly impacted when State Bar of California and State Bar Defendants began colluding among themselves and with other market participants to deny Plaintiff access to and relationships with additional clients in California. Specifically, because of State Bar Defendants' anticompetitive actions, Plaintiff has been forced to reduce legal services he offered to California residents. The State Bar of California and State Bar Defendants' anticompetitive conduct has caused Plaintiff lost revenue and increased costs. Because the State Bar Defendants' conspiracy to interfere with and prevent Plaintiff from forming business relationships with additional clients is ongoing, Plaintiff's damages are increasing each day, and it will seek to recover all additional damages it incurs during the pendency of this lawsuit.

233.     The economic injuries Plaintiff has suffered and will suffer are injuries the antitrust laws intend to prevent and that flow from that which makes the State Bar of California and State Bar Defendants' acts unlawful. Plaintiff's injuries were caused by State Bar of California and State Bar Defendants' actions aimed at excluding Plaintiff from the Relevant Market. The State Bar of California and State Bar Defendants' exclusionary tactics harmed competition in the Relevant

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

Market by depriving customers access to competitors' services, depriving customers of a more efficient service, reducing innovation in the Relevant Market, and increasing prices by reducing the output of legal services.

234.    Plaintiff is entitled to recover treble damages pursuant to 15 U.S.C. § 15(a).  Plaintiff therefore seeks an award of damages against the State Bar of California and State Bar Defendants, jointly and severally of at least $100,000. Because the State Bar Defendants' illegal conduct is ongoing, Plaintiff's damages are increasing each day, and he will seek treble recovery of all additional damages it incurs during the pendency of this lawsuit.

235.    Plaintiff also seeks to recover costs, prejudgment interest, and attorneys' fees pursuant to 15 U.S.C. §15(a).

236.    Plaintiff seeks temporary and permanent injunctive relief against the California State Bar prohibiting the Bar, its officers, agents, and employees, and all persons who act in active concert with any of them, from continuing any of the anticompetitive actions addressed in this complaint, including but not limited to making any public or private statements that Plaintiff is engaged in any unethical activities, while the California State Bar's investigation of Plaintiff is pending.

237.    Plaintiff seeks permanent injunctive relief against The State Bar Defendants and their officers, agents, and employees, and all persons who act in active concert with any of them, from continuing any of the anticompetitive actions addressed in this complaint, including but not limited to filing baseless ethical complaints, baseless attorney ethics complaints or baseless sanctions motions, or threatening to file such matters.

238.    Injunctive relief is appropriate because the harm Plaintiff has suffered and will continue to suffer in the absence of such relief is difficult to quantify. Before Defendants sought to temporarily put Plaintiff out of business in California, Plaintiff was positioned to capitalize on its status as a rising litigator. Indeed,

Plaintiff did show growth in business in offering legal services and it is difficult to quantify how much business Plaintiff would have won but for State Bar Defendants' multi-pronged effort to derail Plaintiff's business.

239.     Plaintiff seeks such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

## Seventh Cause of Action
### Claim for Violation of Title II of the Americans with Disabilities Act
(Against Defendants State Bar Of California, George Cardona, Christopher Jagard, Kevin Taylor, Elizabeth Stine and Leah T. Wilson)

240.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1 though 239 as though fully set forth herein.

241.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

242.     According to the regulations promulgated under Title II, "a public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, discriminate against individuals with disabilities." 28 C.F.R. § 35.130(b)(1).

243.      The State Bar of California is a public entity and the establishes eligibility criteria for receiving a license to practice law in the state, evaluating applications for admission to the Bar, maintaining records of California attorneys, and conducting disciplinary proceedings which are programs and activities of a public entity for purposes of the statute.

244.     The regulations provide further that a public entity "shall take appropriate steps to ensure that communications" with persons with disabilities "are as effective as communications with others." 28 C.F.R. § 35.160(a).

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

245.     Where necessary, a public entity such as the State Bar "shall furnish appropriate auxiliary aids and services... to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity." 28 C.F.R. § 35.160(b)(l).  In doing so, the regulations compel a public entity to "give primary consideration to the requests of the individual with disabilities." 28 24 C.F.R. § 35.160(b)(2).

246.     The State Bar of California and State Bar Defendants discriminated against Plaintiff as an individual with a disability by: (1) making discriminatory inquiries regarding his mental health diagnoses and treatment; (2) subjecting Plaintiff to burdensome supplemental investigations triggered by his mental health status or treatment as revealed during investigative processes; (3) making discriminatory insults to Plaintiff questioning his diagnosis based on stereotypes of persons with neurological disabilities; (4) by imposing additional financial burdens on Plaintiff as an individual with a disability; (5) failing to provide adequate confidentiality protections during the process of addressing Plaintiff's ADA requests for reasonable accommodations; and (6) implementing burdensome, intrusive, and unnecessary conditions on Plaintiff improperly based on his mental health diagnoses and treatment.

