Name  Michael Mogan
Address  4803 N. Milwaukee Ave., Suite B, #244
City, State, Zip  Chicago, IL 60630
Phone  (773) 799-8477
Fax  (877) 702-6445
E-Mail  mm@michaelmogan.com

☐ FPD    ☐ Appointed    ☐ CJA    ☒ Pro Per    ☐ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Michael Mogan

PLAINTIFF(S),

v.

State Bar Of Calfornia and All Defendants (See Attachment A for list of all Defendants Appellant Files This Notice Of Appeal For)

DEFENDANT(S).

CASE NUMBER:

2:23-cv-00930-MWF-PD

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____ Michael Mogan _____ hereby appeals to
*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

### Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

### Civil Matter

☒ Order (specify):
(1) Docket at 17 (7/7/23) - Order Granting Defendants Motion To Dismiss First Amended Complaint; (2) Docket at 50 - Order Granting Defendants Motion To Dismiss Second Amended Complaint; and Entry Of Judgment

☒ Judgment (specify):
Docket at 50 (5/7/24) - Order Granting Defendants Motion To Dismiss Second Amended Complaint; and Entry Of Judgment

☐ Other (specify):

Imposed or Filed on  7/7/2023 (ECF 17) and 5/7/24 (ECF 50) . Entered on the docket in this action on  7/7/2023 (ECF 17) and 5/7/24 (ECF 50)

A copy of said judgment or order is attached hereto.

6/1/2024
Date

s/ Michael Mogan
Signature
☒ Appellant/ProSe    ☐ Counsel for Appellant    ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

**ATTACHMENT TO FORM A-2**
(Plaintiff files this notice of Appeal
against all Defendants listed below)

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| | **Case No. 2:23–cv–00930–MWF–PD** |
| Michael Mogan<br>Plaintiff<br><br>v.<br>State Bar Of California; GEORGE CARDONA, in his official capacity as Chief Trial Counsel For the State Bar of California, and in his individual capacity; CHRISTOPHER JAGARD, in his official capacity as Deputy Chief Trial Counsel for the Office of the Chief Trial Counsel and in his individual capacity; KEVIN TAYLOR, in his in his official capacity as Assistant Chief Trial Counsel for the Office of the Chief Trial Counsel and in his individual capacity; ELIZABETH STINE, in her official capacity as Supervising Attorney and for the Office of the Chief Trial Counsel and in his individual capacity; LEAH T. WILSON, in her official capacity as the executive director for the State Bar Of California and in her individual capacity; | **ATTACHMENT TO FORM A-2**<br>**(NOTICE OF APPEAL)** |

RUBEN DURAN, in his official capacity
as a member of the State Bar of
California Board of Trustees and in his
individual capacity; BRANDON
STALLINGS in his official capacity as a
member of the State Bar of California
Board of Trustees and in his individual
capacity; MARK BROUGHTON, in his
official capacity as a member of the
State Bar of California Board of Trustees
and in his individual capacity;
RAYMOND BUENAVENTURA, in his
Official capacity as a member of
the State Bar of California Board of
Trustees and in his individual capacity;
HAILYN CHEN, in her official capacity
as a member of the State Bar of
California Board of Trustees and in his
individual capacity; JOSE CISCEROS,
in his official capacity as a member of the
State Bar of California Board of Trustees
and in his individual capacity; Sarah
Good, in her official capacity as a
member of the State Bar of California
Board of Trustees and in his individual
capacity; GREGORY KNOLL, in his
official capacity as a member of the State
Bar of California Board of Trustees and
in his individual capacity; MELANIE M.
SHELBY, in her official capacity as a
member of the State Bar of California
Board of Trustees and in his individual
capacity; ARNOLD SOWELL JR., in his
official capacity as a member of the
State Bar of California Board of Trustees
and in his individual capacity;  MARK W
TONEY, in his official capacity as a
member of the State Bar of California
Board of Trustees and in his individual
capacity; GENARO TREJO, in his

official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; PATRICIA GUERRERO, Chief Justice of the California Supreme Court; CAROL A. CORRIGAN, Associate Justice of the California Supreme Court; GOODWIN H. LIU, Associate Justice of the California Supreme Court; LEONDRA R. KRUGEN, Associate Justice of the California Supreme Court; JOSHUA P. GROBAN, Associate Justice of the California Supreme Court; MARTIN J. JENKINS, Associate Justice of the California Supreme Court; KELLI EVA, Associate Justice of the California Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-930-MWF (PDx)                    **Date:** July 7, 2023
**Title:**      Michael Mogan v. State Bar of California

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                              Court Reporter:
Rita Sanchez                               Not Reported

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:
None Present                                None Present

**Proceedings (In Chambers):**   ORDER GRANTING DEFENDANT'S MOTION TO
                                 DISMISS FIRST AMENDED COMPLAINT [11]

Before the Court is Defendant State Bar of California's Motion to Dismiss (the "Motion"), filed on March 29, 2023. (Docket No. 11). Plaintiff Michael Mogan filed an Opposition on April 17, 2023. (Docket No. 13). Defendant filed a Reply on April 24, 2023. (Docket No. 14).

The Court has read and considered the Motion and held a hearing on **May 8, 2023**.

The Motion is **GRANTED**. Plaintiff's claims are barred against Defendant under the Eleventh Amendment, and the Court therefore lacks jurisdiction.

## I.      **BACKGROUND**

Plaintiff initiated this action on February 8, 2023. (*See* Complaint (Docket No. 1)). Plaintiff filed a First Amended Complaint ("FAC") on March 7, 2023. (Docket No. 9).

The FAC alleges that Plaintiff is an attorney licensed in the State of California and residing in Chicago, Illinois. (*Id.* ¶ 1). Plaintiff has an episodic neurological disability. (*Id.* ¶ 6). Defendant regulates the practice of law in California by establishing eligibility criteria for receiving a license to practice law in the state, evaluating applications for admission to the Bar, maintaining records of California attorneys, and in conducting disciplinary proceedings. (*Id.* ¶ 2).