247.  State Bar of California and State Bar Defendants conduct constitutes ongoing and continuous violations of the ADA and its supporting regulations. Unless restrained from doing so, State Bar of California and State Bar Defendants will continue to violate the ADA. Unless enjoined, Defendant's conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

248.  Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1)-(2).

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

249.  Due to his past neurological episodic events and State Bar of California and State Bar Defendants perception that Plaintiff suffered from a neurological disorder, Defendant was also put on notice that Plaintiff was a perceived "qualified individual with a disability" as defined in 42 U.S.C. § 12132 before State Bar of California and State Bar Defendants was later put on actual notice when Plaintiff was coerced by Defendant to unlawfully disclose Plaintiff's confidential medical information when Plaintiff's doctor confirmed he had a disability.

250.  The ADA and its implementing regulations require that no qualified individual be subjected to discrimination by any public entity. 29 C.F.R. § 1630.2(h).

251.  State Bar of California and State Bar Defendants intentionally discriminated against Plaintiff by using his history of episodic neurological events as well as a perceived mental health impairment, as grounds to deny and then severely and unnecessarily restrict Plaintiff's rights and his liberty interest in pursuing her career free from discrimination.

252.  By maintaining and implementing State Bar services that authorize discrimination against persons with any mental health condition, State Bar of California and State Bar Defendants intentionally discriminated against Plaintiff.

253.  The State Bar of California and State Bar Defendants at all times knew or should have known Plaintiff was an individual with a disability who needed reasonable modifications.

254.  Through the acts and omissions described above, the State Bar of California and State Bar Defendants is violating the ADA, 42 U.S.C. § 12132, and its implementing regulations, 28 C.F.R. Pt. 35, including by:

a. Failing to make reasonable modifications to policies, practices, and procedures to avoid discrimination by the State Bar against Plaintiff;

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

b. Utilizing methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of Defendant's programs with respect to Plaintiff, including using inadequate investigative services to review bar complaints to enforce ethical rules involving unlawful conduct;

c. Denying Plaintiff the opportunity to participate in and benefit from service and protections of The State Bar that are equal and afforded to other members of the public.

d. Failing to take appropriate steps to ensure that communications" with persons with disabilities such as Plaintiff are as effective as communications with others.

e. Failing to establish a system such as ECF/CM and the online seems requiring efiling in California Courts to allow filing of all pleadings electronically.

255.   The State Bar of California and State Bar Defendants have demonstrated a deliberate indifference that harm to Plaintiff's federally protected rights under the ADA was substantially likely, and Defendant failed to act upon that likelihood.

256.   The State Bar of California and State Bar Defendants have failed to provide services in the most integrated setting appropriate to meet the needs of Plaintiff as a qualified individual with a disability in violation of federal and state law.

257.   The needs of qualified individuals with disabilities such as Plaintiff can be reasonably accommodated by Defendants in a number of ways such as: communicating over the telephone with Plaintiff when he makes a complaint to the State Bar about licensed attorneys engaged in unlawful conduct; forwarding any complaints that involve illegal conduct to law enforcement and/or others who are trained to deal with unlawful acts against disabled individuals such as Plaintiff.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

258.    The State Bar of California and State Bar Defendants had the option to administer State Bar services so as not to create a bias towards Plaintiff. Instead, Defendants chose to administer State Bar services in such a way as to discriminate against qualified individuals with disabilities such as Plaintiff, and to place him at risk with life threatening consequences.

259.    The acts and omissions of the State Bar of California and State Bar Defendants as caused and will continue to cause Plaintiff to suffer irreparable harm, and he has no adequate remedy at law.

260.    The actions and conduct of the State Bar of California and State Bar Defendants are the direct and proximate cause of injuries to Plaintiff. This injury includes, but is not limited to, lost income and impaired employment prospects.

261.    Under the ADA, Plaintiff is entitled to attorneys' fees and costs as appropriate and permitted by law, pursuant to 42 U.S.C. § 12205.

262.    As relief, Plaintiff seeks a declaratory judgment that Defendant's actions violated Plaintiff's rights under the Americans with Disabilities Act, reasonable attorneys' fees pursuant to 42 U.S.C. § 12132 and 29 U.S.C. § 794a(b), and any other relief.

263.    The State Bar is a government entity subject to Title II of the ADA. 42 USC §§ 12131(1)(A) and (B) (1990).

264.    Defendant is obligated under the ADA to administer its programs in a manner that enables qualified individuals with disabilities such as Plaintiff  to live in the most integrated setting appropriate to their needs. Defendants denial and reduction of adequate and necessary services, and failure to provide Plaintiff as a qualified individual with a disability, has denied him the services he needs to remain safe in his community.