---

**CIVIL MINUTES—GENERAL**                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-930-MWF (PDx)                    **Date:** July 7, 2023
**Title:**      Michael Mogan v. State Bar of California

The FAC alleges that Plaintiff and Defendant are involved in a dispute primarily over a debt incurred by Plaintiff on his Chapter 11 bankruptcy petition which is still pending and allegedly overrides an order from a state court judge to pay such debt under the United States Bankruptcy Code and federal law. (*Id.* ¶ 8). The FAC alleges that in late 2022, Defendant threatened Plaintiff with disciplinary action based on the outstanding debt. (*Id.* ¶ 9). Prior to the public filing of disciplinary charges, Plaintiff made a written and oral request to Defendant's ADA coordinator for an 180-day extension to investigate the possible nature of the charges identified by Defendant. (*Id.* ¶ 10). This request was denied. (*Id.*). The FAC alleges that the ADA Coordinator stated that Plaintiff had not been diagnosed with a disability and demanded that Plaintiff elect to enter an Early Neutral Evaluation Conference ("ENEC") within ten days or face disciplinary charges. (*Id.* ¶ 13). The FAC alleges that the ADA Coordinator copied multiple other employees of Defendant on its email correspondence to Plaintiff and thereby disclosed Plaintiff's private medical history without consent. (*Id.* ¶ 14).

The FAC alleges Plaintiff then requested a 90-day postponement of the ENEC from Defendant's trial counsel so that Plaintiff could continue to receive treatment for his disability and recover from his injuries. (*Id.* ¶ 17). Defendant's trial counsel allegedly requested Plaintiff's private medical information from Plaintiff's doctor, was provided a doctor's letter confirming Plaintiff's disability from the State Court Bar without Plaintiff's consent, and still denied Plaintiff's request. (*Id.*). Thereafter, public disciplinary charges were filed against Plaintiff on February 6, 2023, and Plaintiff filed this action two days later. (Motion at 1).

Additionally, the FAC alleges that Plaintiff filed multiple online complaints against other California attorneys that were closed by Defendant without any of Defendant's employees calling Plaintiff to discuss the complaints. (FAC ¶¶ 18–21).

Plaintiff asserts claims against Defendant under Title II of the Americans with Disabilities Act of 1990 ("ADA"), the Unruh Civil Rights Act ("Unruh Act"), and 42 U.S.C. Section 1983 ("Section 1983"), based on the Defendant's alleged failure to grant him the reasonable accommodation of a delay in his disciplinary proceedings,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 23-930-MWF (PDx)**                    **Date:  July 7, 2023**
**Title:       Michael Mogan v. State Bar of California**

Defendant's inadequate investigative services to review bar complaints, and Defendant's improper inquiry about his health and internal sharing of Plaintiff's correspondences.  (*See id.* ¶¶ 39–81).

The FAC prays for relief in the form of declaratory relief, injunctive relief, compensatory damages, nominal damages, and attorneys' fees and costs.  (*See id.* at 19–20).

## II.    <u>LEGAL STANDARD</u>

Defendant seeks dismissal of all claims asserted against it under Rule 12(b)(1) on the basis that the claims are barred by the Eleventh Amendment.  An Eleventh Amendment defense "is quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion."  *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 (9th Cir. 2017).

"Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court."  *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)).

A jurisdictional attack under Rule 12(b)(1) may be "facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the complaint's allegations must be accepted as true.  *Id.*  "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Id.*  "The court need not presume the truthfulness of the plaintiff's allegations under a factual attack."  *Brooke v. Superb Hosp., LLC*, No. 1:20-CV-0103 AWI SAB, 2021 WL 1173208, at *4 (E.D. Cal. Mar. 29, 2021) (citing *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-930-MWF (PDx)                    Date: July 7, 2023
Title:       Michael Mogan v. State Bar of California

In ruling on a motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## III.   **DISCUSSION**

### A.   **Eleventh Amendment**

Defendant argues that Plaintiff's claims against it are absolutely barred by the Eleventh Amendment. (Motion at 6). Defendant argues that the ADA does not

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-930-MWF (PDx)**                    **Date:  July 7, 2023**
**Title:**       Michael Mogan v. State Bar of California

abrogate Defendant's Eleventh Amendment Immunity to Plaintiff's claims.  (*Id.* at 7).
In particular, Defendant contends that under the analysis required by *United States v. Georgia,* 546 U.S. 151 (2006), to determine whether a claim under federal law falls within Congress' authority to impose liability on the States, Plaintiff's claim does not fall into the category of claims for which Congress validly abrogated the State's Eleventh Amendment immunity.  (*See id.* at 7–10).  In particular, Defendant argues that the alleged conduct would not violate the Fourteenth Amendment and is not among a history and pattern of unconstitutional conduct identified by Congress.  (*Id.*).

In response, Plaintiff argues that dismissal of his claims is inappropriate because determining whether Defendant is an arm of the state is a question of fact.  (*Id.* at 11–12).

The Court disagrees.  It is well settled that, in the absence of consent, a suit in federal court against a state or one of its agencies or departments is proscribed by the Eleventh Amendment.  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).  While it is true that state sovereign immunity does not extend to county and municipal governments, where an agency is an "arm of the state," however, it is entitled to claim immunity from suit under the Eleventh Amendment.  *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1040 (9th Cir. 2003).  The Ninth Circuit has repeatedly held that the State Bar is an arm of the state and is therefore entitled to sovereign immunity.  *See, e.g., Hirsh v. Justices of the Supreme Ct. of Cal., et al.,* 67 F.3d 708, 715 (9th Cir. 1995); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985).

Because Plaintiff does not otherwise argue that his § 1983 and Unruh Act claims overcome Defendant's Eleventh Amendment immunity, the Motion is **GRANTED** as to those claims.

As to Plaintiff's ADA claim, Plaintiff does not address the specific arguments made by Defendant, but appears to argue that Title II of the ADA validly abrogates state sovereign immunity and creates a private cause of action for damages against the State for the conduct alleged in the FAC.  (*See Opposition* at 3–9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-930-MWF (PDx)                    **Date:** July 7, 2023
**Title:**      Michael Mogan v. State Bar of California

In *United States v. Georgia,* the Supreme Court explained that "insofar as Title II [of the ADA] creates a private cause of action for damages against the State for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." 546 U.S. at 159. To determine whether Congress abrogated sovereign immunity in a particular case, the Supreme Court directed district courts to determine the following:

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Id.* at 159; *see also Sanders v. Ennis-Bullock*, 316 Fed. App'x 610, 612 (9th Cir. 2009) (district court properly analyzes Eleventh Amendment immunity for ADA Title II claims using the "three-part approach required by *United States v. Georgia*").