265.    The State Bar of California and State Bar Defendants have discriminated against Plaintiff as a qualified individual with disability in a way that

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

includes arbitrarily investigating ethics complaints, thus denying Plaintiff the services of the State Bar that would otherwise be available for non-disabled individuals.

266.    The State Bar of California and State Bar Defendants have discriminated against qualified individuals with disabilities such as Plaintiff by failing to provide reasonable modifications to programs and services in ways that include: failing  enable Plaintiff to receive adequate and necessary services offered non-disabled individuals; and failing to create and implement an exception process at a level adequate to meet Plaintiff's needs; and failing to postpone the ENEC and other further demands upon Plaintiff by the State Bar of California and State Bar Defendants.

267.    By denying Plaintiff adequate and necessary State Bar services commensurate with Plaintiff's actual needs, as opposed to arbitrary service limitations, the State Bar of California and State Bar Defendants has imposed eligibility requirements which unlawfully screen Plaintiff out from fully and equally enjoying State Bar services, and from receiving adequate protections offered non-disabled individuals.

268.    The State Bar of California and State Bar Defendants have utilized criteria and methods of administration that subjected Plaintiff as a disabled individual to discrimination on the basis of his disability, including risk of unnecessary harm and life threatening consequences.

269.    Unless the requested relief is granted, Plaintiff will suffer irreparable harm and life threatening consequences in that he will be discriminated against and denied equal access to the services of the California Bar, and be unlawfully burdened in seeking continued licensure as an attorney in the state of California.

270.    The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities. 42 U.S.C. § 1 2 1 88(a)(1 )

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

271.    Plaintiff is entitled to injunctive relief, as well as reasonable attorney's fees and costs.

272.    The State Bar of California and State Bar Defendants actions are in violation of Title II of the ADA. Pursuant to 42 U.S.C. § 12133 (1990), Plaintiff is entitled to injunctive relief, as well as reasonable attorneys' fees and costs incurred in bringing this action.

273.    The California State Bar denies qualified people who are disabled with equal access to State Bar services during State investigations and before and after disciplinary proceedings are commenced.

274.    As a result, the State Bar is in violation of Title II of the ADA, 42 U.S.C. §§ 12131-34, and its implementing regulation, 28 C.F.R. Part 35.

## Eighth Cause of Action

**Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794**
(Against Defendants State Bar Of California, George Cardona, Christopher Jagard, Kevin Taylor, Elizabeth Stine and Leah T. Wilson)

275.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1 though 274 as though fully set forth herein.

276.    The State Bar Of California and State Bar Defendants received $20 million from in funding from the Federal government to assist Californians with homelessness issues.

277.    As a result, on information and belief the State Bar of California and State Bar Defendants are in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulation for recipients of federal funding from the U.S. Department of Housing and Urban Development, 49 C.F.R. Part 27.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

## REQUEST FOR RELIEF

### Claims I and II

### Prayer For Relief

WHEREFORE, Plaintiff respectfully prays that:

a. The Court issue an order enjoining the State Bar to re-open the grievances against Damali Taylor, Dawn Sestito, Michele Floyd, Jacqueline Young, Kathrin Wanner and Kirsten Miller.

b. The Court issue an order enjoining Defendants to disclose to Plaintiff the reasons his Grievances were dismissed;

c. The Court hold that the Defendants' unequal treatment amongst attorneys when applying the California Rules of Professional Conduct is unconstitutional;

d. The Court award Plaintiff First Amendment retaliation damages;

e. The Court award Plaintiff attorney's fees and costs of court pursuant to 42 U.S.C. §§ 1983 and 1988 or any other applicable provisions of federal law; and

f. For such other and further relief, in law or in equity, general or special, to which Plaintiff may be justly entitled.

### Claims III, IV and V

### Prayer For Relief

Wherefore, Plaintiff  that this Court enter judgment in Plaintiff's favor and:

a. Declare that Defendants violate Plaintiff's rights to freedom of speech and association under the First and Fourteenth Amendments by enforcing California statutes that make membership in the State Bar and mandatory dues a condition of practicing law in the State of California;

b. Declare that Defendants may not require an attorney to pay mandatory dues or fees to subsidize the State Bar's speech, including its political and

ideological speech or any of its non-germane activities, unless the member has affirmatively consented to having dues or fees used for those purposes, as required by *Janus v. AFSCME*;

  c. Permanently enjoin Defendants and all persons in active concert or participation with them from enforcing laws which mandate membership in the California State Bar, which requires payment of membership fees to the State Bar.

  d. In the alternative, declare that Plaintiff's rights to freedom of speech and association under the First and Fourteenth Amendments are violated by the State Bar's failure to implement the minimum safeguards required by Keller v. State Bar of California, and preliminarily and permanently enjoin Defendants from collecting mandatory bar dues until the State Bar adopts the minimum safeguards Keller requires and also until such time Defendants adopt minimum safeguards to comply with the American With Disabilities Act of 1990, As Amended;

  e. Award Plaintiff his costs, attorneys' fees, and other expenses as provided by law, including 42 U.S.C. § 1988; and

  f. Order such additional relief as may be just and proper.