The proper inquiry for the Court then is whether the FAC alleges conduct that violates not only Title II of the ADA but also the Fourteenth Amendment to the United States Constitution. The Court determines that Plaintiff's allegations of differential treatment giving rise to his ADA claim, including Defendant's refusal to grant him an extension, are not cognizable under the Fourteenth Amendment. The Court uses this standard:

> When analyzing a discrimination claim under the Fourteenth Amendment, we must first determine the appropriate level of scrutiny to be applied. If the rule disadvantages a suspect class or impinges upon a fundamental right, the court will examine it by applying a strict scrutiny standard. If no such suspect class or fundamental rights are involved, the conduct or rule must be analyzed under a rational basis test.

*Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990). Disability is a not a suspect classification under the Equal Protection Clause of the Fourteenth Amendment. *City of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-930-MWF (PDx)                **Date:** July 7, 2023
**Title:**      Michael Mogan v. State Bar of California

*Cleburne v. Cleburne Living Cent.*, 473 U.S. 432, 439 (1985). Further, Defendant's disciplinary action procedures do not impinge on a fundamental right because the Ninth Circuit has held that "there is no fundamental right to practice law." *Giannini*, 911 F.2d at 358. Accordingly, Defendant's disciplinary procedures need only survive rational basis review.

Here, Defendant's disciplinary scheme easily survives rational basis review because California has a legitimate interest in expeditious resolution of attorney discipline proceedings in order to protect the public and not granting delays in disciplinary proceedings is rationally related to this goal. It is the Plaintiff's burden to negate any such potential rational basis. *Aleman v. Glickman*, 217 F.3d 1191, 1201 (9th Cir. 2000) (affirming dismissal of Equal Protection claim where rational basis applied, observing "the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it") (internal citations and quotations omitted). Plaintiff has not negated the rational basis for the State Bar's denial of his accommodation requests.

With respect to the third part of the approach in *United States v. Georgia*, Plaintiff has cited no authority demonstrating that, insofar as such misconduct violated only Title II, Congress's purported abrogation of sovereign immunity is nevertheless valid. To determine whether Congress has effected a valid abrogation of immunity, a court must: (1) "identify with some precision the scope of the constitutional right at issue"; (2) "examine whether Congress identified a history and pattern of unconstitutional [conduct] by the States"; and (3) determine whether "the rights and remedies created by the ADA against the States" are "congruent and proportional to the targeted violation[s]." *See Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 365, 368, 372, 374 (2001). Plaintiff advances no argument that Congress identified a history and pattern of unconstitutional conduct by the states in the area of attorney discipline. Indeed, courts that have considered similar issues have determined that no such identification took place. *See Renner v. Supreme Ct. of Fla.*, No. 19-14981, 2022 WL 1658361, at *6 (11th Cir. May 25, 2022) (based on the findings and purpose clause of the ADA, Congress did not find a history of unconstitutional discrimination of disabled people with regard to professional licensing); *Guttman v.*

Case 2:23-cv-00930-MWF-PD   Document 52   Filed 07/06/23   Page 8 of 32   Page ID #:556

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-930-MWF (PDx)                **Date:** July 7, 2023
**Title:**      Michael Mogan v. State Bar of California

*Khalsa*, 669 F.3d 1101, 1118–1125 (10th Cir. 2012) (concluding Title II did not abrogate New Mexico's sovereign immunity in area of professional licensing in part because the legislative history of the ADA did not reveal a history of unconstitutional discrimination in that area). Without any authority, the Court cannot find that Congress validly abrogated sovereign immunity.

The FAC does not allege conduct that violates the Fourteenth Amendment and Plaintiff cites no authority demonstrating that, insofar as such conduct violated only Title II, that Congress's purported abrogation of sovereign immunity is nevertheless valid. The Court therefore concludes that Defendant is immune from Plaintiff's ADA claim. *Cf. Kohn v. State Bar of California,* 497 F. Supp. 3d 526, 538 (N.D. Cal. 2020) (dismissing ADA Title II claims against State Bar on sovereign immunity grounds), *appeal pending,* Case No. 20-17316 (9th Cir.)

Accordingly, the Motion is **GRANTED** as to Plaintiff's ADA claim as well.

B.      <u>Leave to Amend</u>

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 Fed. App'x 106, 107 (9th Cir. 2021) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-930-MWF (PDx)                    Date: July 7, 2023
Title:      Michael Mogan v. State Bar of California

Plaintiff requests leave to amend to add a Disabled Persons Act claim (Cal. Civ. Code §§ 54–55.3) based on the same alleged facts as his Unruh claim and a First Amendment claim alleging California's mandatory bar dues are unconstitutional pursuant to *Janus v. ACSME*, 138 S. Ct. 2448 (2018).  (Opposition at 23–24).

With respect to the Disabled Persons Act claim, Plaintiff does not make any argument how such a claim would overcome Defendant's Eleventh Amendment immunity.  This Court suspects it would not have subject matter jurisdiction over any such state law claim against Defendant.  *See Pennhurst*, 465 U.S. at 120-21 (pendent jurisdiction does not permit evasion of the immunity guaranteed by the Eleventh Amendment).

With respect to the First Amendment claim against Defendant alleging that mandatory bar dues are unconstitutional, the Supreme Court has determined that the State Bar may charge mandatory fees without violating the First Amendment so long as the fees are spent on activities germane to "regulating the legal profession" or "improving the quality of legal services."  *Keller v. State Bar of California*, 496 U.S. 1, 13 (1990).  The Ninth Circuit has recently held that *Keller* remains good law, notwithstanding *Janus*.  *Crowe v. Oregon State Bar*, 989 F.3d 714, 725 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 79 (2021) ("*Keller* plainly has not been overruled.").

At the hearing, Plaintiff additionally requested that he be able to amend his ADA claim to add a damages claim pursuant to 42 U.S.C. § 12203.  Plaintiff also requested leave to add a claim pursuant to the Sherman Anti-Trust Act.