## <u>Claim VI</u>

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

  a. adjudge and declare that Defendants have engaged in unlawful conduct in violation of § 2 of the Sherman Act, 15 U.S.C. § 1;

  b. award Plaintiff actual damages, trebled by law, plus costs of suit, prejudgment interest, and attorneys' fees pursuant to § 4 of the Clayton Act, 15 U.S.C. §15;

  c. enter upon final judgment, a permanent injunction as set forth above; and

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

d.     grant such further relief at law or in equity as the Court deems just and appropriate.

## **Claim VII AND VIII**

WHEREFORE, Plaintiffs pray that the Court order the following relief and remedies on behalf of himself and all others similarly situated:

A.     Grant judgment in favor of the Plaintiff on claims VII and VIII in the first amended complaint and declare that the State Bar Of California, George Cardona, Christopher Jagard, Kevin Taylor, Elizabeth Stine and Leah T. Wilson (hereafter "ADA Defendants")  have violated Title II of the ADA, 42 U.S.C. §§ 12131-34, and its implementing regulations, 28 C.F.R. Part 35, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its relevant implementing regulations, 49 C.F.R. Part 27, by denying individuals who are disabled such as Plaintiff;

B.     Enter an injunction requiring the ADA Defendants to provide individuals who are blind equal access to California State bar services;

C.     Award compensatory damages in an appropriate amount for injuries suffered as a result of the ADA Defendants failure to comply with Title II and Section 504; and

D.     Assume jurisdiction over this action and maintain continuing jurisdiction until the ADA Defendants are in full compliance with every order of this Court;

E.     Declare that ADA Defendants' imposition of arbitrary policies and procedures which deny qualified individuals with disabilities such as Plaintiff sufficient services to meet his undisputed medical needs, and ADA Defendant's policies, practices, acts and omissions as set forth above violate the Americans with Disabilities Act ("ADA") and implementing regulations.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

F.  Grant a permanent injunction enjoining the ADA Defendants , their officers, agents, employees, attorneys, successors, and all persons who are in active concert or participation with them from discriminating against qualified individuals with disabilities such as Plaintiff including placing him at risk by:

i. Failing to offer reasonable modifications to their programs and policies to enable Plaintiff  to fully and equally enjoying State Bar services;

iii. Imposing eligibility requirements which unlawfully prevent disabled individuals such as Plaintiff from fully and equally enjoying State Bar services;

iv. Utilizing criteria and methods of administration that subjects Plaintiff to discrimination;

G. Issue an order requiring the ADA Defendants to:

i.  Enable Plaintiff to receive medically necessary State Bar services commensurate with his needs;

ii. Amend their policies and procedures consistent with the injunction above, and to require the State Bar provide disabled individuals such as Plaintiff with his assessed needs,

iii. Establish an electronic filing system comparable to Federal and State Courts in the District to allow efiling of all pleadings in the State Bar Court;

iv. Permanently enjoin the State Bar Defendants from opposing reasonable accommodations from the State Bar Court or otherwise objecting to or interfering with any reasonable accommodation requests made by Plaintiff;

H. Retain jurisdiction over the ADA Defendants until such time as the Court is satisfied that Defendant's unlawful policies, practices, and acts complained of herein cannot recur.

I. Award Plaintiff the costs of this action and reasonable attorneys' fees pursuant to 20 U.S.C. § 794a (2014); 42 U.S.C. §§ 12133 (1990), 12205 (1990); and as otherwise may be allowed by law.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

J. Grant such other relief as the Court deems to be just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial om such issues triable.

Respectfully Submitted

Dated: July 28, 2023

By: *Michael Mogan*

Michael Mogan
Plaintiff

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I am over 18 years old. My business address is 4803 N. Milwaukee Ave., Suite B, Unit #244, Chicago, IL 60630. I hereby certify that on July 28, 2023 I have caused the foregoing:

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES**

to be filed and served upon counsel of record through the Court's electronic service system (ECF/CM) [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system and Plaintiff served the following person(s):

Brady R. Dewar
Assistant General Counsel
Office of General Counsel
The State Bar of California
180 Howard Street
San Francisco, CA 94105
brady.dewar@calbar.ca.gov

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 28, 2023

/s/ *Michael Mogan*
Michael Mogan
Plaintiff

76

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR INJUNCTIVE
RELIEF AND FOR DAMAGES