The Court is skeptical that Plaintiff will be able to adequately plead these claims for the reasons discussed above.  However, because Plaintiff has not had an opportunity to amend his complaint and amendment is to be given with "extreme liberality," the Court will permit Plaintiff one opportunity to amend his complaint.  *See Eminence Cap., LLC*, 316 F.3d at 1051.

Accordingly, the Motion is **GRANTED** ***with leave to amend*** with respect to the ADA claim and the additional claims Plaintiff requests leave to add.  Plaintiff must file any First Amended Complaint no later than **July 28, 2023**.  Failure to file a First

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-930-MWF (PDx)                    **Date:** July 7, 2023
Title:     Michael Mogan v. State Bar of California

Amended Complaint will result in dismissal of the action without prejudice for lack of subject matter jurisdiction.

     However, because amendment to Plaintiff's Section 1983 and Unruh Act claims would be futile, the Motion is **GRANTED** *without leave to amend* as to those claims. Because the Court does not have jurisdiction over Defendant pursuant to Defendant's immunity under the Eleventh Amendment, these claims are **DISMISSED** *without prejudice* for lack of jurisdiction.

     IT IS SO ORDERED.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 23-930-MWF (PDx) | **Date:** May 7, 2024 |
| Title: | Michael Mogan v. State Bar of California | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

Deputy Clerk:                                          Court Reporter:
Rita Sanchez                                           Not Reported

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
None Present                                        None Present

**Proceedings (In Chambers):**   ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT [33];
ENTRY OF JUDGMENT

Before the Court is a Motion to Dismiss (the "Motion"), filed on September 29, 2023, by Defendants Mark Broughton, Raymond Buenaventura, George Cardona, Hailyn Chen, Jose Cisneros, Ruben Duran, Sarah Good, Christopher Jagard, Melanie M. Shelby, Arnold Sowell, Jr, Brandon Stallings, Elizabeth Stine, Kevin Taylor, Mark W. Toney, Genaro Trejo, Leah T. Wilson (collectively, the "State Bar Individual Defendants"), and State Bar of California (the "State Bar"). (Docket No. 33). Plaintiff Michael Mogan filed an Opposition on November 20, 2023. (Docket No. 34). Defendants filed a Reply on December 11, 2023. (Docket No. 40).

The Motion was noticed to be heard on **January 8, 2024**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED** *without leave to amend*. Plaintiff's ADA and Section 1983 claims are barred against Defendants under the Eleventh Amendment. Plaintiff's Rehabilitation Act and First Amendment claims fail to state a claim upon which relief can be granted. Plaintiff's Sherman Act claim is barred against Defendants because they are immunized from antitrust liability under the state action immunity doctrine.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-930-MWF (PDx)                    Date:  May 7, 2024
Title:     Michael Mogan v. State Bar of California

## I.    **BACKGROUND**

The Court has previously summarized the background of this case in its Order Granting Defendants' Motion to Dismiss (the "Prior Order").  (Docket No. 17).  The substance of the Second Amended Complaint ("SAC," Docket No. 18) largely remains the same as that alleged in the First Amended Complaint.  The Court therefore incorporates by reference the factual background from the Prior Order.  For purposes of this Order, it is sufficient to summarize the allegations in the SAC as follows:

Defendants George Cardona, Christopher G. Jagard, Kevin Taylor, Elizabeth Stine, and Leah T. Wilson (collectively, "State Bar Non-Board Defendants") summarily closed the grievances Plaintiff submitted through the State Bar website without ever speaking to Plaintiff and subsequently refused to respond to Plaintiff's grievances made over email and over the telephone while a complaint against Plaintiff was open for approximately three and a half years.  (SAC ¶¶ 50, 104).

Defendants Ruben Duran, Brandon Stallings, Mark Broughton, Raymond Buenaventura, Hailyn Chen, Jose Cisneros, Sarah Good, Gregory Knoll, Melanie M. Shelby, Arnold Sowell Jr., Mark W. Toney, and Genaro Trejo (collectively, the "State Bar Board Defendants") and State Bar Non-Board Defendants do not enforce the California Rules of Professional Conduct equally amongst attorneys charged with unethical conduct.  (*Id.* ¶ 51).

The State Bar Board Defendants uses members' mandatory dues to engage in speech, including political and ideological speech.  (*Id.* ¶ 68).  California's requirement that all attorneys pay dues to the California State Bar injures Plaintiff because he does not wish to fund State Bar Board Defendants political and ideological speech and other activities and in particular discriminating against Plaintiff and similarly situated individuals as a member of the disabled community.  (*Id.* ¶ 85).

The State Bar is reducing competition and causing Plaintiff substantial economic harm with their open-ended investigations and refusal to investigate egregious misconduct by other California attorneys.  (*Id.* ¶ 90).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-930-MWF (PDx)                    **Date:** May 7, 2024
**Title:**      Michael Mogan v. State Bar of California

Plaintiff and the State Bar are involved in a dispute primarily over a debt incurred by Plaintiff on his Chapter 11 bankruptcy petition which is still pending and allegedly overrides an order from a state court judge to pay such debt under the United States Bankruptcy Code and federal law. (*Id.* ¶ 125). In late 2022, the State Bar threatened Plaintiff with disciplinary action based on the outstanding debt. (*Id.* ¶ 126). Plaintiff requested accommodations due to his disability. (*Id.* ¶ 128, 132–34). The State Bar denied the accommodations. (*Id.* ¶ 151).

Plaintiff asserts the following claims: (1) Equal Protection Claim under 42 U.S.C. §1983; (2) First Amendment Claim under 42 U.S.C. § 1983; (3) compelled membership in the State Bar violates attorneys' First and Fourteenth Amendment rights to free association and free speech; (4) the collection and use of mandatory bar dues to subsidize the California State Bar's speech, including its political and ideological speech, violates Plaintiff's First Amendment rights to free speech and association; (5) the California State Bar violates Plaintiff's First and Fourteenth Amendment rights by failing to provide safeguards to ensure mandatory dues are not used for impermissible purposes; (6) monopolization, attempted monopolization, and combination and conspiracy to monopolize in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; (7) violation of Title II of the Americans with Disabilities Act ("ADA"); and (8) violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794.

## II.   **LEGAL STANDARD**

### A.   **Rule 12(b)(1)**

Defendants seeks dismissal of Plaintiff's First, Second, Sixth and Seventh claims asserted against it under Rule 12(b)(1) on the basis that the claims are barred by the Eleventh Amendment. An Eleventh Amendment defense "is quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 (9th Cir. 2017).

"Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-930-MWF (PDx)                    **Date:** May 7, 2024
**Title:**    Michael Mogan v. State Bar of California

result, the plaintiff bears the burden of proving that the case is properly in federal
court." *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019)
(citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)).

A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air
for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the
complaint's allegations must be accepted as true. *Id.*  "[I]n a factual attack, the
challenger disputes the truth of the allegations that, by themselves, would otherwise
invoke federal jurisdiction." *Id.*  "In resolving a factual attack on jurisdiction, the
district court may review evidence beyond the complaint without converting the
motion to dismiss into a motion for summary judgment." *Id.*  "The court need not
presume the truthfulness of the plaintiff's allegations under a factual attack." *Brooke v.
Superb Hosp., LLC*, No. 1:20-CV-0103 AWI SAB, 2021 WL 1173208, at *4 (E.D.
Cal. Mar. 29, 2021) (citing *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.2 (9th
Cir. 2011)).

### B.    Rule 12(b)(6)

In ruling on a motion under Rule 12(b)(6), the Court follows *Bell Atlantic v.
Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth
Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a
cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable
legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a
motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a
claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting
*Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal
conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature
of respondent's allegations, rather than their extravagantly fanciful nature, that
disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus &
Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded
complaint may proceed even if it strikes a savvy judge that actual proof is improbable,'

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-930-MWF (PDx)                    Date:  May 7, 2024
Title:       Michael Mogan v. State Bar of California

plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

III.  **DISCUSSION**

Rather than address the claims in numeric order, the Court shall address the claims in the order that the parties argued them in their briefs.

Defendants argue, and the Court agrees, that even though Plaintiff is suing the State Bar Individual Defendants in both their official and individual capacities, Plaintiff's allegations do not allege any specific conduct by any of the State Bar Individual Defendants and therefore the SAC is against the State Bar Individual Defendants in their official capacities only.  (Motion at 5 n.3 (citing *Central Reserve Life of North America, Ins. Co. v. Struve*, 852 F.2d 1158, 1161 (9th Cir.1988)).

Defendants argue that the Court lacks subject matter jurisdiction under Plaintiff's First, Second, Sixth and Seventh claims, brought under Section 1983 and the ADA, because the Eleventh Amendment immunizes both the State Bar and State Bar Individual Defendants sued in their official capacities.  (Motion at 5–6).  Plaintiff does not argue that the Eleventh Amendment cannot immunize both the State Bar and State Bar Individual Defendants sued in their official capacities as Defendants are considered "arm[s] of the state".  *Kohn v. State Bar of California*, 87 F.4th 1021, 1032 (9th Cir. 2023); *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-930-MWF (PDx)**                **Date:  May 7, 2024**
Title:       Michael Mogan v. State Bar of California

against the State itself." (internal citation omitted)).  Plaintiff, however, argues that his claims are not barred by the Eleventh Amendment.

## A.      ADA and Rehabilitation Act Claims (Claim Seven and Eight)

Defendants argue that the ADA does not abrogate Defendant's Eleventh Amendment Immunity to Plaintiff's claim. (Motion at 6).  In particular, Defendants contend that under the analysis required by *United States v. Georgia,* 546 U.S. 151 (2006), to determine whether a claim under federal law falls within Congress' authority to impose liability on the States, Plaintiff's claim does not fall into the category of claims for which Congress validly abrogated the State's Eleventh Amendment immunity. (*See id.* at 6–9).

In its Prior Order, this Court held that "Plaintiff's allegations of differential treatment giving rise to his ADA claim, including Defendant's refusal to grant him an extension, are not cognizable under the Fourteenth Amendment."  (Prior Order at 6). Using the same standard, the Court arrives at the same conclusion that "Defendant's disciplinary scheme easily survives rational basis review because California has a legitimate interest in expeditious resolution of attorney discipline proceedings in order to protect the public and not granting delays in disciplinary proceedings is rationally related to this goal." (*Id.* at 7).  Plaintiff has not negated the rational basis for the State Bar's denial of his accommodation requests.

## 1.  Whether the *Ex parte Young* Exception Applies

Plaintiff argues that the State Bar Non-Board Defendants in their official capacities may be sued for prospective injunctive relief under Title II of the ADA and section 504 of the Rehabilitation Act. (Opposition at 5 (citing *Ex parte Young*, 209 U.S. 123 (1908)).

For a suit to proceed under the *Ex parte Young* exception, "the plaintiff must allege — not prove — an ongoing violation of federal law for which [they] seek[ ] prospective injunctive relief."  *R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1221 (9th Cir. 2023) (citing *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019)).  Specifically, to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 23-930-MWF (PDx) | Date: | May 7, 2024 |
|---|---|---|---|
| Title: | Michael Mogan v. State Bar of California | | |

have Article III standing for prospective relief requires, among other things, a showing of "a sufficient likelihood that [the plaintiff] will again be wronged in a similar way." *Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002).

Plaintiff alleges that he will suffer irreparable harm and life-threatening consequences in that he will be discriminated against and denied equal access to the services of the State Bar. (SAC ¶ 269). For these claims, Plaintiff's requested prospective relief includes the following: (1) an injunction requiring the State Bar and State Bar Non-Board Defendants to provide individuals who are blind equal access to California State bar services; and (2) a permanent injunction enjoining the State Bar and State Bar Non-Board Defendants from discriminating against qualified individuals with disabilities which includes establishing an electronic filing system and from opposing reasonable accommodations requests made by Plaintiff. (*Id.* at 73–74).

Plaintiff's factual allegations in support of his ADA and Rehabilitation Act claims toward the State Bar Non-Board Defendants focus on allegations that they failed to sufficiently investigate his complaints against other attorneys and not granting him a 180-day extension for a disciplinary hearing. (*Id.* ¶¶ 50–54, 82, 88, 114, 127). Plaintiff alleges that the State Bar Non-Board Defendants were treating Plaintiff differently in part because he had made multiple complaints in writing, over email and over the telephone to a State Bar investigator and Andres Rico. (*Id.* ¶ 48). Plaintiff does not explain how this conduct was discriminatory based on his disability. Plaintiff attempts to impute liability of Andres Rico's actions on the State Bar Non-Board Defendants through a theory of agency, but Plaintiff conclusively states that Rico was an agent of the State Bar Non-Board Defendants without providing any factual support to support that assertion. (*Id.* ¶ 161). Plaintiff also does not make it clear how there is a sufficient likelihood that he will again face issues relating to the State Bar's disciplinary proceedings and need of extensions. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (holding that plaintiff cannot establish that he is realistically threatened by a repetition of the violation simply by pointing to some past injury).

Additionally, the prospective relief sought is too broad and does not relate directly to the State Bar Non-Board Defendants. For instance, Plaintiff has not alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-930-MWF (PDx)                    Date:  May 7, 2024
Title:        Michael Mogan v. State Bar of California

that he is blind, and Plaintiff alleges that it was the State Bar Court not the State Bar
Non-Board Defendants that denied Plaintiff's request to file his motion to dismiss
electronically.  (*Id.* ¶ 70).  Therefore, Plaintiff does not have standing to seek
prospective relief under his ADA and Rehabilitation Act claims.

### 2.  Whether the Eleventh Amendment Immunity is Abrogated for Plaintiff's ADA Claim

Plaintiff argues that even if the conduct alleged does not violate the Fourteenth
Amendment, abrogation is nevertheless valid.  (Opposition at 7–11).  In determining
whether Congress has effected a valid abrogation of immunity, a court must: (1)
"identify with some precision the scope of the constitutional right at issue"; (2)
"examine whether Congress identified a history and pattern of unconstitutional
[conduct] by the States"; and (3) determine whether "the rights and remedies created
by the ADA against the States" are "congruent and proportional to the targeted
violation[s]."  *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 365,
368, 372, 374 (2001).

Plaintiff advances no argument that Congress identified a history and pattern of
unconstitutional conduct by the states in the area of attorney discipline.  Indeed, courts
that have considered similar issues have determined that no such identification took
place.  *See Renner v. Supreme Ct. of Fla.*, No. 19-14981, 2022 WL 1658361, at *6
(11th Cir. May 25, 2022) (based on the findings and purpose clause of the ADA,
Congress did not find a history of unconstitutional discrimination of disabled people
with regard to professional licensing); *Guttman v. Khalsa*, 669 F.3d 1101, 1118–1125
(10th Cir. 2012) (concluding Title II did not abrogate New Mexico's sovereign
immunity in area of professional licensing in part because the legislative history of the
ADA did not reveal a history of unconstitutional discrimination in that area).  Without
any authority, the Court cannot find that Congress validly abrogated sovereign
immunity.

Plaintiff argues that a finding of a history of unconstitutional discrimination in
the particular area at issue is not necessary and that Congress' finding that disability

_____

**CIVIL MINUTES—GENERAL**                                                    **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-930-MWF (PDx)                    Date:  May 7, 2024
Title:      Michael Mogan v. State Bar of California

discrimination has occurred in access to public services generally is sufficient. (Opposition at 9, 11).  However, Plaintiff's cited authorities do not support this proposition.  *See e.g.*, *Mote v. City of Chelsea*, 284 F. Supp. 3d 863, 879 (E.D. Mich. 2018) ("historical pattern of isolation of the disabled from public life that Congress found had resulted from architectural obstacles").  Plaintiff seems to be arguing that there was unconstitutional discrimination against him accessing public services. (Opposition at 11).  However, Plaintiff has not alleged that he was denied access to a particular service.

Plaintiff also argues Eleventh Amendment immunity is abrogated for cases "implicating the fundamental right of access to the courts" under *Tennessee v. Lane*, 541 U.S. 509 (2004).  (Opposition at 6).  However, Plaintiff only alleges that he was denied "equal access to the services of the California Bar," not access to a court.  (SAC ¶ 269).

The SAC does not allege conduct that violates the Fourteenth Amendment and Plaintiff cites no authority demonstrating that, insofar as such conduct violated only Title II, that Congress's purported abrogation of sovereign immunity is nevertheless valid.  The Court therefore concludes that Defendant is immune from Plaintiff's ADA claim.

### 3.  Whether Plaintiff can Seek Monetary Damages

Plaintiff argues that he can seek monetary damages against the State Bar and State Bar Non-Board Defendants because he has alleged that they acted with "deliberate indifference in denying Plaintiff reasonable accommodations and in committing discriminatory acts against him in an egregious manner."  (Opposition at 5 (citing *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 111–12 (2d Cir. 2001) (cited for the proposition that a private suit brought pursuant to Title II of the ADA for monetary damages can be maintained against a state if the plaintiff can establish that the Title II violation was motivated by either discriminatory animus or ill will due to disability); *Bartlett v. N.Y. State Bd. of Law Examiners*, 156 F.3d 321, 331 (2d Cir. 1998) (cited for the proposition that under section 504 of the Rehabilitation

---

**CIVIL MINUTES—GENERAL**                                          **9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-930-MWF (PDx)               Date:  May 7, 2024
Title:      Michael Mogan v. State Bar of California

Act a plaintiff can seek monetary damages if they plead and prove an "intentional violations" of the Rehabilitation Act))).

To recover monetary damages under Title II of the ADA, a plaintiff must establish intentional discrimination. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998) ("compensatory damages are not available under Title II . . . absent a showing of discriminatory intent").  "Intentional discrimination" in this context involves "deliberate indifference" to a person's need for an accommodation. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001).  To establish deliberate indifference, a plaintiff must show (1) "knowledge that a harm to a federally protected right is substantially likely" and (2) "a failure to act upon that likelihood." *Id.* at 1138.

Plaintiff alleges that the State Bar and State Bar Non-Board Defendants intentionally discriminated against Plaintiff by using his history of episodic neurological events as well as a perceived mental health impairment, as grounds to deny and then severely and unnecessarily restrict Plaintiff's rights and his liberty interest in pursuing her career free from discrimination.  (SAC ¶ 251).  Plaintiff's allegations that his extensions were not granted and that the State Bar did not impose discipline on other attorneys do not raise to the level of demonstrating a deliberate indifference nor intentional violation.  Therefore, Plaintiff cannot seek monetary damages against the State Bar and State Bar Non-Board Defendants.

### 4.  Whether Plaintiff has Failed to State a Claim

As the federal courts have long recognized, "Title II of the ADA was expressly modeled after § 504 of the Rehabilitation Act of 1973 [and] essentially extends coverage to state and local government entities that do not receive federal funds." *Pierce v. County of Orange*, 526 F.3d 1190, 1217 n.29 (9th Cir. 2008).  The courts "have therefore observed that '[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.'" *Id.* (quoting *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999)).

To state a claim under Title II, a plaintiff must allege four elements:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-930-MWF (PDx)                    Date:  May 7, 2024
Title:      Michael Mogan v. State Bar of California

(1) the plaintiff is an individual with a disability; (2) the plaintiff is
otherwise qualified to participate in or receive the benefit of some public
entity's services, programs, or activities; (3) the plaintiff was either
excluded from participation in or denied the benefits by the public entity;
and (4) such exclusion, denial of benefits or discrimination was by reason
of the plaintiff's disability.

*Feleki Martinez v. California State Prison, Corcoran*, No. 119CV00108DADBAMPC,
2019 WL 2544257, at *5 (E.D. Cal. June 20, 2019) (citations omitted).

First, it is not clear from the SAC what Plaintiff's disability is because he merely
states that he "has an episodic neurological disability which is a disability recognized
by the American with Disabilities Act of 1990, as amended.  Plaintiff is an individual
with a disability as recognized under the ADA."  (SAC ¶ 123).  These allegations are
asserted as a facts, but are ultimately legal conclusions.

Second, Plaintiff does not allege facts demonstrating that that the reason why the
State Bar denied his request for extensions and chose to not prosecute his complaint
against other attorneys was because of his disability.  Therefore, Plaintiff has not
sufficiently plead his ADA and Rehabilitation Act claims.

Accordingly, the Motion is **GRANTED** as to Plaintiff's ADA and
Rehabilitation Act claims.

## B.    Section 1983 Claims (Claims One and Two)

In the Prior Order the Court granted the State Bar's Motion to Dismiss for
Plaintiff's Section 1983 claims ***without leave to amend***.  (Prior Order at 10).  Rather
than seeking leave to add additional Section 1983 claims, Plaintiff included them in his
SAC.  The Court determines that it still "does not have jurisdiction over Defendant[s]
pursuant to Defendants' immunity under the Eleventh Amendment."  (*Id.*).

Plaintiff argues that his Section 1983 claims are not barred by the Eleventh
Amendment because Plaintiff alleges prospective relief.  (Opposition at 16–19).

_____
**CIVIL MINUTES—GENERAL**                                          11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-930-MWF (PDx)                    Date: May 7, 2024
Title:      Michael Mogan v. State Bar of California

Defendants argue that the relief Plaintiff seeks is retrospective. (Reply at 13). "[T]he line between retrospective relief and prospective relief can blur." *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021). "Relief that in essence serves to compensate a party injured in the past" is seen as retrospective while "relief that serves directly to bring an end to a present violation of federal law" is seen as perspective. *Papasan v. Allain,* 478 U.S. 265, 278 (1986).

Plaintiff seeks an order enjoining the State Bar to re-open the grievances against various attorneys and an order enjoining State Bar Individual Defendants to disclose to Plaintiff the reasons his past grievances against those attorneys were dismissed. The Court determines that the relief sought is retrospective because it does not pertain to a present violation of federal law and involves "past conduct and past harm". *Lund*, 5 F.4th at 970. The Eleventh Amendment bars individuals from bringing lawsuits against an arm of the state for retrospective relief. *See Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016).

Accordingly, the Motion is **GRANTED** for Plaintiff's Section 1983 claims.

## C.      First Amendment Claims (Claims Three, Four, and Five)

Defendants argue that Plaintiff failed to state a claim for Plaintiff's First Amendment claims. Defendants contend that Plaintiff cannot claim he has been compelled into membership or payment of membership dues in violation of his First Amendment speech or associational rights because Plaintiff and other California attorneys are not required to be "members" of an "association," but are merely licensees regulated by a California state agency. (Motion at 16).

A "member of State Bar" refers "to a licensee of the State Bar." Cal. Bus. & Prof. Code § 6002(b). The State Bar is not a membership organization; it is a regulatory agency that licenses attorneys. Plaintiff is not required or compelled to be a member of an association, but rather is a licensee.

Additionally, Plaintiff does not provide factual allegations to support his conclusory assertion that the State Bar engages in non-germane or political and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. **CV 23-930-MWF (PDx)**                    Date:  **May 7, 2024**
Title:        Michael Mogan v. State Bar of California

ideological speech and that the State Bar fails to provide safeguards.  (*See* SAC ¶¶ 59, 82, 86).

Similar to the holding in *Pell v. Nunez*, the Court determines that Plaintiff's claims do not adequately allege a violation of Plaintiff's First and Fourteenth Amendment rights; therefore, they are "not one[s] for which relief can be granted." No. 23-55188, 2024 WL 1868947, at *5 (9th Cir. Apr. 30, 2024).

Accordingly, the Motion is **GRANTED** as to Plaintiff's First Amendment claims.

D.        **Sherman Act Claim (Claim Six)**

Plaintiff alleges that the State Bar and State Bar Non-Board Defendants misused the disciplinary system, to bring disciplinary proceedings against him while not sufficiently prosecuting disciplinary complaints against other attorneys, constitutes an antitrust violation.  (SAC ¶¶ 227–29).  Defendants contend that they are immunized from antitrust liability under the state action immunity doctrine.  (Motion at 20).

"The State Bar is a component of the California judiciary, subject to the supervision of the California Supreme Court."  *Roe v. State Bar of California*, No. SACV 22-00983-DFM, 2023 WL 6194088 (C.D. Cal. Apr. 3, 2023).  California Business and Professions Code section 6087 provides: "Notwithstanding any other provision of law, the Supreme Court may by rule authorize the State Bar to take any action otherwise reserved to the Supreme Court in any matter arising under this chapter or initiated by the Supreme Court; provided, that any action by the State Bar shall be reviewable by the Supreme Court pursuant to such rules as the Supreme Court may prescribe."  Section 6076 then states that "[w]ith the approval of the Supreme Court, the [State Bar Board Defendants] may formulate and enforce rules of professional conduct for all licensees of the State Bar."

"[T]he State Bar is a constitutional entity subject to [the California Supreme Court] expressly reserved power over admission and discipline."  I*n re Attorney Discipline System*, 19 Cal. 4th 582, 601, 79 Cal. Rptr. 2d 836 (1998).  Therefore, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-930-MWF (PDx)                    Date:  May 7, 2024
Title:       Michael Mogan v. State Bar of California

"judicial power in disciplinary matters remains with [the California Supreme Court], and was not delegated to the State Bar." *Id.* at 600 (citation omitted); *see also In re Rose*, 22 Cal. 4th 430, 439, 93 Cal. Rptr. 2d 298 (2000) ("The State Bar may make only recommendations to this court, which undertakes an independent determination whether the attorney should be disciplined as recommended.").

Even if the State Bar were not acting as an "administrative arm of the state Supreme Court," *Rosenthal v. Justs. of the Supreme Ct. of California*, 910 F.2d 561, 566 (9th Cir. 1990), Plaintiff's Sherman Act claim would still be dismissed for failure to state a claim.

"There are three essential elements to a successful claim of Section 2 monopolization: (a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal 'antitrust' injury." *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp.*, 592 F.3d 991, 998 (9th Cir. 2010) (citation omitted).  To state a claim for attempted monopolization, the plaintiff must allege "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033, 1044 (9th Cir. 2009) (citation omitted).

"A threshold step in any antitrust case is to accurately define the relevant market, which refers to 'the area of effective competition.'" *FTC v. Qualcomm Inc.*, 969 F.3d 974, 992 (9th Cir. 2022) (quoting *Ohio v. Am. Express Co.*, 585 U.S. 529, 543 (2018)).  "The relevant market must include both a geographic market and a product market." *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1120 (9th Cir. 2018).  The relevant product market "must encompass the product at issue as well as all economic substitutes for the product." *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1045 (9th Cir. 2008) (citation omitted).  Plaintiff alleges that the relevant market is all legal services in California but does not allege any economic substitutes for the product.  (SAC ¶ 121).  Including economic substitutes ensures that the relevant product market encompasses "the group or groups of sellers or producers who have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** **CV 23-930-MWF (PDx)**                **Date:** **May 7, 2024**
**Title:**       Michael Mogan v. State Bar of California

actual or potential ability to deprive each other of significant levels of business."
*Newcal Indus.*, 513 F.3d at 1045.

Accordingly, the Motion is **GRANTED** as to Plaintiff's Sherman Act claim.

**E.**    <u>**Leave to Amend**</u>

Rule 15 requires that leave to amend "be freely given when justice so requires."
Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality."
*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The
Supreme Court identified five factors a court should consider when deciding whether
to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing
party; (4) futility of amendment; and (5) whether the plaintiff has previously amended
its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the
consideration of prejudice to the opposing party carries the greatest weight."  *Sonoma
Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013)
(quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778
F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying
leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 107 (9th Cir.
2021) (unpublished) (same).

Even though Plaintiff did not request leave to amend, the Court has considered
these *Foman* factors.  The Court determines that leave to amend should not be granted.
Even in the absence of bad faith and undue delay, the other factors all weigh against
further amendment.  Repeated amendments, of course, prejudice the State Bar by
requiring a written response.  More importantly, granting leave to amend would be
futile.  Plaintiff does not seek leave to amend, nor does he identify facts that could be
added to the SAC.  For example, Plaintiff does not argue how he would cure the
deficiency regarding his allegations that declined extensions and the choice not to
prosecute other attorneys was because of his disability.

Additionally, amendment would be futile as to Plaintiff's ADA, Section 1983,
and Sherman Act claims because of immunity under the Eleventh Amendment and
state action immunity doctrine.  Amendment would also be futile as to Plaintiff's First

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 23-930-MWF (PDx)**          **Date: May 7, 2024**
Title:      Michael Mogan v. State Bar of California

Amendment claim because Plaintiff is not required or compelled to be a member of the state bar, but rather is a licensee. Further, the Court, in the Prior Order, granted Plaintiff leave to amend and warned Plaintiff that he would only get one more opportunity to amend his complaint. (Prior Order at 10). Not only had Plaintiff previously amended his complaint, but his failure to cure the deficiencies identified proves that he has no ability to do so.

**IV.**   **CONCLUSION**

The Motion is **GRANTED** *without leave to amend* and the action is **DISMISSED**.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

# CERTIFICATE OF SERVICE

I am over 18 years old. My business address is 4803 N. Milwaukee Ave., Suite B, Unit #244, Chicago, IL 60630. I hereby certify that on June 1, 2024 I have caused the foregoing:

## FORM A-2: NOTICE OF APPEAL

to be filed and served upon counsel of record through the Court's electronic service system (ECF/CM) [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system and Plaintiff served the following person(s):

Robert G Retana                         *Served via ECF/CM*
Deputy General Counsel
Brady R. Dewar
Anik Banerjee
Assistant General Counsel
Office of General Counsel
The State Bar of California
180 Howard Street
San Francisco, CA 94105
brady.dewar@calbar.ca.gov
anik.banerjee@calbar.ca.gov
robert.retana@calbar.ca.gov

   Counsel For Defendants GEORGE CARDONA, CHRISTOPHER JAGARD, KEVIN TAYLOR, ELIZABETH STINE, LEAH T. WILSON, RUBEN DURAN, BRANDON STALLINGS, MARK BROUGHTON, RAYMOND BUENAVENTURA, HAILYN CHEN, JOSE CISCEROS, SARAH GOOD, GREGORY KNOLL, MELANIE M. SHELBY, ARNOLD SOWELL JR., MARK W TONEY and GENARO TREJO.

Patricia Guerrero                              *Served via U.S. Mail*
Chief Justice of the California Supreme Court
Carol A. Corrigan
Goodwin H. Liu
Leondra R. Krugen
Joshua P. Groban
Martin J. Jenkins
Kelli Eva
Associate Justices of the California Supreme Court
California Supreme Court
350 McAllister Street, Room 1295
San Francisco, CA 94102

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 1, 2024

                            /s/ *Michael Mogan*
                             Michael Mogan
                             Plaintiff